UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

CYNTHIA A. DeCAIRE,

                         Plaintiff,

     v.

JOHN D. ASHCROFT, in his official position as
Attorney General of the United States,

                         Defendant.
_____

**ANSWER**

04-10593WGY

Defendant, John D. Ashcroft, Attorney General of the United States, by his attorney, Glenn T. Suddaby, United States Attorney for the Northern District of New York, Barbara D. Cottrell, Assistant U.S. Attorney, of counsel, as and for an Answer to the Complaint of Plaintiff Cynthia A. DeCaire, responds as follows:

    1.     Paragraph 1 of the Complaint sets forth the Plaintiff's characterization of this action, to which no response is required. However, to the extent any response is necessary, Defendant responds as follows: Plaintiff has thirteen years tenure in the District of Massachusetts and has held the position of senior investigator and Team Leader in the Investigations unit in Boston, Massachusetts. She has received several commendations and awards during her career as a Deputy United States Marshal. In August, 2002, Anthony Dichio was appointed United States Marshal for the District of Massachusetts. Defendant denies the remaining allegations of this paragraph.

    2.     Defendant admits the allegations of paragraph 2 of the Complaint.

    3.     Defendant admits the allegations of paragraph 3 of the Complaint.

2

4. Defendant admits the allegations of paragraph 4 of the Complaint.

5. Defendant admits the allegations of paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint requires no response.

7. Defendant admits the allegations of paragraph 7 of the Complaint.

8. Defendant admits the allegations of paragraph 8 of the Complaint.

9. Defendant admits the allegations of paragraph 9 of the Complaint.

10. Defendant admits the allegations of paragraph 10 of the Complaint.

11. Defendant admits only that in 1999, Plaintiff was assigned to warrant investigations. Defendant denies the remaining allegations of paragraph 11 of the Complaint.

12. Defendant admits the allegations of paragraph 12 of the Complaint.

13. Defendant admits only that Plaintiff was one of the team leaders in the warrant squad and held that position prior to U.S. Marshal Dichio's becoming U.S. Marshal. Defendant denies the remaining allegations of paragraph 13 of the Complaint.

14. Defendant admits the allegations of paragraph 14 of the Complaint.

15. Defendant admits only that U.S. Marshal Dichio had a conversation with Plaintiff regarding her assignments. Defendant denies the remaining allegations of paragraph 15 of the Complaint.

16. Defendant admits the allegations of paragraph 16 of the Complaint.

17. Defendant admits only that Plaintiff notified U.S. Marshal Dichio regarding her interest in an investigative position in Worcester. Defendant has insufficient knowledge to form a belief as to the remaining allegation of paragraph 17 of the Complaint.

18. Defendant admits the allegations of paragraph 18 of the Complaint.

19. Defendant admits only that Marshal Dichio assigned a male deputy, Mark Lewis, to the investigative position in Worcester. Defendant is without sufficient knowledge to form a belief as to the remainder of paragraph 19 of the Complaint.

20. Defendant admits the allegations of paragraph 20 of the Complaint.

3

21. Defendant admits that Darlene DeCaire worked with the investigations unit and that she was related to Plaintiff by marriage. Defendant denies the remaining allegations of paragraph 21 of the Complaint.

22. Defendant admits the allegations of paragraph 22 of the Complaint.

23. Defendant admits only that U.S. Marshal Dichio met with Plaintiff about a transfer to the Worcester office. Defendant denies the remaining allegations of paragraph 23 of the Complaint.

24. Defendant admits the allegations of paragraph 24 of the Complaint.

25. Defendant admits the allegations of paragraph 25 of the Complaint.

26. Defendant admits the allegations of paragraph 26 of the Complaint.

27. Defendant denies the allegations of paragraph 27 of the Complaint.

28. As to paragraph 28 of the Complaint, Defendant admits only that Deputy U.S. Marshals DeCaire and Williams were assigned to rotate to court operations.

29. As to paragraph 29 of the Complaint, Defendant admits only that Plaintiff filed a complaint with the U.S. Marshals Service Human Resources Division on January 23, 2003. The court is referred to that complaint for its contents.

30. As to paragraph 30 of the Complaint, Defendant admits that Plaintiff made her initial contact with an Equal Employment Opportunity (EEO) counselor on January 23, 2003.

31. Defendant admits only that Durette learned that Plaintiff had filed an EEO complaint and a grievance. Defendant denies the remaining allegations of paragraph 31 of the Complaint.

32. Defendant denies the allegations of paragraph 32 of the Complaint.

33. Defendant denies the allegations of paragraph 33 of the Complaint.

34. Defendant admits the allegations of paragraph 34 of the Complaint.

35. Defendant admits that Plaintiff was informed that she was to transfer to court operations in Boston on February 3, 2003. Defendant denies the remaining allegations of paragraph 35 of the Complaint.

36. Defendant denies the allegations of paragraph 36 of the Complaint.

37. Defendant admits only that Plaintiff's assignment did not change when other employees were added to the unit. Defendant denies the remaining allegations of paragraph 37 of the Complaint.

38. Defendant admits only that Scott Kimball was reassigned to warrants. Defendant denies the remaining allegations of paragraph 38 of the Complaint.

39. Defendant admits only that Plaintiff expressed an interest in the position of court operations supervisor and that neither Marshal Dichio nor Chief Deputy Dimmitt responded to her e-mail. Defendant denies the remaining allegations of paragraph 39 of the Complaint.

40. Defendant admits the allegations of paragraph 40 of the Complaint.

41. Defendant admits that Deputy U.S. Marshal Sugrue was assigned to the warrant coordinator position. Defendant denies the remaining allegations of paragraph 41 of the Complaint.

42. Defendant admits the allegations of paragraph 42 of the Complaint.

43. Defendant denies the allegations of paragraph 43 of the Complaint.

44. Defendant admits only that Chief Deputy Dimmitt had a meeting with employees on or about March 17, 2003. Defendant denies the remaining allegations of paragraph 44 of the Complaint.

45. Defendant denies the allegations of paragraph 45 of the Complaint.

46. Paragraph 46 of the Complaint does not require a response.

47. Defendant denies the allegations of paragraph 47 of the Complaint.

48. Paragraph 48 of the Complaint does not require a response.

49. Defendant denies the allegations of paragraph 49 of the Complaint.

The remaining paragraphs represent Plaintiff's prayer for relief to which no response is required. to the extent a response is deemed necessary, Defendant denies that Plaintiff is entitled to any relief whatsoever.

Defendant denies each and every allegation in the Complaint not previously admitted, denied or otherwise controverted.

5

## AFFIRMATIVE DEFENSES

    1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

    2. Defendant did not discriminate against the Plaintiff on the basis of gender.

    3. Defendant did not retaliate against Plaintiff.

Respectfully submitted,

GLENN T. SUDDABY
Dated: July 7, 2004    UNITED STATES ATTORNEY
Albany, New York

BY: *Barbara D. Cottrell*

BARBARA D. COTTRELL
ASSISTANT U.S. ATTORNEY
Bar Roll No. 101411 (NDNY)
218 James T. Foley U.S. Courthouse
445 Broadway
Albany, New York 12207
(518)431-0247

    I hereby certify that a true copy of the above document was served upon Indira Talwani, Esq., via ECF, on July 7, 2004.

*Barbara D. Cottrell*
Barbara D. Cottrell
Assistant U.S. Attorney