UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNTHIA A. DECAIRE,<br><br>  Plaintiff<br><br>  vs.<br><br>JOHN D. ASHCROFT, in his official position as Attorney General of the United States.<br><br>  Defendant | C.A. No. 04-10593WGY |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
TO COMPEL PRODUCTION OF DOCUMENTS AND ANSWERS TO
INTERROGATORIES AND FOR SANCTIONS**

**I.   INTRODUCTION AND NATURE OF THE CASE**

This action brought by Plaintiff Cynthia A. DeCaire, a Deputy United States Marshal, alleges that Anthony Dichio, the United States Marshal for the District of Massachusetts, engaged in discrimination and retaliation, in violation of § 717 of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e-16.

**II.   DISCOVERY HISTORY**

On October 14, 2004, Plaintiff served by mail her First Set of Interrogatories and her First Request for Production of Documents. A copy of these discovery requests are attached hereto as Exhibits 1 and 2 respectively. To date, Plaintiff has received no written response to either the Interrogatories or Request for Production of Documents, and has received only a limited number of documents.

After receiving no discovery responses within the thirty days provided by statute, Plaintiff's counsel Indira Talwani held a discovery conference by telephone with Defendant's counsel Barbara Cottrell on Monday afternoon, November 22, 2004. Defendant's counsel explained that Defendant had no objections to either the Interrogatories or the Requests for Documents, with the exception of Document Request Number 4.[1] In that conversation, Defendant's counsel also stated that Plaintiff's counsel would receive documents (other than some that were still to be forthcoming from the Marshals Service in Washington, D.C.) the next day, and that interrogatories responses and a written response to the document request would be received by November 29, 2004.

On November 23, 2004, Plaintiff's counsel received 400 pages of documents that were partially responsive to some, but not all, of the document requests. Since the documents were not produced as they were kept in the usual course of business and were not labeled to correspond with the categories in the request, Plaintiff's counsel requested by e-mail that Defendant's counsel let her know which documents were responsive to which request. Plaintiff's counsel also confirmed by e-mail her understanding that the written responses to the interrogatories and document requests would be provided by November 29. Defendant's counsel e-mailed back, stating that she would have the discovery responses out by Federal Express the following Tuesday (November 30), and would provide the information regarding which documents were related to which requests by December 6. Defendant's counsel also confirmed that she was still awaiting additional documents from the Marshals Service in Washington, D.C. On November 30, 2004, Defendant's counsel e-mailed Plaintiff's counsel and informed her that Defendant's counsel now was attempting to have the discovery responses

---

[1] Document Request No. 4 is the subject of Plaintiff's Motion to Compel Production of EEO Complaints and Grievances of Other Employees, filed November 30, 2004.

2

out by December 5, 2004. Plaintiff's counsel confirmed by e-mail her understanding from the November 22, 2004, conference that Defendant had no objections to the interrogatories or document requests (other than Request No. 4). A copy of this string of e-mails is attached hereto as Exhibit 3.

On December 6, 2004, Defendant's counsel provided a letter to Plaintiff's counsel detailing which documents were responsive to which requests. A copy of this letter is attached as Exhibit 4. Based on that letter, Defendant has provided <u>no documents</u> at all in response to more than one-half of the total Requests. Specifically, despite having no objections (except as to Request No. 4), Defendant has not provided any documents responsive to Requests 1, 4, 8, 11, 12, 14, 15, 16, 17, 19, 22, 23, 25, 26, 27, 28, 29.[2]

On December 6, Plaintiff's counsel sought a second discovery conference regarding the unanswered Interrogatories and Document Requests. A copy of the e-mail string relating to this request is attached as Exhibit 5. Plaintiff's counsel Indira Talwani and Defendant's Counsel Barbara Cottrell conferred on Thursday, December 9, 2004, at approximately 3:00 p.m. During that conference, Defendant's Counsel confirmed that she had no additional discovery responses or documents, and was unable to provide any date certain for the written response to the Interrogatories or the Request for Production of Documents, or for the production of the remaining documents.

### III.  ANSWERS TO INTERROGATORIES

Federal Rule of Civil Procedure 33(b)(1) provides that "each interrogatory [served on another party] shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the

---

[2] Defendant's response to the remaining requests appear not to be complete. Accordingly, Plaintiff has noticed a Rule 12(b)(6) deposition to attempt to determine whether Defendant conducted a reasonable search.

extent the interrogatory is not objectionable." Rule 33(b)(3) provides further that "[t]he party upon whom the interrogatories have been served shall serve a copy of the answers, and objections, if any, within 30 days after the service of the interrogatories. A shorter or longer time may be . . . agreed to in writing by the parties . . . ." Rule 33(b)(4) provides that "[a]ll grounds for an objection to an interrogatory shall be stated with specificity." Local Rule 33.1(C)(1) provides finally that "[a]ny ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be deemed waived.

      Here, Plaintiff's counsel served the Interrogatories on October 14, 2004, and Defendant's response was due on November 16, 2004. Four weeks later, Defendant not only has failed to serve a response, but cannot confirm any firm date by which a response would be forthcoming. Plaintiff's counsel has not agreed to extend Defendant's time to respond, and instead, specifically confirmed on November 30, her understanding from the November 22 conference that Defendant was not raising any objections. At this point, Defendant has waived all objections, and the Court should grant Plaintiff's motion to compel Defendant to Answer the Plaintiff's First Set of Interrogatories.

**IV.     PRODUCTION OF DOCUMENTS**

      Federal Rule of Civil Procedure 33(b)(1) provides that "[t]he party upon whom the request [for production of documents] is served shall serve a written response within 30 days after the service of the interrogatories. A shorter or longer time may be . . . agreed to in writing by the parties . . . ." Rule 33(b)(1) provides further that "[t]he response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated." Local Rule 34.1 states that "[w]hen an objection is made to any document request . . . it shall state with specificity all grounds upon which the objecting party relies. Any ground not stated in

4

a timely objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be deemed waived."

Again, Plaintiff's counsel served the Requests for Documents on October 14, 2004, and Defendant's written response was due on November 16, 2004. Four weeks later, Defendant still has not served a written response, and has provided neither objections nor documents in response to Requests 1, 8, 11, 12, 14, 15, 16, 17, 19, 22, 23, 25, 26, 27, 28, 29. Although Defendant has produced 400 pages of documents, Defendant's counsel has also indicated that additional responsive documents do exist. Defendant also cannot confirm any firm date by which a written response or the additional documents would be forthcoming. Plaintiff's counsel has not agreed to extend Defendant's time to respond to the document request, and instead, specifically confirmed on November 30, her understanding from the November 22 conference that Defendant was not raising any objections (except as to Request No. 4).[3] At this point, Defendant has waived all other objections, and the Court should grant Plaintiff's motion to compel Defendant to produce all documents requested by Plaintiff's Request for Production of Documents.

## V.    ATTORNEYS' FEES

Federal Rule of Civil Procedure 37(a)(4) provides that

> [i]f a motion [to compel] is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

---

[3] Although Defendant did not serve a written response, Plaintiff addressed Defendant's verbal objections to Request No. 4 in her Motion to Compel filed November 30, 2004.

Here, Plaintiff's counsel expended approximately three hours to prepare this motion, and accompanying memorandum. Plaintiff's counsel regularly is compensated at between $250 and $290 per hour for such work. Plaintiff seeks $750 in attorney's fees for bringing this motion.

## VI.   CONCLUSION

For the foregoing reasons, the motion to compel should be granted and Plaintiff should be awarded her fees incurred in connection with this motion.

Respectfully submitted,

**CYNTHIA A. DeCAIRE**,

By her attorney,

___/s/ Indira Talwani_____
Indira Talwani
**SEGAL, ROITMAN & COLEMAN**
11 Beacon Street
Suite #500
Boston, MA  02108
(617) 742-0208

Dated:  December 13, 2004

6