UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNTHIA A. DECAIRE,<br><br>        Plaintiff<br><br>        vs.<br><br>JOHN D. ASHCROFT, in his official position as Attorney General of the United States.<br><br>        Defendant | C.A. No. 04-10593WGY |

## PLAINTIFF'S FIRST SET OF REQUESTS FOR DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff requests that Defendant produce the following documents for inspection and copying at the offices of Segal, Roitman & Coleman, 11 Beacon Street, Suite 500, Boston, Massachusetts, 02108, within thirty days after service of this request.

### INSTRUCTIONS AND DEFINITIONS

1.     Pursuant to Local Rule 26.5, the full text of the definitions set forth in Local Rule 26.5(C) is deemed incorporated by reference into this discovery request.

2.     Pursuant to Federal Rule of Civil Procedure 34, Defendant shall respond within thirty days after service of the request, and shall state, with respect to each item or category, that inspection will be permitted as requested, unless the request is objected to, in which event the reasons for objection shall be stated. Pursuant to Local Rule 34.1(A), the answers and objections in response to the request for document production shall be made in the order of the requests propounded, each answer, statement, or objection shall be preceded by the request to

which it responds, and each objection and the grounds therefore shall be stated separately. Pursuant to Federal Rule of Civil Procedure 34 and Local Rule 34.1(C)(2), if objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts, and no part of a document request shall be left unanswered merely because an objection is interposed to another part of the document request.

3. Pursuant to Local Rule 34.1(E), when a claim or privilege is asserted in objection to any document request, or any sub-part thereof, and any document is not provided on the basis of that assertion, the attorney asserting the privilege shall identify in the objection the nature of the privilege that is being claimed with respect to each such documents.

4. Pursuant to Federal Rule of Civil Procedure 34, Defendant shall produce the responsive documents as they are kept in the usual course of business or shall organize and label them to correspond to with the categories in the request.

5. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term. The writings included within this definition include, but are not limited to, written communications, e-mails, and notes.

6. If a document is produced in response to a Request for Production of Documents, it need not be reproduced in response to subsequent Request for Production of Documents.

**REQUESTS**

1. All documents identified in response to Plaintiff's First Set of Interrogatories.

2. Plaintiff's complete personnel record, including but not limited to all documents concerning: (a) Plaintiff's qualifications for employment, promotion, transfer, additional compensation or disciplinary action; and/or (b) Plaintiff's work history at the United States

Marshals Service, including job titles, work assignments, job location, performance evaluations, promotions, disciplinary action, or commendations;

3. All documents, written or created since August 1, 2002, which refer to Plaintiff or her EEO complaint or complaints, including all parts of the investigative files for Plaintiff's EEO complaints that were not previously produced to Plaintiff.

4. All grievances or EEO Complaints alleging that Marshal Dichio has engaged in discriminatory, retaliatory or threatening conduct, and the investigative files relating to such grievances or complaints, including but not limited to the complaints of Deputy U.S. Marshal Susan Williams, the complaint or complaints of Supervisory Deputy U.S. Marshal Alison Hodgkins, the complaint or complaints of former Assistant Chief United States Marshal Paul Durette, and the complaint or complaints of Supervisory Deputy United States Marshal Jeffrey Bohn.

5. Marshal Dichio's contemporaneous notes of his initial meetings after taking office as United States Marshal with each of his subordinates, including but not limited to the notes of his August 26, 2002, meeting with Cynthia DeCaire.

6. All documents concerning the filling of the investigative position referenced in Paragraph 16 of the Amended Complaint, including but not limited to documents concerning Deputy United States Marshal Susan Williams' interest in or qualifications for the position, documents concerning Deputy United States Marshal Mark Lewis' interest in or qualifications for the position, documents concerning the evaluation of candidates for the position, and documents concerning the decision to place Deputy United States Marshal Lewis in the position.

7. All documents concerning the transfer of Deputy Marshal McKearney out of the non-investigative position in Worcester as reference in Amended Complaint, ¶ 24.

8. All documents concerning the alleged shortage of manpower referenced in Amended Complaint, ¶ 26.

9. All documents concerning the decision in January 2003 to assign only Cynthia DeCaire and Deputy U.S. Marshal Williams to rotate to the Boston Court operations;

10. All documents concerning the decision in January or February 2003 to stop the rotation of Deputy United States Marshals to the Boston Court operations;

11. All documents concerning any meeting or meetings between Marshal Dichio and Deputy U.S. Marshal David Taylor and/or Supervisory Deputy U.S. Marshal Tom Bezanson between January 24, 2003 and February 3, 2003;

12. All documents concerning the vacancy created by a series 0082 Deputy in Boston as referenced in the Amended Complaint, ¶ 36;

13. All documents concerning the decision not to assign a Deputy other than Cynthia DeCaire to fill the vacancy in the Boston Courts Operation as referenced in the Amended Complaint, ¶ 36.

14. All documents concerning any communications between Marshal Dichio and any member of the Brockton Police Department since August 1, 2002

15. All documents concerning the filling of the opening in the Boston Warrants unit as referenced in Paragraph 40 of the Amended Complaint, including but not limited to documents concerning Deputy United States Marshal Scott Kimball's interest in or qualifications for the position, documents concerning the evaluation of candidates for the position, and documents concerning the decision to place Deputy United States Marshal Kimball in the position.

16. All documents concerning the meeting held by Chief Deputy U.S. Marshal Dimmitt referenced in the Amended Complaint, ¶ 41.

17. All documents concerning the filling of the Court Operations Supervisor position referenced in Paragraph 42 of the Amended Complaint, including but not limited to documents concerning the interest in or qualifications of any candidates for the position.

18. All documents concerning the filling of the Warrant Coordinator position referenced in Paragraph 43 of the Amended Complaint, including but not limited to documents concerning Deputy United States Marshal Paul Sugrue's interest in or qualifications for the position, documents concerning the evaluation of candidates for the position, and documents concerning the decision to place Deputy United States Marshal Sugrue in the position.

19. All documents concerning the filling of the Acting Supervisor of Court Operations position referenced in Paragraph 46 of the Amended Complaint, including but not limited to documents concerning: the identity of the female deputy with whom Assistant Chief David Taylor spoke regarding the position as referenced in Answer to Paragraph 46 of the Amended Complaint; the interest in or qualifications of that individual for the position; the evaluation of candidates for the position; or the decision to place Assistant Deputy U.S. Marshal Alison Hodkins in the position.

20. All documents concerning the filling of the Warrant Coordinator position referenced in Paragraph 46 of the Amended Complaint, including but not limited to documents concerning Deputy United States Marshal Kevin Donahue's interest in or qualifications for the position, documents concerning the evaluation of candidates for the position, and documents concerning the decision to place Deputy United States Marshal Donahue in the position.

21. All documents concerning health and safety concerns raised by any person regarding work in the Boston control room.

22. All documents concerning the assignment or assignments given to United States Deputy Marshals in the District of Massachusetts while on limited duty.

23. All documents concerning the practice at the U.S. Marshals Service prior to August 2002 for covering manpower shortages in the Boston Court Operations;

24. Job descriptions in effect at any time since August 2002 for the following positions: (a) the series 0082 position; (b) the series 1811 Criminal Investigator position; (c) the Team Leader position in Warrants; (d) the warrant coordinator position; and the (e) court operations supervisory position.

25. All documents describing the policy or policies of the Marshals Service (as a whole and/or within the District of Massachusetts) regarding discrimination on the basis of gender and/or retaliation against employees who complain about such discrimination.

26. All documents describing the policy or policies of the Marshals Service (as a whole and/or within the District of Massachusetts) concerning limited duty assignments.

27. All documents describing the policy or policies of the Marshals Service (as a whole and/or within the District of Massachusetts) concerning the use of seniority in connection with assignments, transfers, promotions, or similar employment actions.

28. All form SF50's for any employee of the Marshals Service in the District of Massachusetts dated at any time since August 1, 2002.

29. The logs showing which individuals accessed the basement of the Federal Courthouse in Boston during the week of February 24, 2003, and the time of such access.

                                                            /s/ Indira Talwani
                                                           Indira Talwani
BBO # 645577
**SEGAL, ROITMAN & COLEMAN**
11 Beacon Street
Suite #500
Boston, MA 02108
(617) 742-0208

Dated: October 14, 2004

6

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **PLAINTIFF'S FIRST SET OF REQUESTS FOR DOCUMENTS** has been served upon Defendant John D. Ashcroft, in his official position as Attorney General of the United States, by service upon the attorney of record for the Defendant, Barbara Cottrell, Assistant United States Attorney, Northern District of New York, 218 James T. Foley United States Courthouse, 445 Broadway, Albany, New York, by mail, postage prepaid, this 14th day of October, 2004.

_____/s/ Indira Talwani_____
Indira Talwani

L:\ITalwani\decaire\districtcourt\discovery\REQUESTFORDOCUMENTS1.doc