UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CYNTHIA A. DECAIRE, <br><br> Plaintiff <br><br> vs. <br><br> JOHN D. ASHCROFT, in his official position as Attorney General of the United States. <br><br> Defendant | C.A. No. 04-10593WGY |

### MEMORANDUM IN SUPPORT OF AMENDED MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ANSWERS TO INTERROGATORIES AND FOR FEES BY PLAINTIFF CYNTHIA A. DECAIRE

**I.   INTRODUCTION**

This action brought by Plaintiff Cynthia A. DeCaire, a Deputy United States Marshal, alleges that Anthony Dichio, the United States Marshal for the District of Massachusetts, engaged in discrimination and retaliation, in violation of § 717 of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e-16.  This motion has been brought following Defendant's failure to respond to Plaintiff's discovery in a timely fashion.

**II.   DISCOVERY HISTORY**

On October 14, 2004, Plaintiff served by mail her First Set of Interrogatories and her First Request for Production of Documents.  A copy of these discovery requests are attached hereto as Exhibits 1 and 2 respectively.  To date, Defendant has not served answers or objections to the Interrogatories and has not served a written response to the request for Production of Documents.

On November 22, 2004, because Defendant had not yet provided any response to the written discovery, Plaintiff postponed three depositions she had noticed for November 23, 2004. Those three depositions, as well as a fourth deposition, are now scheduled for January 5, 6 and 12, 2004.

On November 23, 2004, Plaintiff received a limited number of documents in response to the Request for Production of Documents. The documents were not produced as they were kept in the usual course of business and were not labeled to correspond with the categories in the request. Defendant's counsel provided a letter to Plaintiff's counsel that attempted to describe which documents were responsive to which requests. A copy of this letter is attached hereto as Exhibit 3. Based on that letter, Defendant has provided <u>no documents</u> at all in response to Requests 1, 4, 8, 11, 12, 14, 15, 16, 17, 19, 22, 23, 25, 26, 27, 28, 29. As Defendant's counsel explained, however, "this assessment is based upon [her] own judgment as [she] did not receive the documents from the agency in any order whatsoever." Exhibit 3, at 1.

The documents that were produced appeared on their face to be incomplete. For example, although Plaintiff requested her personnel file in Request No. 2, and although Defendant has admitted that Plaintiff received a Superior Accomplishment Award for her work as the Acting Supervisor in the Worcester sub-office (<u>see</u> First Amended Complaint, ¶ 12; First Amended Answer, ¶ 12), the Award was missing from the documents provided to Plaintiff. In addition, it appears that there are numerous responsive e-mails that also were not produced.

On November 30, 2004, Plaintiff's counsel noticed the deposition of the United States Marshals Service pursuant to Federal Rule of Civil Procedure 30(b)(6) regarding "the search undertaken by the Defendant to locate documents (including e-mails) requested in Plaintiff's First Request for Production of Documents." A copy of this Deposition Notice is attached hereto as Exhibit 4.

At the Rule 30(b)(6) deposition taken on December 14, 2004, Defendant designated William Fallon, Chief Deputy United States Marshal, to testify on its behalf. Chief Fallon testified that he did not review Plaintiff's Request for Production of Documents at any time prior to the deposition. He testified further that he was only requested by the Marshals Services headquarters in Washington D.C. to provide any documents, e-mails, notes or other documents relating to Plaintiff, plus her personnel file. He testified further that in response to this request, he sent an e-mail to US Marshal Dichio, Assistant Chief United States Marshal Dave Taylor, Administrative Officer William Ryan, Supervisory Deputy United States Marshal Paul Dunne, Supervisory Deputy United States Marshal Thomas Bezanson, and Supervisory Deputy United States Marshal Allison Hodgkins. See Agreed Upon Statement and attached e-mail, attached hereto as Exhibit 5.

The e-mail that Chief Fallon sent out searching for documents is dated August 17, 2004, two months before the Request for Documents was served. See Attachment to Exhibit 5. It states that they had been asked to "forward any records relating to DUSM DeCaire. These will include Emails, notes and anything else which might assist the GOV in its defense of this claim." Id. (emphasis added).

Chief Fallon also testified that in conducting his search for documents he did not contact either the regional or Massachusetts person responsible for information technology for any assistance in conducting a computer search. See Exhibit 5.

Chief Fallon testified further that he was unaware of what search for documents had been conducted by the United States Marshal Service in Washington, D.C. The Defendant did not designate any additional witness to testify as to that search. See Exhibit 5.

Attorney Barbara Cottrell stipulated on behalf of the Defendant that all of the documents produced to Plaintiff in response to her First Request for Production of Documents were from the

3

documents gathered by Chief Fallon except for pages 381-401, documents responsive to Plaintiff's request for Marshal Dichio's notes, which were produced by Marshal Dichio directly. See Exhibit 5; see also Exhibit 3, at 1-2.

### III. DISCOVERY CONFERENCES AND ATTEMPTS TO RESOLVE THIS MATTER

After receiving no discovery responses to either the Interrogatories or the Requests for Production of Documents within the thirty days provided by statute, Plaintiff's counsel Indira Talwani held a discovery conference by telephone with Defendant's counsel Barbara Cottrell on Monday afternoon, November 22, 2004. Defendant's counsel stated that Defendant had no objections to either the Interrogatories or the Requests for Documents, with the exception of Document Request Number 4.[1] Defendant's counsel also stated that Plaintiff's counsel would receive documents (other than some that were still to be forthcoming from the Marshals Service in Washington, D.C.) the next day, and that interrogatories responses and a written response to the document request would be received by November 29, 2004.

On November 23, 2004, Plaintiff's counsel confirmed by e-mail her understanding that the written responses to the interrogatories and document requests would be provided by November 29. Defendant's counsel e-mailed back, stating that she would have the discovery responses out by Federal Express the following Tuesday (November 30). Defendant's counsel also confirmed that she was still awaiting additional documents from the Marshals Service in Washington, D.C. On November 30, 2004, Defendant's counsel e-mailed Plaintiff's counsel and informed her that Defendant's counsel now was attempting to have the discovery responses out by December 5, 2004. Plaintiff's counsel confirmed by e-mail her understanding from the November 22, 2004, conference that Defendant had no objections to the interrogatories or

---

[1] Document Request No. 4 is the subject of Plaintiff's Motion to Compel Production of EEO Complaints and Grievances of Other Employees, filed November 30, 2004.

4

document requests (other than Request No. 4). A copy of this string of e-mails is attached hereto as Exhibit 6.

In her December 6, 2004, letter detailing which documents were responsive to which requests, Defendant's counsel stated that "[w]ith the exception of request #4 . . . any document request for which there is currently no response has been referred to the agency for follow-up and/or confirmation that the documents requested do not exist." Exhibit 3, at 1. She stated further that "[a]s additional materials are received from the agency, those that are responsive to Plaintiff's First Document Request will be forwarded to [Plaintiff's counsel]." Id. at 3. Since the November 30 production and this December 6 letter, however, Defendant has produced no additional documents.

On December 6, Plaintiff's counsel sought a second discovery conference regarding the unanswered Interrogatories and Document Requests. A copy of the e-mail string relating to this request is attached as Exhibit 7. Plaintiff's counsel Indira Talwani and Defendant's Counsel Barbara Cottrell conferred on Thursday, December 9, 2004, at approximately 3:00 p.m. During that conference, Defendant's Counsel confirmed that she had no additional discovery responses or documents, and was unable to provide any date certain for the written response to the Interrogatories or the Request for Production of Documents, or for the production of the remaining documents.

On December 14, 2004, following the Rule 30(b)(6) deposition at which Chief Fallon testified to the limited search he had conducted locally, and at which no witness testified as to any search for documents conducted by the United States Marshals Service in Washington, D.C., Plaintiff's counsel Indira Talwani and Defendant's counsel Barbara Cottrell conferred again. Again, although Attorney Cottrell raised no objections to the Interrogatories or further objections

5

to the Document Requests, she could not give any firm date for Defendant's answers, responses, or the production of documents.

**III.    FAILURE FO SERVE ANSWERS TO INTERROGATORIES OR TO RESPOND TO REQUEST FOR PRODUCTION OF DOCUMENTS**

Federal Rule of Civil Procedure 33(b)(3) provides that "[t]he party upon whom the interrogatories have been served shall serve a copy of the answers, and objections, if any, within 30 days after the service of the interrogatories. . . . ."   Similarly, Rule 33(b)(1) provides that "[t]he party upon whom the request [for production of documents] is served shall serve a written response within 30 days after the service of the interrogatories. . . . "   Rule 37(d) provides that "[i]f a party . . . fails . . . (2) to serve answers or objections to interrogatories submitted under Rule 33 . . . , or (3) to serve a written response to a request for inspection submitted under Rule 34 . . . the court . . . may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule."   Local Rule 33.1(C)(1) and Local Rule 34.1(C)(1) each provides finally that "[a]ny ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be deemed waived."

Here, Plaintiff's counsel served the Interrogatories and Requests for Production of Documents on October 14, 2004, and Defendant's answers and written response were due on November 16, 2004.  Four weeks after that due date and more than eight weeks after service, Defendant not only has failed to serve answers or a written response, but cannot confirm any firm date by which a response would be forthcoming.  Accordingly, Plaintiff is entitled to an order under Rule 37(d).  Since Defendant at this point has waived all objections and has caused considerable delay, Defendant should be ordered: (1) to answer each Interrogatory fully and without objection within seven days of the Court's order; (2) to serve a written response to

6

Plaintiff's First Request for Production of Documents, stating that as to Requests 1-3 and 5-29, inspection will be permitted without objection within seven days of the Court's order; (3) to permit inspection of all documents requested in Requests 1-3 and 5- 29 of Plaintiff's First Request for Production of Documents within seven days of the Court's order; and (4) if such answers and written response are not served within the required time or if inspection of documents is not permitted within the required time, that Defendant's failure should be treated as contempt of court.

**IV.    FAILURE TO CONDUCT A REASONABLE SEARCH FOR DOCUMENTS**

It is a fundamental, if implicit, requirement of our discovery system that a reasonable inquiry be undertaken in response to discovery requests.  See Federal Rule of Civil Procedure 26(b)(1) ("[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defenses of any party . . . )   Here, Plaintiff's Rule 30(b)(6) deposition of the Defendant concerning "the search undertaken by the Defendant to locate documents (including e-mails) requested in Plaintiff's First Request for Production of Documents" (see Notice of Deposition, Exhibit 4) establishes that Defendant has failed to conduct that search.

Chief William Fallon was designated by the District of Massachusetts for the Rule 30(b)(6) deposition to testify on the search undertaken by the Defendant.  With regard to the District of Massachusetts, his testimony establishes that: (1) he had no knowledge of the nature or scope of the Request for Production of Documents; (2) the request to him from Headquarters regarding the search was made in August, 2004, prior to Plaintiff's service of the Request for Production of Documents, and not in response to that Request; (3) the search for documents was limited to records "which might assist the GOV in its defense of this claim" rather than the documents sought by the Plaintiff; and (4) no search of computer records by any person charged with responsibility for Information Technology was undertaken in the District of Massachusetts

response to Plaintiff's Request for Production of Documents. Attachment to Exhibit 5 (Emphasis added). Chief Fallon had no knowledge as to what search, if any, had been conducted by the United States Marshals Service in Washington, D.C., and despite the Rule 30(b)(6) deposition notice, no other witness was designated by the Defendant to testify as to that issue.

Based on this testimony, taken more than eight weeks after the service of the Request for Production of Documents, Defendant has failed to undertake the reasonable search required by the Federal Rules of Civil Procedure. Accordingly, the Court should order Defendant to conduct a diligent search for documents responsive to Requests 1-3 and 5-29 of Plaintiff's First Request for Production of Documents, including conducting a computer search for requested documents, including e-mails and to provide an affidavit or affidavits detailing that search.

## V.    EXPENSES

Federal Rule of Civil Procedure 37(a)(4) provides that

> [i]f a motion [to compel] is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Rule 37(d) provides further that where a party has failed to serve answers to Interrogatories or written responses to a Request for Production of Documents:

> In lieu of any order or in addition thereto, the court shall require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Here, Plaintiff's counsel expended approximately seven hours to prepare this motion and accompanying memorandum, and another hour on the Rule 30(b)(6) deposition. Plaintiff's

8

counsel regularly is compensated at between $250 and $290 per hour for such work. Plaintiff seeks $2000 in attorney's fees for bringing this motion. In addition, Plaintiff seeks the reasonable cost of the deposition transcript for the Rule 30(b)(6) deposition.

## VI. CONCLUSION

For the foregoing reasons, the motion to compel should be granted and Plaintiff should be awarded expenses incurred in connection with this motion.

Respectfully submitted,

**CYNTHIA A. DeCAIRE**,

By her attorney,

\_\_\_/s/\_ Indira Talwani_____
Indira Talwani
**SEGAL, ROITMAN & COLEMAN**
11 Beacon Street
Suite #500
Boston, MA  02108
(617) 742-0208

Dated:  December 15, 2004