**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
_____

**CYNTHIA A. DeCAIRE,**
                                    **Plaintiff,**
        **v.**                                              **Civ. Action No. 04-10593WGY**

**JOHN D. ASHCROFT, in his official**
**position as Attorney General of the**
**United States,**
                                    **Defendant.**


--------------------------------------------------------

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF EEO COMPLAINTS AND GRIEVANCES OF OTHER EMPLOYEES AND INVESTIGATIVE FILES AND FOR FEES

Defendant John D. Ashcroft, in his official position as Attorney General of the United States, Glenn T. Suddaby, United States Attorney for the Northern District of New York, of counsel, hereby opposes Plaintiff's Motion to Compel Production of EEO Complaints and Grievances of other Employees and Investigative Files and for Fees for the reasons set forth herein.

### MEMORANDUM OF REASONS

The Privacy Act, 5 U.S.C. § 552a, prohibits the discovery of "any record which is contained in a system of records," 5 U.S.C. § 552a(a)(5), to any person outside an agency without the prior written consent of the person to whom the information pertains, unless the disclosure comes within one of twelve specific exemptions. 5 U.S.C. § 552a(b). If an agency violates this provision and the unlawful disclosure adversely affects an individual, he may bring a civil suit for money damages. 5 U.S.C. § 552a(g)(1)(D).

Here, Plaintiff seeks "[a]ll grievances or EEO Complaints alleging that Marshal Dichio

2

has engaged in discriminatory, retaliatory or threatening conduct, and the investigative files relating to such grievances or complaints, including but not limited to the complaints of Deputy U.S. Marshal Susan Williams, the complaint or complaints of Supervisory Deputy U.S. Marshal Alison Hodgkins, the complaint or complaints of former Assistant Chief United States Marshal Paul Durette, and the complaint or complaints of Supervisory Deputy United States Marshal Jeffrey Bohn." Plaintiff's First Request for Documents, p. 3, para. 4.

Plaintiff does not allege that she sought or was denied the written consent of the above-named parties to release of the requested documents, prior to subjecting the government to potential sanctions for any unauthorized disclosure under the Act. Each of these individuals is available for deposition by either party regarding the nature of any complaints lodged by them.

Particularly where a disclosure request has been preceded by the unnecessary disclosure of information to the press [see affidavit of Barbara D. Cottrell and exhibit 1 attached thereto], the government respectfully takes the position that it has a heightened responsibility to protect the privacy rights of non-parties to the action. Moreover, the referenced EEO complaint of Deputy United States Marshal Jeffrey Bohn is currently under investigation and is incomplete. See affidavit of Barbara D. Cottrell.

Additionally, while a plaintiff may call witnesses in the same protected class to testify about discriminatory acts against them, there must be a showing that the witness and plaintiff are similarly situated. Plaintiff summarily states that "[t]he discovery sought is for all complaints, grievances and investigative files relating to the same decisionmaker, Marshal Dichio." Plaintiff makes no showing, however, that her characterization of Marshal Dichio as the "decisionmaker" in any or all of the referenced complaints is anything more than speculation. Plaintiff makes no showing that any of the individuals named above were subject to the same line of supervision at

3

the time of their complaints or that they were otherwise similarly situated, i.e., that each suffered

an adverse action similar to any alleged by Plaintiff.  Finally, plaintiff does not allege that the

files in and of themselves would be relevant or admissible at trial.  Accordingly, to the extent

that plaintiff has the wherewithal to obtain arguably relevant information either by written

consent of non-parties to release of the requested files or through the testimony of the witnesses

themselves as to the nature of their complaints, the government should not be compelled to

provide the requested files absent a showing that the file itself would be relevant and admissible

at trial.  *See* <u>Pleasants v. Allbaugh</u>, 208 F.R.D. 7, 12 (D.C.D.C. 2002)(that a document is subject

to the Privacy Act does affect the *manner* in which discovery should proceed.)

Assuming *arguendo*, that this Court orders production of the requested documents

pursuant to 5 U.S.C. § 552a(b)(11), the Defendant respectfully requests that the Court first

undertake *in camera* inspection of the documents to assess the suitability of said documents for

release.  Additionally, as the government has a legitimate interest in the protection of the Privacy

Act rights of its non-party employees, given disclosures already made in this matter to the press

and plaintiff's choice not to avail herself of other means by which to obtain any arguably

relevant information, costs should not be assessed against the Defendant.

Respectfully submitted,

GLENN T. SUDDABY
UNITED STATES ATTORNEY
Northern District of New York

BY: _____/s/_____
BARBARA D. COTTRELL
Assistant U.S. Attorney
Bar Roll No. 101411 (NDNY)
445 Broadway
Room 218
Albany, New York 12207

4

Dated: December 15, 2004

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF EEO COMPLAINTS AND GRIEVANCES OF OTHER EMPLOYEES AND INVESTIGATIVE FILES AND FOR FEES has been served upon Plaintiff Cynthia A. DeCaire, by service upon the attorney of record for the Plaintiff, Indira Talwani, Segal, Roitman & Coleman, 11 Beacon Street, Suite #500, Boston, MA 02108, by CMF filing on December 15, 2004, and by mail, postage prepaid, on December 16, 2004.

_____/s/_____
Barbara D. Cottrell