UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNTHIA A. DECAIRE,<br><br>            Plaintiff<br><br>      vs.<br><br>JOHN D. ASHCROFT, in his official position as Attorney General of the United States.<br><br>            Defendant | C.A. No. 04-10593WGY |

**REQUEST FOR CLARIFICATION AND/OR RECONSIDERATION OF COURT'S ORDER OF DECEMBER 16, 2004  BY PLAINTIFF CYNTHIA A. DECAIRE**

Plaintiff Cynthia A. DeCaire respectfully requests clarification and/or reconsideration of the Court's order of December 16, 2004.  In support of this request, Plaintiff states as follows:

**I.      SUMMARY OF DISCOVERY MOTIONS**

Pursuant to Local Rule 37.1, on November 22, 2004, the parties conferred to narrow discovery disputes related to Defendant's failure to respond to Plaintiff's written discovery requests.  Defendant's counsel stated to Plaintiff's counsel that Defendant objected to Plaintiff's discovery request seeking production of certain grievances and EEO documents, but that Defendant had no objection to the remaining requests for production of documents and interrogatories.  Defendant's counsel assured Plaintiff's counsel that except as to the requested grievance and EEO documents, the remaining written discovery responses and documents would be forthcoming.  They were not.  Since the November 22, 2004, discovery conference, Plaintiff has filed three discovery related motions (hereinafter, the First Motion, the Second Motion and the Amended Motion), which may have inadvertently caused confusion.

1.	On November 30, 2004, Plaintiff filed the First Motion, seeking to compel production of the grievance and EEO documents to which Defendant had objected. See Docket #10. As noted in that motion, Plaintiff proposed and Defendant rejected entering into a protective order to address Defendant's Privacy Act concerns. In a Response filed December 15, 2004, the Defendant suggested that if necessary, the Court should undertake in camera review. See Docket #16. The First Motion, which is the only motion addressing discovery to which Defendant has objected, remains pending before the Court. The Court has not yet acted on this Motion.

2.	On December 13, 2004, Plaintiff filed its Motion to Compel Production of Documents and Answers to Interrogatories and for Fees (the Second Motion). See Docket #12. Although Defendant has had no objections to the written discovery other than as to the grievances and EEO documents, Defendant simply had not fulfilled its discovery obligations. Most notably, Defendant has not served answers to the interrogatories or written discovery responses. The Second Motion sought an order requiring Defendant to serve interrogatory answers and a written response to Plaintiff's document request, and an order compelling production of the remaining requested documents (not including the EEO and grievance documents which were subject to the first motion). This Second Motion was terminated when Plaintiff filed the Amended Motion on December 15, 2004. See Docket Entry (12/16/04).

3.	On December 15, 2004, following a Rule 30(b)(6) deposition concerning the search for documents undertaken by Defendant, Plaintiff amended the Second Motion to address the need for a reasonable search. See Docket #14. This Amended Motion sought an order directing Defendant to serve answers to Plaintiff's First Set of Interrogatories and to serve a written response to Plaintiff's First Request for Production of Documents, directing Defendant to conduct a diligent search for documents responsive to the First Request for Production of

2

Documents (except as to the request for EEO and grievance documents that were the subject of the Motion to Compel EEO Documents), directing Defendant to provide an affidavit or affidavits detailing the search conducted for documents responsive to requests other than the EEO document request, and directing Defendant to produce the documents other than the EEO documents subject to the other Motion.

## II.     THE COURT'S ORDER

The Court's order of December 16, 2004 states "ELECTRONIC ORDER entered RE: [14] Amended Motion to Compel.  MOTION ALLOWED TO THE EXTENT OF REQUIRING IN CAMERA PRODUCTION.  NO COSTS."  See  Docket Entry (12/16/04).   As set forth, the Order does not address Plaintiff's First Motion (Docket #12) seeking EEO documents and grievances, and instead requires Defendant to produce for in camera review those documents as to which Defendant has no objection but has simply not yet located or produced.   The Order also does not address Plaintiff's request that Defendant serve Answers to Interrogatories, and that it be directed to conduct a reasonable search for documents.

## III.    REQUEST FOR CLARIFICATION

Plaintiff does not disagree with the appropriateness of initial in camera review of the EEO documents and grievances.  In the event that the Court's order is intended to cover those documents rather than the documents sought by the Amended Motion, Plaintiff respectfully requests that the Order be clarified to refer to Docket #10, Plaintiff's [First] Motion to Compel, rather than to Docket #14.

## IV.    REQUEST IN THE ALTERNATIVE FOR RECONSIDERATION

If the Court intended the Order as set forth on the docket sheet, so that all other discovery be subject to in camera review, Plaintiff's counsel can only surmise the possible basis for such an order to be Defendant's implicit suggestion that Plaintiff has had inappropriate contact with the

press and was responsible for the presence of *Boston Globe* reporters outside the office on the first day of Marshal Anthony Dichio's deposition. As set forth in the attached Affidavits, neither Plaintiff's counsel nor Plaintiff had any role in notifying the press of the deposition. Accordingly, in the event that the Court intended to limit all discovery in this action by requiring in camera review of documents as to which Defendant has not objected, Plaintiff respectfully requests reconsideration.

    Respectfully submitted,

    **CYNTHIA A. DeCAIRE**,

    By her attorney,

    _____/s/ Indira Talwani_____
    Indira Talwani
    **SEGAL, ROITMAN & COLEMAN**
    11 Beacon Street
    Suite #500
    Boston, MA  02108
    (617) 742-0208

Dated:  December 17, 2004