UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNTHIA A. DECAIRE,<br><br>            Plaintiff<br><br>            vs.<br><br>JOHN D. ASHCROFT, in his official position as Attorney General of the United States.<br><br>            Defendant | C.A. No. 04-10593WGY |

**AFFIDAVIT OF INDIRA TALWANI IN
SUPPORT OF PLAINTIFF'S REQUEST FOR CLARIFICATION AND/OR
RECONSIDERATION OF COURT'S ORDER OF DECEMBER 17, 2004 BY PLAINTIFF
CYNTHIA A. DECAIRE**

I, Indira Talwani, declare:

1. I am a partner in the law firm of Segal, Roitman & Coleman, and a member of the bar in good standing of the Commonwealth of Massachusetts, the State of California, the bars of the United States District Court for the District of Massachusetts, and the Northern, Eastern and Central Districts of California, and the bars of the United States Court of Appeals for the First and Ninth Circuit. I am the attorney of record for Plaintiff Cynthia A. DeCaire in the above-captioned matter.

2. On October 1, 2004, I noticed the deposition of Anthony Dichio for October 26, 2004 to take place at the offices of Segal, Roitman & Coleman.

3. On October 26, 2004, the morning of the deposition, *The Boston Globe* ran a story concerning Marshal Dichio's attendance at work during a period of surveillance by *Globe* reporters.

4. Plaintiff's deposition of Marshal Dichio began as scheduled. When I returned from our lunch break, however, I learned for the first time that a reporter from *The Boston Globe* had been watching our office door waiting for Marshal Dichio. I had not alerted anyone at *The Boston Globe* or at any other media outlet of the deposition, and I did not direct or suggest to anyone else to do so. I have no knowledge as to how the reporters learned of the deposition or its location. I learned later that the reporter was attempting to obtain a reaction from Marshal Dichio regarding the allegations in that morning's story.

5. I responded to Marshal Dichio's sensitivity about possible contact with the press by: (1) agreeing to suspend the deposition on October 26, 2004 after learning that the press had been waiting for Marshal Dichio; and (2) after discussion with counsel, agreeing to resume the deposition at the Federal Courthouse rather than at my office. In accordance with this agreement, Marshal Dichio's deposition resumed on December 14, 2004, in a room in the Federal Courthouse.

6. In connection with the Motion for Production of EEO complaints, grievances and investigative files, I offered to Defendant that the parties stipulate to a protective order. Defendant's counsel responded that the matter could not be resolved by a protective order.

Signed under the penalties of perjury this 17th day of December, 2004, in Boston, Massachusetts.

                                                        __/s/ Indira Talwani_____
                                                           Indira Talwani