UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

CYNTHIA A. DeCAIRE,
                Plaintiff,

v.                              Civ. Action No. 04-10593WGY

JOHN D. ASHCROFT, in his official
position as Attorney General of the
United States,
                Defendant.

-----------------------------------------------------

## AFFIDAVIT

BARBARA D. COTTRELL hereby states:

1) that she represents the defendant herein on behalf of Glenn T. Suddaby, United States Attorney for the Northern District of New York;

2) that this Affidavit has been submitted to Plaintiff along with Defendant's Response to Plaintiff's First Set of Interrogatories and Request for Production of Documents in accordance with an Order of the Court entered on January 5, 2005, and is provided to the Court as notice of Defendant's compliance with its Order;

3) that Management personnel in Boston were once again requested by me to review their archived email files for relevant documentation. As I anticipated in a previous affidavit addressed to discovery issues, it appears that all relevant documents in the possession of the USMS have been produced;

4) that I have been advised by the USMS that the Boston office transitioned from Groupwise to Microsoft Outlook for email systems between August 12th and 25th 2004. At the time of the changeover, although it was technically possible to transfer saved email messages

2

from Groupwise to Outlook, USMS employees were encouraged by Information Technology personnel at USMS Headquarters to delete retained Groupwise email messages. These deleted messages are not recoverable within the Outlook system. The USMS has further advised me that in order to conduct a "name search" of Groupwise messages contained in Groupwise backup files, each user name must be individually searched, and each user's now expired Groupwise password must be provided to IT personnel in order to gain access to the email. If the name searched was included as part of a group, i.e., all Deputy U.S. Marshals, or all Deputies assigned to a particular location, a name search will recover each of these messages, regardless of its content. Although a name search for the relevant period could be completed in two or three days time, the compilation and review of the voluminous number of documents obtained, many of which will not have a recognizable context, will require considerably more time. Additionally, I am advised that due to the age of the messages sought and the limited retention period prescribed by the USMS, it is likely that many archived documents will have been overwritten.

5) that based upon the information provided to me by USMS personnel both in Boston and at Headquarters in Washington, D.C., the volume of email traffic previously provided and the fact that no new messages were recovered after a second search of the existing Outlook system, I submit to the Court that the government has conducted a diligent and reasonable email search for documents responsive to plaintiff's request for production of documents. Members of management have reviewed provided email messages during the course of the deposition process and have been able to place the messages in context and testify as to their contents. These personnel will all be available to testify at any trial of this matter, and can be questioned as to the existence and/or content of any unproduced email item for which plaintiff can establish a foundation.

3

6) that with regard to plaintiff's request for the logs showing which individuals accessed the basement of the Federal Courthouse in Boston during the week of February 24, 2003, and the time of such access, I was first advised by the USMS that no documents could be retrieved for dates prior to April 2003. I was thereafter advised that the requested retrieval was in fact possible, but that assigned IT personnel in Boston were unable to perform the recovery. At my direction, ADT, the company that installed and maintained the system, is scheduled to attempt to recover the requested information (which was modified on February 4, 2005, because of the volume of data involved) on February 7 and 8. Should the data not be able to be recovered locally, the USMS has contacted the system manufacturer in Boca Raton, Florida, to arrange to forward the hard drive to the manufacturer by overnight mail for data retrieval. The manufacturer has advised that once the hard drive is received, the recovery process will take approximately ten days to complete.

_____/s/_____
BARBARA D. COTTRELL
Assistant U.S. Attorney
Bar Roll No. 101411 (NDNY)
445 Broadway
Room 218
Albany, New York 12207

Dated: February 4, 2005