UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

CYNTHIA A. DeCAIRE,

                           Plaintiff,

                v.

JOHN D. ASHCROFT, in his official position as
Attorney General of the United States,

                           Defendant.

**FIRST AMENDED ANSWER**

04-10593WGY

      Defendant, John D. Ashcroft, Attorney General of the United States, by his attorney, Glenn T. Suddaby, United States Attorney for the Northern District of New York, Barbara D. Cottrell, Assistant U.S. Attorney, of counsel, as and for a First Amended Answer to the First Amended Complaint of Plaintiff Cynthia A. DeCaire, responds as follows:

      1.      Paragraph 1 of the First Amended Complaint sets forth the Plaintiff's characterization of this action, to which no response is required. However, to the extent any response is necessary, Defendant responds as follows: Plaintiff has thirteen years tenure in the District of Massachusetts and has held the position of senior investigator and Team Leader in the Investigations unit in Boston, Massachusetts. She has received several commendations and awards during her career as a Deputy United States Marshal. In August, 2002, Anthony Dichio was appointed United States Marshal for the District of Massachusetts. Defendant denies the remaining allegations of this paragraph.

    2.    Defendant admits the allegations of paragraph 2 of the First Amended Complaint.

    3.    Defendant admits the allegations of paragraph 3 of the First Amended Complaint.

    4.    Defendant admits the allegations of paragraph 4 of the First Amended Complaint.

    5.    Defendant admits the allegations of paragraph 5 of the First Amended Complaint.

    6.    As to paragraph 6 of the First Amended Complaint, Defendant admits only that Plaintiff filed a second EEO complaint with the U.S. Marshals' Service.

    7.    Defendant admits the allegations of paragraph 7 of the First Amended Complaint.

    8.    Defendant admits the allegations of paragraph 8 of the First Amended Complaint.

    9.    Defendant admits the allegations of paragraph 9 of the First Amended Complaint.

    10.    Defendant admits the allegations of paragraph 10 of the First Amended Complaint.

    11.    Defendant admits only that in 1999, Plaintiff was assigned to warrant investigations. Defendant denies the remaining allegations of paragraph 11 of the First Amended Complaint.

12. Defendant admits the allegations of paragraph 12 of the First Amended Complaint.

13. Defendant admits only that Plaintiff was one of the team leaders in the warrant squad and held that position prior to U.S. Marshal Dichio's becoming U.S. Marshal. Defendant denies the remaining allegations of paragraph 13 of the First Amended Complaint.

14. Defendant admits the allegations of paragraph 14 of the First Amended Complaint.

15. Defendant admits only that U.S. Marshal Dichio had a conversation with Plaintiff regarding her assignments. Defendant denies the remaining allegations of paragraph 15 of the First Amended Complaint.

16. Defendant admits the allegations of paragraph 16 of the First Amended Complaint.

17. Defendant admits only that Plaintiff notified U.S. Marshal Dichio regarding her interest in an investigative position in Worcester. Defendant has insufficient knowledge to form a belief as to the remaining allegation of paragraph 17 of the First Amended Complaint.

18. Defendant admits the allegations of paragraph 18 of the First Amended Complaint.

19. Defendant admits only that Marshal Dichio assigned a male deputy, Mark Lewis, to the investigative position in Worcester. Defendant is without sufficient knowledge to form a belief as to the remainder of paragraph 19 of the First Amended Complaint.

20. Defendant admits the allegations of paragraph 20 of the First Amended Complaint.

21. Defendant admits that Darlene DeCaire worked with the investigations unit and that she was related to Plaintiff by marriage. Defendant denies the remaining allegations of paragraph 21 of the First Amended Complaint.

22. Defendant admits the allegations of paragraph 22 of the First Amended Complaint.

23. Defendant admits only that U.S. Marshal Dichio met with Plaintiff about a transfer to the Worcester office. Defendant denies the remaining allegations of paragraph 23 of the First Amended Complaint.

24. Defendant admits the allegations of paragraph 24 of the First Amended Complaint.

25. Defendant admits the allegations of paragraph 25 of the First Amended Complaint.

26. Defendant admits the allegations of paragraph 26 of the First Amended Complaint.

27. Defendant denies the allegations of paragraph 27 of the First Amended Complaint.

28. As to paragraph 28 of the First Amended Complaint, Defendant admits only that Deputy U.S. Marshals DeCaire and Williams were assigned to rotate to court operations.

29. As to paragraph 29 of the First Amended Complaint, Defendant admits only that Plaintiff filed a complaint with the U.S. Marshals Service Human Resources Division on January 23, 2003. The court is referred to that complaint for its contents.

30. As to paragraph 30 of the First Amended Complaint, Defendant admits that Plaintiff made her initial contact with an Equal Employment Opportunity (EEO) counselor on January 23, 2003.

31. Defendant admits only that Durette learned that Plaintiff had filed an EEO complaint and a grievance. Defendant denies the remaining allegations of paragraph 31 of the First Amended Complaint.

32. Defendant denies the allegations of paragraph 32 of the First Amended Complaint.

33. Defendant denies the allegations of paragraph 33 of the First Amended Complaint.

34. Defendant denies the allegations of paragraph 34 of the First Amended Complaint.

35. Defendant admits the allegations of paragraph 35 of the First Amended Complaint.

36. Defendant admits that Plaintiff was informed that she was to transfer to court operations in Boston on February 3, 2003. Defendant denies the remaining allegations of paragraph 36 of the First Amended Complaint.

37. Defendant denies the allegations of paragraph 37 of the First Amended Complaint.

38. Defendant admits only that Plaintiff's assignment did not change when other employees were added to the unit. Defendant denies the remaining allegations of paragraph 38 of the First Amended Complaint.

39. Defendant denies the allegations of paragraph 39 of the First Amended Complaint.

40. Defendant admits only that Scott Kimball was reassigned to warrants. Defendant denies the remaining allegations of paragraph 40 of the First Amended Complaint.

41.     Defendant admits only that Chief Deputy Dimmitt had a meeting with employees on or about March 17, 2003.  Defendant denies the remaining allegations of paragraph 41 of the First Amended Complaint.

42.     Defendant admits only that Plaintiff expressed an interest in the position of court operations supervisor and that neither Marshal Dichio nor Chief Deputy Dimmitt responded to her e-mail.  Defendant denies the remaining allegations of paragraph 42 of the First Amended Complaint.

43.     Defendant admits the allegations of paragraph 43 of the First Amended Complaint.

44.     Defendant admits that Deputy U.S. Marshal Sugrue was assigned to the warrant coordinator position.  Defendant denies the remaining allegations of paragraph 44 of the First Amended Complaint.

45.     Defendant admits the allegations of paragraph 45 of the First Amended Complaint.

46.     As to paragraph 46 of the First Amended Complaint, Defendant admits only that Assistant Chief David Taylor forwarded Plaintiff's request for consideration, and that he spoke with another female deputy about the Acting Supervisor of Court Operations position.

47.     As to paragraph 47 of the First Amended Complaint, Defendant admits only that Deputy United States Marshal Kevin Donahue was appointed as the Warrant Coordinator.  Defendant denies the remaining allegations of paragraph 47 of the First Amended Complaint.

48.     As to paragraph 48 of the First Amended Complaint, Defendant admits only that Plaintiff was transferred to the Worcester office in October 2003.

49. As to paragraph 49 of the First Amended Complaint, Defendant avers that Plaintiff was on limited duty status and was informed that her duty station would be changed according to where she could perform light duty. Defendant denies the remaining allegations of paragraph 49 of the First Amended Complaint.

50. As to paragraph 50 of the First Amended Complaint, Defendant admits that Plaintiff was assigned to work in the control room in the Federal Courthouse in Boston. Defendant denies the remaining allegations of paragraph 50 of the First Amended Complaint.

51. Paragraph 51 of the First Amended Complaint does not require a response.

52. Defendant denies the allegations of paragraph 52 of the First Amended Complaint.

53. Paragraph 53 of the First Amended Complaint does not require a response.

54. Defendant denies the allegations of paragraph 54 of the First Amended Complaint.

The remaining paragraphs represent Plaintiff's prayer for relief to which no response is required. to the extent a response is deemed necessary, Defendant denies that Plaintiff is entitled to any relief whatsoever.

Defendant denies each and every allegation in the First Amended Complaint not previously admitted, denied or otherwise controverted.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

    2.      Defendant did not discriminate against the Plaintiff on the basis of gender.

    3.      Defendant did not retaliate against Plaintiff.

                       Respectfully submitted,

                       GLENN T. SUDDABY
Dated: August 17, 2004     UNITED STATES ATTORNEY
      Albany, New York

                       BY:       /s/

                       BARBARA D. COTTRELL
                       ASSISTANT U.S. ATTORNEY
                       Bar Roll No. 101411 (NDNY)
                       218 James T. Foley U.S. Courthouse
                           445 Broadway
                           Albany, New York 12207
                           (518)431-0247

    I hereby certify that a true copy of the above document was served upon Indira Talwani, Esq., on September 14, 2004

                       Barbara D. Cottrell
                       Assistant U.S. Attorney