UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
_____

CYNTHIA A. DeCAIRE,
                        Plaintiff,

v.                                             Civ. Action No. 04-10593WGY

JOHN D. ASHCROFT, in his official
position as Attorney General of the
United States,
                        Defendant.

------------------------------------------------------

## STATEMENT OF MATERIAL FACTS AS TO WHICH
## DEFENDANT CONTENDS THERE IS NO GENUINE ISSUE FOR TRIAL

Pursuant to D. Mass. Local Rule 56.1, Defendant contends there is no genuine issue of material fact as to the following:

1. At all times relevant to this action, Plaintiff, Cynthia A. DeCaire, was employed by the United States Marshals Service as a Deputy United States Marshal (DUSM) for the District of Massachusetts. Amended Complaint, ¶¶ 2, 3, 9. On June 3, 2001, Plaintiff became an Acting Supervisory Criminal Investigator in the Worcester sub-office on a temporary assignment not to exceed 120 days. Plaintiff held that position until September 23, 2001 (Exhibit A).

2. On January 23, 2003, Plaintiff, who had been assigned as a team leader in Boston, submitted a grievance to the Human Resources Division, U.S. Marshals Service, alleging, *inter alia*, that the District of Massachusetts management engaged in retaliatory actions with respect to her assigned duties, relocation from Boston to the Worcester office, and relocation back to the

Boston office, to a position not involving criminal investigation (Exhibit B).

    3. On that same date, Plaintiff submitted a request for EEO counseling. On February 14, 2003, a Notice of Right to File a Discrimination Complaint was issued. On February 27, 2003, Plaintiff filed a formal EEO complaint. On April 11, 2003, the following issues were accepted for investigation:

> 1) Whether [Plaintiff] was subjected to sex (female) and parental status (single parent) discrimination when on January 21, 2003, she was told that she had to rotate from the Worcester sub-office to the Boston office on a weekly basis due to the lack of manpower. However, the two male deputies assigned to the Worcester sub-office did not have to rotate to Boston.
> 2) Whether [Plaintiff] was subjected to sex (female), parental status (single parent) and reprisal discrimination (prior EEO activity) when on February 3, 2003, she was notified that she was being permanently transferred to the Boston office.

(Exhibit C).

    4) On April 1, 2003, Plaintiff was advised by a letter from the Grievance Officer designated to investigate the grievance filed on January 23, 2003, that the grievance was denied, as "[m]anagement has shown that the reassignments had no retaliatory intent and were based on legitimate exercises of management's responsibility to accomplish work." (Exhibit B).

    5) On May 13, 2003, Plaintiff raised new claims of discrimination and reprisal, which, on May 20, 2003, were treated as an amendment to the original complaint. The following additional issues were accepted for investigation:

> Whether [Plaintiff] was subjected to reprisal discrimination (participation in prior EEO activity) when:
>
> 1) On April 21, 2003, she requested to be considered for the position of Court Operations Supervisor; however, she received no response to her inquiry. On April 28, 2003, the position was filled by another female Deputy United States Marshal (DUSM).

> 2) On April 23, 2003, she requested to be considered for the position of Warrant Coordinator; however, she received no response to her inquiry. On April 28, 2003, the position was filled by a male DUSM.

(Exhibit D).

6) One issue, regarding a deputy with less seniority than Plaintiff being permitted to reassign to Warrants on March 17, 2003, while Plaintiff was not given that option, was not accepted for investigation. The basis for this denial was that the incident occurred more than 45 days prior to Plaintiff's contact with an EEO Counselor (Exhibit D).

7) On November 3, 2003, Plaintiff again sought EEO counseling, alleging gender discrimination and reprisal. On December 15, 2003, a Notice of Right to File a Discrimination Complaint was issued. On January 5, 2004, Plaintiff filed a second formal EEO complaint. On January 27, 2004, the following issues were accepted for investigation:

> Whether [Plaintiff] was subjected to sex (female) and reprisal discrimination when:
>
> 1) On October 14, 2003, [Plaintiff was] reassigned from the District of Massachusetts Boston Office to the Worcester Office.
>
> 2) On November 20, 2003, while on limited duty [Plaintiff] was assigned to work in the control room.

This statement of issues accepted for investigation was later amended to include the following additional issues:

> Whether [Plaintiff] was subjected to sex (female) and reprisal discrimination when:
>
> 1) She was repeatedly transferred between the Boston and Worcester offices.
>
> 2) She was threatened with the loss of limited duty status.
>
> 3) On September 23, 2003, she was not considered for the position of Acting Supervisor of Court Operations.

      4) On September 29, 2003, she was not considered for the position of Warrant Coordinator.

(Exhibits E, F).

    8) As to issues accepted for EEO investigation, Plaintiff served the amended complaint more than 180 days after the amendment of her formal administrative EEO complaint, and thus has exhausted her administrative EEO remedies pursuant to 29 C.F.R. 1614.407(b).

    9) Anthony Dichio was sworn in as United States Marshal for the District of Massachusetts (USM) on August 6, 2002 (Exhibit Q, pp. 6, 14).

    10) On September 30, 2002, Plaintiff was reassigned to the Worcester Office (Exhibit B).

    11) In January 2003, the USM ordered rotation of DUSMs in Boston and Springfield for manpower purposes on an "as needed" basis. On January 22, 2003, Plaintiff and DUSM Susan Williams were assigned from Worcester to Court Operations in Boston on a weekly rotation. Plaintiff was to report to Boston on January 23, 2003, followed by DUSM Williams on the following Friday. DUSM Wahl was not included in the Boston rotation, but was designated to assist Springfield, as needed ( Exhibit B, Exhibit G). Plaintiff called in sick on January 23, 2003, took pre-approved sick leave on January 24, 2003, and 40 hours of annual leave from January 27-31, 2003. As a result of her sick and annual leave, Plaintiff never participated in the rotation to Boston (Exhibit H).

    12) On February 4, 2003, Plaintiff was permanently reassigned to Boston to fill a position in Court Operations (Exhibit B, Exhibit H).

    13) On February 5, 2003, at 10:17 am, Plaintiff's supervisor, SDUSM Thomas Bezanson forwarded to the USM an EEO complaint filed by Plaintiff. Plaintiff complained of disparate treatment in the rotational assignments and her non-selection for the Worcester HIDTA position

(Exhibit I).

14) On February 17, 2003, Chief Deputy U.S. Marshal David Dimmitt, Northern District of New York, became the Acting Chief Deputy Marshal for the District of Massachusetts (Exhibit J, p. 11).

15) On April 21, 2003, Plaintiff expressed her interest in being considered for a position as an Acting Supervisor in Court Operations to Chief Dimmitt (Exhibit K).

16) On April 23, 2003, Plaintiff expressed her interest in being considered for a position as Warrant Coordinator to Chief Dimmitt (Exhibit K).

17) On April 28, 2003, DUSM Alison Hodgkins was selected to fill the position as Acting Supervisor for Court Operations. DUSM Paul Sugrue was assigned to the position as Warrant Coordinator. SDUSM David Taylor was designated Acting Assistant Chief Deputy Marshal (Exhibit K).

18) On July 15, 2003, William Fallon became Chief Deputy U.S. Marshal for the District of Massachusetts . Exhibit L, p. 5  Exhibit 71.

19) On August 21, 2003, Plaintiff asked to be considered for the position of Supervisor in Court Operations. Acting Assistant Chief Deputy Taylor forwarded the request to Chief Fallon (Exhibit M).

20) On September 12, 2003, Chief Fallon announced his intention to develop a rotation schedule for all warrant/task force assignments. That rotation policy was issued in writing January 20, 2004 (Exhibit M).

21) On October 3, 2003, DUSMs Paul Dunne and Jeff Bohn were assigned as Court Operations Supervisors. DUSM Kevin Donahue assumed the Warrant Coordinator position

(Exhibit M).

22)  On or about October 11, 2003, Plaintiff married SDUSM Jeff Bohn (Exhibit L).

23) On October 28, 2003, Plaintiff's supervisor, SDUSM Thomas Bezanson advised Chief Fallon that Plaintiff had advised him that she was 4 months pregnant and was requesting light duty status (Exhibit N).

24)  On November 13, 2003, Plaintiff signed a limited duty letter, in which she was assigned to the Worcester Office on Mondays and Fridays, Boston on Tuesdays and Thursdays, and Springfield on Wednesdays).  Plaintiff received and read the letter on 20, 2003 (Exhibit N).

25)  On November 24, 2003, the limited duty letter was modified to exclude work in the Springfield Office.  Plaintiff was assigned to Boston on Tuesdays, Wednesdays and Thursdays.  It was contemplated that while in Boston, Plaintiff would be assigned to the Control Room.  Plaintiff raised the issue of "possible side effects the electronical equipment may have on a developing baby".  Upon inquiry, the District was advised that no health hazard would be presented (Exhibit N).

26)  On January 12, 2004, SDUSM David Taylor was selected as the permanent Assistant Chief Deputy Marshal and DUSM Alison Hodgkins, promoted to permanent supervisory status, was assigned to Court Operations.  SDUSM Paul Dunne was assigned to the Warrants SDUSM position (Exhibit O).

27)  On January 21, 2004, SDUSM Bezanson advised Plaintiff that due to workload, she would be working in the Boston office until further notice (Exhibit O).

28)  On January 27, 2004, Plaintiff submitted for consideration a request for participation in the Department of Justice Worklife program, requesting to telecommute from the Worcester

Office during the remainder of her pregnancy. After being staffed through management, the request was denied on February 24, 2004, due to a lack of light duty assignments in the Worcester Office (Exhibit P).

GLENN T. SUDDABY
UNITED STATES ATTORNEY
NORTHERN DISTRICT OF NEW YORK

BY: _____/s/_____

BARBARA D. COTTRELL
ASSISTANT U.S. ATTORNEY
Bar Roll No. 101411 (NDNY)

218 James T. Foley U.S. Courthouse
445 Broadway
Albany, New York 12207
(518)431-0247

CERTIFICATION

I hereby certify that a true copy of the above document was served upon Plaintiff's attorney of record, Indira Talwani, Esq., Segal, Roitman & Coleman, 11 Beacon Street, Suite 500, Boston, Massachusetts 02108, by mail, on April 5, 2005.

_____/s/_____
BARBARA D. COTTRELL
Assistant U.S. Attorney
Bar Roll # 101411 (NDNY)