# EXHIBIT A

Standard Form 52
Rev. 7/91. Automated 2/90
U.S. Office of Personnel Management FPM
Supp. 296-33, Subch. 3

## REQUEST FOR PERSONNEL ACTION

### PART A - Requesting Office (Also complete Part B, Items 1, 7-12, 32, 33, 36 and 39.)

| 1. Actions Requested | | |
|---|---|---|
| TEMPORARY PROMOTION - NTE 120 days (9/22/01) | | 2. Request Number 01 - 24 |
| For Additional Information Call (Name and Telephone Number) BILL RYAN (617) 748 - 2510 | | 4. Proposed Effective Date 6 - 3 - 01 |

| 5. Action Requested By | | 6. Action Authorized By | |
|---|---|---|---|
| Name Timothy G. Bane | Title Chief Deputy | Name | Title |
| Request Date 5-22-01 | Signature | Request Date: | Signature: |

### PART B - For Preparation of SF 50 (Use only codes in FPM Supplement 292-1. Show all dates in month-day-year order.)

| 1. Name (Last, First, Middle) | 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|
| DECAIRE , CYNTHIA A. | 030 - 64 - 8657 | 4-19-68 | |

| FIRST ACTION | | SECOND ACTION | |
|---|---|---|---|
| 5-A. Code | 5-B. Nature of Action | 6-A. Code | 6-B. Nature of Action |
| 5-C. Code | 5-D. Legal Authority | 6-C. Code | 6-D. Legal Authority |
| 5-E. Code | 5-F. Legal Authority | 6-E. Code | 6-F. Legal Authority |

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number |
|---|---|
| CRIMINAL INVESTIGATOR S0114831 S0114 | ACTING SUPERVISORY CRIMINAL INVESTIGATOR |

| 8. Pay Plan | 9. Occ. Code | 10. Grade or Level | 11. Step or Rate | 12. Total Salary | 13. Pay Basis | 16. Pay Plan | 17. Occ. Code | 18. Grade or Level | 19. Step or Rate | 20. Total Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GS | 1811 | 12 | 04 | $74,808.00 | | GS | 1811 | 13 | | | |
| 12A. Basic Pay | 12B. Locality Adj. | 12C. Adj. Basic Pay | 12D. Other Pay | | | 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay | | |

| 14. Name and Location of Position's Organization | 22. Name and Location of Position's Organization |
|---|---|
| MASSACHUSETTS GENERAL OPERATIONS DIVISION | WORCESTER SUB - OFFICE GENERAL OPERATIONS DIVISION |

### EMPLOYEE DATA

| 23. Veterans Preference 1- None 2- 5-Point 3 - 10-Point/Disability 4 - 10-Point/Compensable 5 - 10 Point/Other 6 - 10-Point/Compensable/30% | 24. Tenure 0 - None 2 - Conditional 1 - Permanent 3 - Indefinite | 25. Agency Use | 26. Veterans Preference for RIF YES NO |
|---|---|---|---|
| 27. FEGLI | 28. Annuitant Indicator | | 29. Pay Rate Determinant |
| 30. Retirement Plan | 31. Service Comp. Date (Leave) | 32. Work Schedule | 33. Part-Time Hours Per Biweekly Pay Period |

### POSITION DATA

| 34. Position Occupied 1- Competitive Service 3 - SES General 2 - Excepted Service 4 - SES Career Reserved | 35. FLSA Category EXEMPT NON-EXEMPT | 36. Appropriation Code | 37. Bargaining Unit Status |
|---|---|---|---|
| 38. Duty Station Code | 39. Duty Station (City - County - State or Overseas Location) | | |

| 40. Agency Data | 41. | 42. | 43. | 44. |
|---|---|---|---|---|
| 45. Educational Level | 46. Year Degree Attained | 47. Academic Discipline | 48. Functional Class | 49. Citizenship 1 - USA 8 - Other | 50. Veterans Status | 51. Supervisory Status |

### PART C - Reviews and Approvals (Not to be used by Requesting Office.)

| 1. Office/Function | Initials/Signature | Date | Office/Function | Initials/Signature | Date |
|---|---|---|---|---|---|
| A | | | D. | | |
| B | | | E. | | |
| | | | F. | | |
| Approval, I certify that the information entered on this form is accurate and that the proposed action is in compliance with statutory and regulatory requirements. | | | Signature | | Approval Date |

CONTINUED ON PAGE 2
52-119

Editions Prior to 7/91 Are Not Usable After 6/30/93
NSN 7540-01-333-6239

8

**PART D - Remarks by Requesting Office**

Note to Supervisors: Do you know of additional or conflicting reasons for the employee's resignation/retirement?   ☐ YES   ☐ NO
If "YES", please state these facts on a separate sheet and attach to SF 52.)

**PART E - Employee Resignation/Retirement**

### Privacy Act Statement

You are requested to furnish a specific reason for your resignation or retirement and a forwarding address. Your reason may be considered in any future decision regarding your re-employment in the Federal service and may also be used to determine your eligibility for unemployment compensation benefits. Your forwarding address will be used primarily to mail you copies of any documents you should have or any pay or compensation to which you are entitled.

This information is requested under authority of sections 301, 3301, and 8506 of title 5, U.S. Code. Sections 301 and 3301 authorize OPM and agencies to issue

regulations with regard to employment of individuals in the Federal service and their records, while section 8506 requires agencies to furnish the specific reason for termination of Federal service to the Secretary of Labor or a State agency in connection with administration of unemployment compensation programs.

The furnishing of this information is voluntary; however, failure to provide it may result in your not receiving: (1) your copies of those documents you should have; (2) pay or other compensation due you; and (3) any unemployment compensation benefits to which you may be entitled.

1. Reasons for Resignation/Retirement (NOTE: Your reasons are used in determining possible unemployment benefits. Please be specific and avoid generalizations.
   Your resignation/retirement is effective at the end of the day - midnight - unless you specify otherwise.)

| Effective Date | 3. Your Signature | 4. Date Signed | 5. Forwarding Address (Number, Street, City, State, ZIP Code) |
|---|---|---|---|
| | | | |

**PART F Remarks for SF 50**

9

Standard Form 52
Rev 7/91 Automated 8/93
U.S. Office of Personnel Management FPM
Supp 296-33, Subch 3

## REQUEST FOR PERSONNEL ACTION

### PART A - Requesting Office (Also complete Part B, Items 1, 7-12, 32, 33, 36 and 39.)

1. Actions Requested

RETURN TO LOWER GRADE

For Additional Information Call (Name and Telephone Number)

BILL RYAN (617) 748-2510

5. Action Requested By

Name: Timothy G. Banc    Title: Chief Deputy

Request Date: 5-22-01    Signature:

| 2 Request Number |
|---|
| 01 - 25 |

| 4 Proposed Effective Date |
|---|
| 09 - 23 - 01 |

6. Action Authorized By

Name:    Title:

Request Date:    Signature:

### PART B - For Preparation of SF 50 (Use only codes in FPM Supplement 292-1. Show all dates in month-day-year order.)

1. Name (Last, First, Middle)

DECAIRE, CYNTHIA A.

| 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|
| 030 - 64 - 8657 | 4-19-68 | |

#### FIRST ACTION

| 5-A Code | 5-B Nature of Action |
|---|---|
| | |

| 5-C Code | 5-D Legal Authority |
|---|---|
| | |

| 5-E Code | 5-F Legal Authority |
|---|---|
| | |

#### SECOND ACTION

| 6-A Code | 6-B Nature of Action |
|---|---|
| | |

| 6-C Code | 6-D Legal Authority |
|---|---|
| | |

| 6-E Code | 6-F Legal Authority |
|---|---|
| | |

7. FROM: Position Title and Number

ACTING SUPERVISORY CRIMINAL INVESTIGATOR

| 8. Pay Plan | 9 Occ. Code | 10. Grade or Level | 11 Step or Rate | 12 Total Salary | 13 Pay Basis |
|---|---|---|---|---|---|
| GS | 1811 | 13 | | | |

| 12A. Basic Pay | 12B. Locality Adj | 12C. Adj Basic Pay | 12D. Other Pay |
|---|---|---|---|
| | | | |

14. Name and Location of Position's Organization

WORCESTER SUB - OFFICE
GENERAL OPERATIONS

15. TO: Position Title and Number

CRIMINAL INVESTIGATOR

| 16. Pay Plan | 17. Occ. Code | 18. Grade or Level | 19. Step or Rate | 20. Total Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|
| GS | 1811 | 12 | 04 | | |

| 20A. Basic Pay | 20B. Locality Adj | 20C. Adj. Basic Pay | 20C. Other Pay |
|---|---|---|---|
| | | | |

22. Name and Location of Position's Organization

MASSACHUSETTS
GENERAL OPERATIONS

### EMPLOYEE DATA

23 Veterans Preference
1 - None
2 - 5-Point
3 - 10-Point/Disability
4 - 10-Point/Compensable
5 - 10 Point/Other
6 - 10 Point/Compensable/30%

| 24. Tenure |
|---|
| 0 - None    2 - Conditional |
| 1 - Permanent   3 - Indefinite |

| 25. Agency Use |
|---|

| 26. Veterans Preference for RIF |
|---|
| ☐ YES   ☐ NO |

27. FEGLI

28. Annuitant Indicator

| 29 Pay Rate Determinant |
|---|

30. Retirement Plan

| 31. Service Comp. Date (Leave) | 32. Work Schedule |
|---|---|

| 33. Part-Time Hours Per Biweekly Pay Period |
|---|

### POSITION DATA

34. Position Occupied
1 - Competitive Service   3 - SES General
2 - Excepted Service   4 - SES Career Reserved

35. FLSA Category
☐ EXEMPT  ☐ NON-EXEMPT

36. Appropriation Code

37. Bargaining Unit Status

38. Duty Station Code

39. Duty Station (City - County - State or Overseas Location)

| 40. Agency Data | 41 | 42 | 43 | 44 |
|---|---|---|---|---|

| 45. Educational Level | 46. Year Degree Attained | 47 Academic Discipline | 48 Functional Class | 49. Citizenship | 50 Veterans Status | 51. Supervisory Status |
|---|---|---|---|---|---|---|
| | | | | 1 - USA  8 - Other | | |

### PART C - Reviews and Approvals (Not to be used by Requesting Office.)

| 1. Office/Function | Initials/Signature | Date | Office/Function | Initials/Signature | Date |
|---|---|---|---|---|---|
| A | | | D. | | |
| B | | | E. | | |
| | | | F. | | |

Approval. I certify that the information entered on this form is accurate and that the proposed actions is in compliance with statutory and regulatory requirements.

Signature

Approval Date

CONTINUED ON PAGE 2
52-119

Editions Prior to 7/91 Are Not Usable After 6/30/93
NSN 7540-01-333-6239

10

**PART D - Remarks by Requesting Office**

Note to Supervisors  Do you know of additional or conflicting reasons for the employee's resignation/retirement?    ☐ YES    ☐ NO
If "YES", please state these facts on a separate sheet and attach to SF 52.)

**PART E - Employee Resignation/Retirement**

### Privacy Act Statement

You are requested to furnish a specific reason for your resignation or retirement and a forwarding address. Your reason may be considered in any future decision regarding your re-employment in the Federal service and may also be used to determine your eligibility for unemployment compensation benefits. Your forwarding address will be used primarily to mail you copies of any documents you should have or any pay or compensation to which you are entitled.

This information is requested under authority of sections 301, 3301, and 8506 of title 5, U.S. Code. Sections 301 and 3301 authorize OPM and agencies to issue

regulations with regard to employment of individuals in the Federal service and their records, while section 8506 requires agencies to furnish the specific reason for termination of Federal service to the Secretary of Labor or a State agency in connection with administration of unemployment compensation programs.

The furnishing of this information is voluntary; however, failure to provide it may result in your not receiving: (1) your copies of those documents you should have; (2) pay or other compensation due you; and (3) any unemployment compensation benefits to which you may be entitled.

1. Reasons for Resignation/Retirement (NOTE: Your reasons are used in determining possible unemployment benefits. Please be specific and avoid generalizations.
   Your resignation/retirement is effective at the end of the day - midnight - unless you specify otherwise.)

| Effective Date | 3 Your Signature | 4. Date Signed | 5. Forwarding Address (Number, Street, City, State, ZIP Code) |
|---|---|---|---|
| | | | |

**PART F Remarks for SF 50**

/1

# EXHIBIT B

U.S. Department of Justice

United States Marshals Service

_____

*Arlington, VA 22202-4210*

April 1, 2003

MEMORANDUM TO:     Cynthia DeClaire
                   Deputy United States Marshal
                   District of Massachusetts

FROM:              Lydia K. Blakey
                   Designated Grievance Officer

SUBJECT:           Grievance Adjudication

On January 23, 2003, you submitted a memorandum to Ronnie Boyd, Human Resources Division, Subject: Unfair Labor Practices. You amended this memorandum on February 20, 2003. Your amendment was made after discussion with the fact-finder assigned to examine the issues in your initial memorandum. You allege that District of Massachusetts management engaged in retaliatory actions with respect to your assigned duties, relocation to the Worcester office, and relocation back to the Boston office, but to a position that does not involve criminal investigation. You also raise the issue of management's inaction in response to a conversation described to you, between a non-United States Marshals Service (USMS) member of a High Intensity Drug Trafficking Area (HIDTA) Task Force and a Deputy U.S. Marshal (DUSM) assigned to Worcester, in which you believe you were slandered.

The relief you seek is that you be returned to your position of record in the Boston office as a team leader in the Investigations Unit. You ask that the non-USMS task force member be removed from the HIDTA Task Force. You also ask for protection against any future retaliatory action being taken against you.

## FACTS

Your position of record, prior to your reassignment to the Worcester office, was as a team leader, GS-1811-12 in Boston. U.S. Marshal Anthony Dichio reassigned you to the Worcester office after discussing the possibility with you in late August 2002.



During your discussion with U.S. Marshal Dichio, you indicated that you would like to relocate to the position in Worcester that worked on the HIDTA Task Force. Marshal Dichio indicated that he would have a vacancy in Worcester, but not necessarily on the HIDTA Task Force. On August 30, 2002, Marshal Dichio advised you that a relocation to Worcester was temporarily on hold. On September 30, 2002, you were reassigned to a position in Worcester but not on the HIDTA Task Force. Ten days prior to that reassignment, Marshal Dichio assigned another employee to the HIDTA Task Force position working out of Worcester.

Several months after your reassignment to Worcester, additional staff was required in the Court Operations Section in the Boston office. Marshal Dichio initially decided to rotate you, and another DUSM, from Worcester to perform the duties of that position in Court Operations. Another employee was also assigned to rotate to the Springfield sub-office, on an as needed basis, to perform Court Operation duties there. The determination of who should be rotated to what office was based on workload considerations and proximity of the temporary duty office to the residence of the DUSM. After the rotational assignments were initiated you submitted your January 23, 2003, memorandum, referenced above. Rotational assignments to Boston were only for a brief period. Marshal Dichio reconsidered the staffing of the vacancy being filled by rotational assignment in Court Operations. He then decided to reassign you back to Boston, to fill the Court Operations position, on a permanent basis. His decision to place you in that position was based on work to be performed, seniority, and available staff's proximity of their residences to the Boston post of duty. You were notified of that decision on February 3, 2003, effective February 4, 2003. You had submitted the January 23, 2003, memorandum, referenced above, before Marshal Dichio officially reassigned you to Boston.

You sent an e-mail message to your immediate supervisor regarding an allegedly slanderous conversation, which you were told about by another DUSM. The comments were characterized by this DUSM in such a way that you believed that your supervisor should be aware of the situation. The e-mail message was dated "12/20/02 12:57 p.m." The addressee, your immediate supervisor at that time, has no record of receiving this specific e-mail. The Systems Administrator confirms that the e-mail system was experiencing problems on that date and there is no record of the above referenced e-mail ever being delivered to your immediate supervisor.

## DISCUSSION

You believe that management action to reassign you twice and to ignore your concerns about a non-USMS employee saying allegedly slanderous things about you, stem from the fact that you are a female deputy and a single mother.

At no point, in the fact-finding, did management mention either of these facts. All management officials interviewed stated that personnel decisions were made on the basis of what was known at the time about work requirements and staff levels.

2

Management has the right to assign work. In assigning you to duties, first in Worcester and then in Boston, other than the duties you had been assigned prior to September 30, 2002, management was exercising its rights. You believe your reassignment to Boston, on a permanent basis to a set of duties in Court Operations, was a retaliatory action by management for your act of submitting a written complaint about your earlier assignment to Worcester, and management's non-response to your concerns regarding alleged comments made about you, by a non-USMS HIDTA Task Force employee to a USMS employee.

Your assignment to Worcester was made by Marshal Dichio to fill a vacancy. You had indicated interest in working in Worcester, albeit on the HIDTA Task Force. The Marshal was reluctant to place you on the HIDTA Task Force in Worcester because he believed there would be a potential conflict of interest due to your admitted relationship with the USMS supervisor of that Task Force. The reassignment to Worcester was done, after consideration of reassignment requests by a number of DUSMs in the District, to balance workload.

The record indicates that your first line supervisor did not receive the e-mail notification you sent to him. You indicate that you "also verbally approached" your supervisor about the concern. He does recall a conversation, in which you discussed the DUSM recently assigned to the HIDTA Task Force, during which you may have mentioned this particular e-mail. However, he does not recall a substantive discussion about the content of that brief communication. There is no record to show that you pursued this complaint further. No corroboration of a conversation specific to the concerns raised in your e-mail could be established.

Your reassignment to Boston was a result of management reevaluating the rotational assignment to fill a staff loss in Court Operations. It had become clear that to continue this rotational assignment would be more burdensome on Worcester staff work accomplishment than originally anticipated. More importantly, Court Operation activities were, and are, a top priority of the District. Management decided that a permanent assignment of the DUSM living closest to the Boston office with the least seniority was in the best interests of mission accomplishment. At the time, you were that DUSM.

Management was aware that you had filed a written complaint prior to *notifying* you that you were reassigned back to Boston to Court Operation duties. However, Marshal Dichio had made his decision to do so prior to becoming aware of your written complaint. Even if Marshal Dichio had known about the complaint at the time he made his decision, management's right to assign work, together with the extant workload demands, provided a legitimate business reason for taking the action.

Management has shown that the reassignments had no retaliatory intent and were based on legitimate exercises of management's responsibility to accomplish work. The inaction by management, on a concern you raised, did not rise to the level of a retaliatory action, in that, management had no knowledge of the concern nor any basis on which to reasonably anticipate such a concern.

3

DECISION

For the above reasons, your grievance is denied.  This is the final Agency action in the matter.


cc:   Honorable Anthony Dichio
      United States Marshal
      District of Massachusetts

      Joe Lazar
      Office of General Counsel

      Harry Mays III
      Chief, Workforce Relations and Employee Benefits

4

# EXHIBIT C

U.S. Department of Justice

United States Marshals Service

0213

APR 11 2003

**CERTIFIED MAIL NUMBER:7002 2030 0002 4140 5994**

Indira Talwani, Esquire
Segal, Reitman & Coleman
11 Beacon Street, Suite 500
Boston, MA 02108

Re:    **Cynthia A. DeCaire**
       **Complaint Docket Number: M03-0025**

Dear Ms. Talwani:

This refers to the discrimination complaint filed by your client on
February 27, 2003, against the United States Marshals Service. Receipt of your client's
complaint was acknowledged by letter dated March 6, 2003. The letter also provided
your client with notice of her rights in accordance with Equal Employment Opportunity
Commission federal sector complaint regulations.

On January 23, 2003, your client contacted the EEO Office to initiate an informal
EEO complaint. The date of the initial interview with the EEO Counselor was
February 3, 2003. On February 14, 2003, the Notice of Right to File a Discrimination
Complaint was issued. Based on my review of the formal complaint and the EEO
Counselor's Report, I am accepting the following issues for investigation:

1.    Whether your client was subjected to sex (female) and parental status
      (single parent) discrimination when on January 21, 2003, she was told that
      she had to rotate from the Worcester sub-office to the Boston office on a
      weekly basis due to the lack of manpower. However, the two male
      deputies assigned to the Worcester sub-office did not have to rotate to
      Boston.

-2-

2.    Whether your client was subjected to sex (female), parental status (single parent) and reprisal discrimination ( prior EEO activity) when on February 3, 2003, she was notified that she was being permanently transferred to the Boston office.

The initial meeting your client had with the U.S. Marshal in September 2002, regarding her personal life and the matter concerning her not being selected for the investigations position in Worcester occurred more than 45 days prior to her contact with an EEO Counselor; therefore, these issues may be used only as background information.

If you believe the issues in this complaint have not been correctly identified, please notify me, in writing (certified mail), within 5 calendar days after you receive this letter and specify why you believe the issues have not been correctly identified. My address is United States Marshals Service, EEO Office, Washington, D.C. 20530-1000. If you fail to contact me, I will conclude you agree that the issues have been properly identified.

The following are your client's rights regarding her allegation of discrimination on the basis of parental status:

She is entitled to an investigation and a final Department decision. Individual entitlement in this regard is derived from Department of Justice policy and practice and not from EEOC regulations which govern discrimination complaints based on race, sex, color, religion, national origin, age, disability and retaliation in the federal sector. Although complaints based on parental status are processed under the same administrative time frames, they cannot be the subject of a hearing before an EEOC Administrative Judge or an appeal to EEOC or a civil action.

The accepted issues will be assigned to an investigator for formal investigation. Once assigned, you will be informed of the investigator's identity and when the investigation is expected to begin. You will be provided a copy of the Report of Investigation on its completion.

According to the Equal Employment Opportunity Commission's complaint regulation (29 CFR §1614.108(e)): "The agency shall complete its investigation within 180 days of the date of filing of an individual complaint...." The regulation provides for an extension (by written agreement) of not more than 90 days, if voluntarily agreed on by the complainant and the agency. Also, under the revised EEOC regulations, your client

-3-

may amend her complaint at any time up to the completion of the investigation.  If she amends her complaint, the USMS must complete the investigation the earlier of 180 days after the last amendment or 360 days after the original filing date.

To ensure the complaint is processed within the specified time frames, it is essential that when the investigator requests information to support the complaint, you should provide it promptly.  Failure to cooperate with the investigation may lead to dismissal of the complaint.

The United States Marshals Service representative is Gerald M. Auerbach, Acting General Counsel, Office of General Counsel, United States Marshals Service, Washington, D.C. 20530-1000.  You are advised to serve copies of all official correspondence on the Marshals Service representative.  To avoid delays in processing your complaint, you should use the complaint docket number (located on the first page of this document) in all correspondence, regardless of the person to whom the correspondence is sent.

If you have any questions regarding the guidance contained in this document, or about any aspect of the complaints process, please contact Joann W. Grady, Chief, Complaints Processing, at (202) 307-9048.

Sincerely,

Lisa M. Dickinson
EEO Officer

Enclosure: EEO Counselor's Report

cc:    Cynthia A. DeCaire
       30 Chauncy Street
       Westboro, MA 01580

# EXHIBIT D

U.S. Department of Justice

United States Marshals Service

_____    0213

*Washington, DC 20530-1000*

MAY 3 0 2003

**CERTIFIED MAIL NUMBER: 7003 0500 0002 4005 4000**

Indira Talwani, Esquire
Segal, Reitman & Coleman
11 Beacon Street, Suite 500
Boston, MA 02108

    Re:    **Acknowledgment of New Issue and**
           **Notice of Amendment (Like-and-Related**
           **to Complaint Docket Number: M03-0025)**
           **Cynthia A. DeCaire**

Dear Ms Talwani:

    This refers to the discrimination complaint your client filed on February 27, 2003, against the United States Marshals Service. Receipt of your client's complaint was acknowledged by letter dated March 6, 2003. The letter also provided her with notice of her rights in accordance with Equal Employment Opportunity Commission federal sector complaint regulations.

    On January 23, 2003, she contacted the EEO Office to initiate an informal EEO complaint. The date of the initial interview with the EEO Counselor was February 3, 2003. On February 14, 2003, the Notice of Right to File a Discrimination Complaint was issued. However, on May 13, 2003, she raised new claims of discrimination and reprisal. The new issues will be treated as **an amendment to the instant complaint** pursuant to guidance contained in the Equal Employment Opportunity Commission Management Directive 110 (revised November 9, 1999). This guidance states, in relevant part: *"If the EEO Director or Complaints Manager concludes that the new incident raises a new claim, but that the new claim is like or related to the claim*



COPY FOR YOUR
INFORMATION

EXHIBIT

-2-

*raised in the pending complaint, the agency must amend the pending complaint to include the new claim."* Based on the information you submitted, the following claims have been accepted for investigation:

Whether your client was subjected to reprisal discrimination (participation in prior EEO activity) when:

1.    On April 21, 2003, she requested to be considered for the position of Court Operations Supervisor; however, she received no response to her inquiry. On April 28, 2003, the position was filled by another female Deputy United States Marshal (DUSM).

2.    On April 23, 2003, she requested to be considered for the position of Warrant Coordinator; however, she received no response to her inquiry. On April 28, 2003, the position was filled by a male DUSM.

The issue regarding a deputy with less seniority than your client being permitted to reassign to Warrants on March 17, 2003, while your client was not given that option, occurred more than 45 days prior to your client's contact with an EEO Counselor; therefore, this incident may be used as background information.

The claims regarding the United States Marshal allegedly discussing your client's EEO complaint with others and the Chief Deputy United States Marshal allegedly advising individuals not to "take on" the Marshals Service and that he was looking for a few individuals to "change their attitude" will be considered as evidence to support your client's retaliation claim.

The agency is required to complete its investigation of a complaint of discrimination within 180 days of the filing of a complaint unless the parties agree in writing to extend the time period. However, if a complaint is amended, this deadline is adjusted so that the agency must complete its investigation within the earlier of 180 days after the last amendment to the complaint or 360 days after the filing of the original complaint.

The United States Marshals Service representative is Gerald Auerbach, Acting General Counsel, Office of General Counsel, U.S. Marshals Service, Washington, D.C. 20530-1000. You are advised to serve copies of all official correspondence on the Marshals Service representative. To avoid delays in processing your client's complaint, you should use the complaint docket number (located on the first page of this document), in all correspondence, regardless of the person to whom the correspondence is sent.

-3-

To ensure your client's complaint is processed within the specified time frames, it is essential that when the investigator requests information to support your client's complaint, you or your client should provide it promptly. Failure to cooperate with the investigation may lead to dismissal of the complaint.

If you have any questions regarding the guidance contained in this document, or about any aspect of the complaints process, please contact Joann W. Grady, Chief, EEO Complaints Processing, at (202) 307-9048.

Sincerely,

Lisa M. Dickinson
EEO Officer

cc:    Eugene Clark & Associates
       4 Kentbury Court
       Owings Mills, Maryland 31117-7118

       Cynthia DeCaire
       30 Chauncy Street
       Westboro, MA 01580

# EXHIBIT E


**U.S. Department** Justice

United States Marshals Service

0213

Washington, DC 20530-1000

JAN 27 2004

CERTIFIED MAIL NUMBER: 7003 0500 0002 4005 4123

Ms. Cynthia A. DeCaire
30 Chauncy Street
Westborough, MA 01581

    Re:   **Cynthia DeCaire**
            **Complaint Docket Number: M04-0012**

Dear Ms. DeCaire:

    This refers to the discrimination complaint you filed January 5, 2004, against the United States Marshals Service. Receipt of your complaint was acknowledged by letter dated January 12, 2004. The letter also provided you with notice of your rights in accordance with Equal Employment Opportunity Commission federal sector complaint regulations.

    On November 3, 2003, you contacted the EEO Office to initiate an informal EEO complaint. On December 15, 2003, the Notice of Right to File a Discrimination Complaint was issued. Based on my review of the formal complaint, and the EEO Counselor's Report, I am accepting the following issues for investigation:

Whether you were subjected to sex (female) and reprisal discrimination when:

1.    On October 14, 2003, you were reassigned from the District of Massachusetts Boston Office to the Worcester Office.

2.    On November 20, 2003, while on limited duty you were assigned to work in the Control Room.


EXHIBIT 4

-2-

Dismissal of an Issue:

In your complaint you also allege that on September 23, 2003, you were not considered for the position of Acting Supervisor of Court Operations. You further alleged that on September 29, 2003, you were not considered for the position of Warrant Coordinator. These issues are identical to those issues accepted for investigation on May 30, 2003, Complaint Docket Number M03-0025, and therefore can be used as evidence to support your claim. Therefore, in accordance with 29 C.F.R §1614.107(a)(1), this portion of your complaint is dismissed from processing because this same claim is pending before the Agency.

My decision not to investigate this additional issue as outlined above is reviewable by an EEOC Administrative Judge if a hearing is requested on the remainder of the complaint, but is not appealable until a final agency action is taken on the remainder of the complaint. If the Administrative Judge believes that all or a part of the reasons are not sound, the entire complaint or all of the portions not meeting the standards for dismissal will continue in the hearing process. The parties may conduct discovery to develop the record for all portions of the complaint during the hearing process.

The Administrative Judge's final decision on the dismissal will become part of the Administrative Judge's final decision on the complaint and may be appealed by either party after final action is taken on the complaint.

If you elect a final agency decision by the Complaint Adjudication Office (CAO) without a hearing, the CAO will issue a decision addressing all claims in the complaint, including a review of the rationale for dismissing part of your claims and its findings on the merits of the remainder of the complaint. You then appeal the final agency decision to the EEOC.

If you believe the issues in this complaint have not been correctly identified, please notify me, in writing (certified mail), within 5 calendar days after you receive this letter and specify why you believe the issues have not been correctly identified. My address is United States Marshals Service, EEO Office, Washington, D.C. 20530-1000. If you fail to contact me, I will conclude you agree that the issues have been properly identified.

The United States Marshals Service representative is Gerald M. Auerbach, General Counsel, Office of General Counsel, United States Marshals Service, Washington, D.C. 20530-1000. You are advised to serve copies of all official correspondence on the Marshals Service representative. To avoid delays in processing

-3-

your complaint, you should use the complaint docket number (located on the first page of this document) in all correspondence, regardless of the person to whom the correspondence is sent.

The complaint will be assigned to an investigator for formal investigation. Once assigned, you will be informed of the investigator's identity and when the investigation is expected to begin. You will be provided a copy of the Report of Investigation on its completion.

According to the Equal Employment Opportunity Commission's complaint regulation (29 CFR §1614.108(e)): "The agency shall complete its investigation within 180 days of the date of filing of an individual complaint...." The regulation provides for an extension (by written agreement) of not more than 90 days, if voluntarily agreed on by the complainant and the agency. Also, under the recently revised EEOC regulations, you may amend your complaint at any time up to the completion of the investigation. If you amend your complaint, the USMS must complete the investigation the earlier of 180 days after the last amendment or 360 days after the original filing date.

To ensure the complaint is processed within the specified time frames, it is essential that when the investigator requests information to support the complaint, you should provide it promptly. Failure to cooperate with the investigation may lead to dismissal of the complaint.

If you have any questions regarding the guidance contained in this document, or about any aspect of the complaints process, please contact Joann W. Grady, Chief, Complaints Processing, at (202) 307-9048.

Sincerely,

Lisa M. Dickinson
EEO Officer

-4-

Enclosure:     EEO Counselor's Report
               Amended Accepted Letter dated May 30, 2003

cc:            Ms. Mary Sullivan
               Segal, Roitman & Cole
               11 Beacon Street, Suite 500
               Boston, MA 02108

# EXHIBIT  F

U.S. Depa    ent of Justice

United States Marshals Service

*Washington, DC 20530-1000*

<u>CERTIFIED MAIL NUMBER 7003 0500 0002 4005 4604</u>

Mary T. Sullivan, Esquire
Segal, Roitman & Coleman
11 Beacon Street
Suite 500
Boston, Massachusetts 02108

Re:     **Complaint Docket Number: M04-0012**
        **Cynthia DeCaire**

Dear Ms. Sullivan:

In your letter dated February 2, 2004, you advised this office that the issues in your client's acceptance letter had not been correctly identified. After a review of your client's complaint and your subsequent letter, we are amending your client's acceptance letter dated January 27, 2004, to include the following issues for investigation:

Whether your client was allegedly subjected to sex (female) and reprisal (prior EEO activity) discrimination when:

1       She was repeatedly transferred between the Boston and Worcester offices.

2.      She was  threatened with the loss of limited duty status.

3.      On September 23, 2003, she was not considered for the position of Acting Supervisor of Court Operations.

4.      On September 29, 2003, she was not considered for the position of Warrant Coordinator.



Your client requested protection from ongoing retaliation. If she feels that she is being subjected to retaliation, she has the right to pursue a complaint of discrimination by contracting this office.

In regard to the status of Complaint Docket Number M03-0025, this office on November 17, 2003, forwarded the complaint file to the Complaint Adjudication Office (CAO) for a Final Agency Decision. In a letter dated November 20, 2003, to Ms. DeCaire from Mark Gross, Complaint Adjudication Officer, she was advised that her complaint was received on November 19, 2003; however, it was among a number of other cases pending review.

According to the Equal Employment Opportunity Commission's complaint regulation (29 CFR §1614.108(e)): "The agency shall complete its investigation within 180 days of the date of filing of an individual complaint...." The regulation provides for an extension (by written agreement) of not more than 90 days, if voluntarily agreed on by the complainant and the agency. Also, under the recently revised EEOC regulations, you or your client may amend your client's complaint at any time up to the completion of the investigation. If you or your client amend the complaint, the USMS must complete the investigation the earlier of 180 days after the last amendment or 360 days after the original filing date.

To ensure the complaint is processed within the specified time frames, it is essential that when the investigator requests information to support the complaint, you should provide it promptly. Failure to cooperate with the investigation may lead to dismissal of the complaint.

If you have any questions regarding the guidance contained in this document, or about any aspect of the complaints process, please contact Joann W. Grady, Chief, Complaints Processing, at (202) 307-9048.

Sincerely,

Lisa M. Dickinson
EEO Officer

Enclosure:     Letter from CAO dated November 20, 2003

cc:     Cynthia DeCaire
        30 Chauncy Street
        Westborough, MA 01581

# EXHIBIT G

**From:**      Tom Bezanson
**To:**        pdunne
**Date:**      1/22/03 4:37pm
**Subject:**   FYI

Paul,

Be advised I have informed the Worcester DUSMs that Williams and DeCaire will report to SDUSM Doherty in Boston on a weekly rotating basis determined by me.  Beginning tomorrow 1/23/2003, DeCaire will report to Boston, followed by Williams on Friday.

DUSM Wahl will be the first DUSM picked to assist USMS Springfield when needed.  DUSM Wahl will not be in the rotation to Boston.

Note:  DUSM Williams advised who will she call when she calls in on sick leave.  I advised her that she should call me and I would advise SDUSM Doherty if necessary.  However, any sick leave used on a rotation week will be made up the following week.

Tom

85

**From:**      Tom Bezanson
**To:**        staff
**Date:**      1/23/03 10:14am
**Subject:**   Leave Notification

As a reminder to all Worcester staff.

Any unscheduled leave will be reported to me directly from the DUSM requesting it.  You can call my office, cell or home phone at anytime.  It is my responsibility to report your absence to the District office.

Also, to eliminate any confusion about our discussion yesterday (1/22/03), about the Marshal's order to rotate DUSMs in Boston and Springfield for manpower purposes.  DUSMs calling in for sick leave on a scheduled day in Boston and/or Springfield, will make up that day or days in the assigned office by me.

Any questions, let me know.


**CC:**        038mgmt

9S

```
From:        Paul Durette
To:          tbezanso, wdoherty
Date:        1/24/03 3:46pm
Subject:     Worcester Support
```

Tom/Walter: to clarify the rotation of DUSM's from Worcester to Boston, assignments are to be made only as needed.  Walter is to communicate with Tom on a daily basis to discuss staffing needs.  If Boston does not need a particular DUSM for a day or more, then Walter is to advise Tom of that fact.

```
CC:          adichio
```

61

# EXHIBIT H

From:       Paul Durette
To:         cdecaire
Date:       1/30/03 6:42pm
Subject:    Monday

Cyndi: on Monday, February 3, 2003, report to the Worcester Office, rather
than Boston as you were previously advised.

CC:         tbezanso, adichio

63

```
From:        Paul Durette
To:          038allhands
Date:        2/3/03 11:04am
Subject:     Reassignment
```

Effective Tuesday, February 4, 2003, DUSM Cynthia Decaire is reassigned from the Worcester Office to the Boston Office.  DUSM Decaire will replace DUSM Jaime Viator in the Court Operations section.

64

```
From:      Tom Bezanson
To:        Bill
Date:      2/5/03 11:05am
Subject:   DUSM Leave
```

For each week, from Monday 12/30/02 - Monday 02/03/03.

S. Williams: Dates not noted were 8hr work days.
1.  AL-12/30-31(16hrs).  Worcester
2.  Time-Off award 01/06 (8hrs FIT).  AL-01/07-10 (32hrs).  Worcester
3.  AL-01/13 (2hrs), AL-01/15 (2hrs).  Worcester
4.  Friday,01/24 in Boston.
5.  01/27 1st week in Boston, SL 01/29 (8hrs), 01/31 (4hrs).

C. Decaire:
1.  Thursday, SL 01/23 (8hrs), 1st day assigned to assist in Boston.
2.  Friday, 01/24 SL (8hrs) per-approved leave.  Worcester
3.  01/27-31 AL (40hrs)

65

# EXHIBIT I

**From:**      Tom Bezanson
**To:**        Marshal
**Date:**      2/5/03 10:17am
**Subject:**   EEO Investigation # 03-0023 - Cynthia DeCaire -Forwarded

Marshal,

This is the complaint I rec'd.

I'll send you my reply first before, I sent it.

Tom

**CC:**        Dave

/0 S

I am the EEO Counselor assigned to an EEO complaint, which has been filed by **DUSM Cynthia DeCaire**. In the complaint, DUSM DeCaire has indicated that she feels she has been discriminated against due to being a female and a single parent (parental status). She also has indicated that she feel that she has been retaliated against due to being a female.

This complaint is at the Informal Counseling Stage. To assist in processing the complaint, please respond to the following allegations/questions:

1. DUSM DeCaire has alleged that another female DUSM (Susan Williams), and her are being discriminated against by virtue of being directed, on 1/21/03 by their supervisor Tom Bezanson, to rotate to the Boston office on a weekly basis due to the lack of manpower. DUSM DeCaire stated that neither of the two male deputies (DUSMs Kevin Wahl and Mark Lewis) in the Worcester suboffice office had to participate in this rotation, and that one of them, DUSM Wahl, was advised that he would have to rotate to the Springfield Office when needed. She further stated that on 2/3/03, she was advised that she was being transferred back to the Boston office.

   a. Please take this opportunity to **comment** of the allegations of the disparate rotational assignments, particularly why the male deputies are not being subjected to this rotation.

2. DUSM DeCaire also alluded to a personality conflict between TFA Darlene DeCaire and herself and which she documented in an email to you dated 12/20/02

   She added that a male deputy (DUSM Mark Lewis), who was junior to her (Cynthia DeCaire) and less experienced ultimately was selected for the investigative assignment in Worcester. She concluded by stating that she felt that this information and the Marshal's personal relationship with TFA DeCaire affected the decision of her not receiving the investigative position.

   A. Please take this opportunity to comment on the your knowledge of the personality conflict between DUSM DeCaire and TFA Darlene DeCaire.

   B. Please take this opportunity to comment on your knowledge of the selection of DUSM Mark Lewis for the investigative assignment in Worcester.

It would be appreciated if you would respond to this inquiry **no later than the close of business, Tuesday, February 11, 2003.** Additionally, you can feel free to forward any relevant documentation to me to my **private fax at 816/374-6124**. In the interim, feel free to call me at **816/467-1970** if you have any questions.

118

**From:**      Tom Bezanson
**To:**        Marshal
**Date:**      2/6/03 2:27pm
**Subject:**   EEO

Attached EEO/DeCaire complaint with my comments.

**CC:**        pdunne,Dave

/2S

From:       Tom Bezanson
To:         JPATSKC.PO(bwesley)
Date:       2/14/03 4:09pm
Subject:    EEO Investigation # 03-0023 - Cynthia DeCaire -Reply

Bob,


The attached information is related to the email I never received from DUSM
DeCaire.  Apparently, DUSM DeCaire did send the email to me with a BC to SDUSM
Jeff Bohn.   According to the record, the email was retracted 02/07/36.  The
reason for this:  I went on leave for the next week.  The HQ server had a time
and date malfunction (02/07/36), over that time period.  Because of that, all
servers across the country had to reset their time/date.  If I opened my email
before the HQ server problem I would have received the message.

My response to the email:  I have never had a problem with TFA Darlene
DeCaire.  She has always been a model for hard work and a great attitude.  I
have never even heard a negative comment towards her.  This also can be said
for DUSM Mark Lewis, who works hard everyday without complaint.  It should be
noted that DUSM DeCaire worked with DUSM Lewis in the Boston office and were
considered good friends.


If you need any evidence of a conflict in this office please read DUSM
DeCaire's email.   Two DUSMs that are unhappy with the fact that another DUSM
and a TFA is in a position they want.  Since DUSM DeCaire arrived in this
office as a DUSM not a assigned to the HIDTA task force, she would not even
acknowledge DUSM Lewis or TFA DeCaire.  DUSM Williams who seemed to get along
with everyone also stopped all contact and basic professional courtesies with
DUSM Lewis and TFA DeCaire, again, once DUSM DeCaire arrived in the office.

What is "offensive in numerous ways", is two senior DUSMs that act like
children when they don't get their way.  As a Supervisor, I can not make
people like each other but would insist that we show each other basic common
courtesy which they continue to avoid.

138