# SEGAL, ROITMAN & COLEMAN
COUNSELLORS AT LAW
11 BEACON STREET
SUITE 500
BOSTON, MASSACHUSETTS 02108

DONALD J. SIEGEL
PAUL F. KELLY
IRA SILLS
MARY THOMAS SULLIVAN*
SHELLEY B. KROLL
BURTON E. ROSENTHAL
ANNE R. SILLS
KATHRYN S. SHEA
INDIRA TALWANI**
ELIZABETH ARIENTI SLOANE
MICHAEL J. DOHENY
JACQUELINE M. NUNEZ

ROBERT M. SEGAL (1915-1999)

OF COUNSEL
RICHARD W. COLEMAN
HAROLD B. ROITMAN
JOANNE F. GOLDSTEIN
JOSEPH P. McKENNA, Jr.
PAUL S. HOROVITZ

*Also Admitted to the New Hampshire Bar
**Also Admitted to the California Bar

May 16, 2003

By Facsimile (202) 307-8765 and Certified Mail

Lisa M. Dickinson
EEO Officer
U.S. Department of Justice
United States Marshals Service
Washington, D.C. 20530-1000

Re: Cynthia A. DeCaire
Complaint Docket Number: M03-0025

Dear Ms. Dickinson:

On February 27, 2003, my client, Cynthia A. DeCaire, filed a discrimination complaint against the United States Marshals Service, and by letter dated April 11, 2003, you informed me that two issues from that complaint were being accepted for investigation. Through this letter, Ms. DeCaire seeks to amend her original complaint to add the following allegations concerning reprisal discrimination (prior EEO activity) that has occurred since the filing of the original complaint.

On March 12, 2003, the Marshals Service received three new 082's non-criminal investigators from the Academy. Although Ms. DeCaire had originally been informed that she was being moved to Court Operations because of a manpower shortage, Ms. DeCaire was not given the option of moving from Court Operations when the new 082's joined the unit.

**EXHIBIT 5**

Lisa M. Dickinson
May 16, 2003
Page 2 of 3

On March 17, 2002, Deputy Marshal Scott Kimball, who has less seniority with the Marshals Service than Ms. DeCaire, was permitted to be reassigned to Warrants, while this option was not given to Ms. DeCaire.

Just prior to April 21, 2003, the Court Operations Supervisor transferred to another unit. In the past, when a supervisory position opens up, notice is giving that the position would be filled with an acting supervisor. In this case, no such notice was given, but on April 21, 2003, Ms. DeCaire nonetheless requested that she be considered for this position. She received no response to her inquiry, and the position was filled by Allison Hodgkins on April 28, 2003.

On April 23, 2003, Ms. DeCaire also requested that she be considered for the Warrant Coordinator position if it opened up. Although the position was vacated when Allison Hodgkins moved to the Court Operations Supervisor position, Ms. DeCaire received no response to her inquiry. The position was filled instead by Paul Sugrue on April 28, 2003.

The following facts support Ms. DeCaire's claim that the refusal to move her from Court Operations, and in particular, the refusal to permit her to fill the Acting Supervisor position or the Warrant Coordinator position, was in reprisal for her filing the original complaint. First, Ms. DeCaire is qualified for the positions, having served successfully as Acting Supervisor in the Worcester office in July to September of 2001 (and in fact was awarded a Superior Accomplishment Award for her service in this position), and as Investigative Team Leader prior to her transfer last Fall to Worcester. Second, a task agent from outside of the Marshals Service has informed Ms. DeCaire that he had a conversation with Marshal DiChio during the week of February 24, 2003, during which Marshal DiChio discussed Ms. DeCaire's EEO complaint and stated, among other things, that as long as Marshal DiChio was there, Ms. DeCaire was "going nowhere." Third, at a meeting of the Court Operations section on March 17, 2003, Ms. DeCaire raised with Chief Dave Dimmitt the question of whether, since she purportedly had been transferred to Boston because of a manpower shortage, the hiring of three new 082's from the academy would mean that she would be transferred back. Chief Dimmitt responded that he would discuss the issue with the Marshal, but Ms. DeCaire received no further information from either Chief Dimmitt or Marshal DiChio about her continuing placement in Court Operations. Fourth, at this same meeting, Chief Dimmitt also advised the group not to "take on" the Marshals Service and that he was looking for a few particular individuals to "change their attitude." Fifth, the subject of Ms. DeCaire's EEO Complaint apparently remains one of discussion amongst management, as another task force agent from outside the Marshals Service has advised Ms. DeCaire that as recently as May 9, 2003, Supervisory Deputy Anthony Visalli brought up the issue of her EEO Complaint at a lunch meeting with various Deputy Marshals and two outside task force members, and suggested that Deputy Marshall Jeffrey

Lisa M. Dickinson
May 16, 2003
Page 3 of 3

Bohn (who was not present during this conversation) had been removed from his position on the task force because of Ms. DeCaire's complaint. (As documented in the EEO Counseling report, Marshall DiChio is aware that Ms. DeCaire and Mr. Bohn are romantically involved).

Ms. DeCaire seeks as an additional remedy the promotions to Acting Supervisor and the Warrant Coordinator position she was denied, lost back pay, and all other appropriate remedies.

Please advise me if this letter suffices as an amendment to the original complaint, or if Ms. DeCaire should file a formal Amended Complaint of discrimination on a particular form.

I look forward to hearing from you.

Sincerely,

Indira Talwani

Cc: Cynthia A. DeCaire
    Gerald M. Auerbach, Esq.