UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

CYNTHIA A. DECAIRE,

        Plaintiff

        vs.                             C.A. No. 04-10593WGY

JOHN D. ASHCROFT, in his official position as
Attorney General of the United States.

        Defendant
_____

## AFFIDAVIT OF CYNTHIA A. DECAIRE

I, Cynthia A. DeCaire, declare:

1.    I am employed as a Deputy United States Marshal, Criminal Investigator, 1811 grade 12 with the United States Marshals Service and I am the Plaintiff in this action. This affidavit supplements my Affidavit of June 2003, provided during the investigation of my original and amended EEO complaint, and my Affidavit of June 2004, provided during the investigation of my second EEO complaint.

2.    During my one-on-one interview with United States Marshal Anthony Dichio, he asked me if there were any personal relationships he should know about. I told him that Jeff Bohn, who at the time was Acting Supervisory Deputy United States Marshal, and I had a relationship and lived together, and that I used to be related through my uncle's marriage (which had ended in a divorce) to State Trooper Darlene DeCaire who was a member of the HIDTA Task Force.

3. I am aware of a document produced by the Defendant in discovery, Plaintiff's Exhibits in Opposition to Defendant's Motion for Summary Judgment and in Support of Plaintiff's Cross-Motion for Partial Summary Judgment ("Plaintiff's Exhibits"), Exhibit 28. I have located a document that appears to be, and to my understanding is, the cover page and recognition section corresponding to this same document. Exhibit 30 is a true and correct copy of that document.

4. On January 23, 2003, Deputy United States Marshal Susan Williams and I protested certain actions by United States Marshal Anthony Dichio. We submitted a memorandum to Ronnie Boyd of the Marshals Services' human relations office concerning this issue, but were advised by that office to submit our complaint to the Marshals Services' EEO office.

5. On or about January 24, 2003, I received a notice from the Marshals Service's EEO office. Plaintiff's Exhibit 5, Notice from EEO Division, January 24, 2003, is a true and correct copy of that notice.

6. At no time have I received notice time from the Marshals Service's EEO office that my EEO complaint had been dismissed based on any purported filing under a negotiated grievance procedure, and I was never told by the EEO office to raise the matter of discrimination through a grievance.

7. On February 3, 2003, I received notice that I had been assigned to replace a junior "082" Deputy Marshal in the Court Operations unit in Boston. I brought this new assignment to the attention of the Marshals Service's EEO counselor.

- 3 -

8.	Between October 21, 2003, and November 12, 2003, I responded to merit promotion announcement #03-136, for a Supervisory Deputy Marshal position in the District of Massachusetts. I was not awarded this position.

9.	Between October 28, 2003, and November 13, 2003, after informing Supervisory Deputy Marshal Bezanson that I was pregnant, I continued to perform work in the Worcester sub-office, including serving process and administrative work. Supervisory Deputy Bezanson kept saying that he would try to find work for me in Worcester so that I would not end up in the Boston control room.

10.	Between March 8, 2004, and March 29, 2004, I responded to merit promotion announcement #04-030 for a Judicial Security Inspector position in the District of Massachusetts. I was not awarded this position.

11.	Between December 9, 2004, and December 30, 2004, I responded to merit promotion announcement #04-135, for a Judicial Security Inspector position in the Judicial Security Division - Court Security Program – Boston, Massachusetts. To my knowledge, no decision has yet been made on this position.


Signed under the penalties of perjury this 16th day of April, 2005, in Westboro, Massachusetts.

　　　　　　　　　　　　　　　　　　　　　_____/s/ Cynthia A. DeCaire_____
　　　　　　　　　　　　　　　　　　　　　Cynthia A. Decaire