**U.S. Department of Justice**

United States Attorney
Northern District of New York

445 Broadway, Room 218          TEL: (518) 431-0247
James T. Foley U.S. Courthouse   FAX: (518) 431-0249
Albany, New York 12207-2924

4 February 2005

**FEDEX**
Indira Talwani
Segal, Roitman & Coleman
11 Beacon Street
Suite #500
Boston, MA 02108

Re: <u>DeCaire v. Ashcroft CA No. 10593WGY</u>

Dear Ms. Talwani:

Enclosed please find Defendant's updated response to Plaintiff's First Request for Production of Documents. Document number 491 has been added to the previous disclosure. This document was previously provided to me, and may in fact be included in the materials already provided, however it did not appear chronologically and is provided out of an abundance of caution. This document is included in the updated index below.

"1. All documents identified in response to Plaintiff's First Set of Interrogatories."

**Except as noted in request number 28 and 29 below, said documents have been provided.**

"2. Plaintiff's complete personnel record, including but not limited to all documents concerning: (a) Plaintiff's qualifications for employment, promotion, transfer, additional compensation or disciplinary action; and/or (b) Plaintiff's work history at the United States Marshals Service, including job titles, work assignments, job location, performance evaluations, promotions, disciplinary action, or commendations;"

**Please refer to pages 1-42, 48-49, 55, 63-65, 67-70, 73-88, 90-93, 102, 106-08, 110-28, 139-241, 244-47, 250-56, 259-60, 263-64, 266-60, 272-331, 359-370, 373-75, 379-80, 402-435.**

"3. All documents, written or created since August 1, 2002, which refer to Plaintiff or her EEO complaint or complaints, including all parts of the investigative files for Plaintiff's EEO complaints that were not previously produced to Plaintiff."

**Please refer to pages 258, 358.**

"5. Marshal Dichio's contemporaneous notes of his initial meetings after taking office as United States Marshal with each of his subordinates, including but not limited to the notes of his August 26, 2002, meeting with Cynthia DeCaire."

**Please refer to pages 381-401.**

"6. All documents concerning the filling of the investigative position referenced in Paragraph 16 of the Amended Complaint, including but not limited to documents concerning Deputy United States Marshal Susan Williams' interest in or qualifications for the position, documents concerning Deputy United States Marshal Mark Lewis' interest in or qualifications for the position, documents concerning the evaluation of candidates for the position, and documents concerning the decision to place Deputy United States Marshal Lewis in the position."

**Please refer to pages 47, 50-53.**

"7. All documents concerning the transfer of Deputy Marshal McKearney out of the non-investigative position in Worcester as reference [sic] in Amended Complaint, ¶ 24."

**Please refer to pages 43-44, 54.**

"8. All documents concerning the alleged shortage of manpower referenced in Amended Complaint, ¶ 26."

**Please refer to pages 107, 491.**

"9. All documents concerning the decision in January 2003 to assign only Cynthia DeCaire and Deputy U.S. Marshal Williams to rotate to the Boston Court operations;"

**Please refer to page 261.**

"10. All documents concerning the decision in January of February 2003 to stop the rotation of Deputy United States Marshal to the Boston Court operations;"

**Please refer to page 61.**

"11. All documents concerning any meeting or meetings between Marshal Dichio and Deputy U.S. Marshal David Taylor and/or Supervisory Deputy U.S. Marshal Tom Bezanson between January 24, 2003 and February 3, 2003."

**Record review uncovers no document responsive to this request.**

"12. All documents concerning the vacancy created by a series 0082 Deputy in Boston as referenced in the Amended Complaint, ¶ 36;"

**Please refer to pages 63-65.**

"13. All documents concerning the decision not to assign a Deputy other than Cynthia DeCaire to fill the vacancy in the Boston Courts Operation as referenced in the Amended Complaint, ¶ 36."

**Please refer to page 66.**

"14. All documents concerning any communications between Marshal Dichio and any member of the Brockton Police Department since August 1, 2002;"

**Interrogatory 14 is objected to as overbroad, vague, non-specific and unduly burdensome as there is no indication that the information requested seeks relevant and material information and information likely to lead to admissible evidence. The United States Marshal and those acting on his behalf interact with various members of local police departments on a daily basis pertaining to ongoing investigations, law enforcement policy, and coordination of law enforcement activities. These communications may be directed specifically to one local Department or to many local Departments and may number in the thousands during the period for which such documentation is requested.**

"15. All documents concerning the filling of the opening in the Boston Warrants unit as referenced in Paragraph 40 of the Amended Complaint, including but not limited to documents concerning Deputy United States Marshal Scott Kimball's interest in or qualifications for the position, documents concerning the evaluation of candidates for the position, and documents concerning the decision to place Deputy United States Marshal Kimball in the position."

**Record review uncovers no document responsive to this request.**

"16. All documents concerning the meeting held by Chief Deputy U.S. Marshal Dimmitt referenced in the Amended Complaint, ¶ 41."

**Record review uncovers no document responsive to this request.**

"17. All documents concerning the filling of the Court Operations Supervisor position referenced in Paragraph 42 of the Amended complaint, including but not limited to documents concerning the interest in or qualifications of any candidates for the position."

**Record review uncovers no document responsive to this request.**

"18. All documents concerning the filling of the Warrant coordinator position referenced in Paragraph 43 of the Amended Complaint, including but not limited to documents concerning Deputy United States Marshal Paul Sugrue's interest in or qualifications for the position, documents concerning the evaluation of candidates for the position, and documents concerning the decision to place Deputy United States Marshal Sugrue in the position."

**Record review uncovers no document responsive to this request.**

"19. All documents concerning the filling of the Acting supervisor of Court Operations position referenced in Paragraph 46 of the Amended complaint, including but not limited to documents concerning: the identity of the female deputy with whom Assistant chief David Taylor spoke regarding the position as referenced in Answer to Paragraph 46 of the Amended Complaint; the interest in or qualifications of that individual for the position; the evaluation of candidates for the position; or the decision to place Assistant Deputy U.S. Marshal Alison Hodkins in the position."

**Record review uncovers no document responsive to this request.**

"20. All documents concerning the filling of the Warrant Coordinator position referenced in Paragraph 46 of the amended Complaint, including but not limited to documents concerning Deputy United States Marshal Kevin Donahue's interest in or qualifications for the position, documents concerning the evaluation of candidates for the position, and documents concerning the decision to place Deputy United States Marshal Donahue in the position."

**Please refer to pages 89, 100-01.**

"21. All documents concerning health and safety concerns raised by any person regarding work in the Boston control room."

**Please refer to pages 130-38, 332-56.**

"22. All documents concerning the assignment or assignments given to United States Deputy Marshals in the District of Massachusetts while on limited duty."

**Please refer to pages 108, 116-26, 128, 130, 468-71, 478-82.**

"23. All documents concerning the practice at the U.S. Marshals Service prior to August 2002 for covering manpower shortages in the Boston Court Operations;"

**Record review uncovers no document responsive to this request.**

"24. Job descriptions in effect at any time since August 2002 for the following positions: (a) the series 0082 position; (b) the series 1811 Criminal Investigator position; (c) the Team

Leader position in Warrants; (d) the warrant coordinator position; and the (e) court operations supervisory position."

**Please refer to pages 103-05, 109, 248-49, 376-78, 436-447.**

"25. All documents describing the policy or policies of the Marshals Service (as a whole and/or within the District of Massachusetts) regarding discrimination on the basis of gender and/or retaliation against employees who complain about such discrimination."

**Please refer to pages 448-450, 487.**

"26. All documents describing the policy or policies of the Marshals Service (as a whole and/or within the District of Massachusetts) concerning limited duty assignments."

**Please refer to pages 468-482.**

"27. All documents describing the policy or policies of the Marshals Service (as a whole and/or within the District of Massachusetts) concerning the use of seniority in connection with assignments, transfers, promotions, or similar employment actions."

**Please refer to pages 451-486.**

"28. All form SF50's for any employee of the Marshals Service in the District of Massachusetts dated at any time since August 1, 2002;"

**By telephone conversation on February 4, 2005, this request was narrowed to SF50s pertaining to assignment/reassignment locations, promotions and awards that are not automatic in nature. These documents will be made available for review, as they are not able to be legibly reproduced by the USMS. The parties have agreed that information subject to the provisions of the Privacy Act will not be collected during said review.**

"29. The logs showing which individuals accessed the basement of the Federal Courthouse in Boston during the week of February 24, 2003, and the time of such access."

**By telephone conversation on February 4, 2005, this request was narrowed, in the first instance, to data pertaining to Marshal Dichio and Joseph Cummings. See affidavit of AUSA Barbara D. Cottrell attached hereto with regard to the status of the requested documents.**

The following pages have been provided by the agency (and thereafter, to you), which do not appear to fall within Plaintiff's First Document request:

**Pages 45-46, 56-60, 62, 71-72, 94, 95-99, 129, 257, 262, 265, 270-71, 357-58, 371-72,**

**488-90.**

        Sincerely

        GLENN T. SUDDABY
        UNITED STATES ATTORNEY
        Northern District of New York

        *Barbara D. Cottrell*
        BARBARA D. COTTRELL
        ASSISTANT U.S. ATTORNEY