UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CYNTHIA A. DECAIRE,

    Plaintiff

vs.

JOHN D. ASHCROFT, in his official position as
Attorney General of the United States.

    Defendant

C.A. No. 04-10593WGY

### DEFENDANT'S AMENDED RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff requests that Defendant admit the truth of the following matters.

INSTRUCTIONS AND DEFINITIONS

1. Pursuant to Local Rule 26.5, the full text of the definitions set forth in Local Rule 26.5(C) is deemed incorporated by reference into this discovery request.

2. Pursuant to Federal Rule of Civil Procedure 36, each matter of which an admission is requested is admitted unless, within 30 days after service of the request, Defendant serves a written answer or objection addressed to the matter. If objection is made, the reasons therefore shall be stated. The answer shall specifically deny the matter or set froth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder.

3. Pursuant to Local Rule 36.1, statements and objections in response to requests for admissions shall be made in the order of the requests for admission propounded, each answer, statement or objection shall be preceded by the request for admission to which it responds, and each objection and the ground therefore shall be stated separately.

REQUESTS FOR ADMISSIONS

1. Defendant admits the genuineness of each document produced by Defendant in response to Plaintiffs' First Set of Requests for Documents.

**Answer: Admit.**

2. Plaintiff has exhausted her administrative remedies as to those matters set forth in her second EEO complaint.

**Answer: Deny. Claims contained in Plaintiff's January 23, 2003 grievance to the USMS Human Resources Division are foreclosed by the Civil Service Reform Act, 5 U.S.C. § 7121(d)(1994). Plaintiff's allegations regarding the events of March 17, 2003 are foreclosed by 29 C.F.R. 1614.105(a)(2).**

3. In February 2003, the supervisor in Court Operations in Boston was unaware that Cynthia DeCaire had been transferred to Court Operations in Boston prior to being so informed by Cynthia DeCaire.

**Answer: Deny. SDUSM Doherty can neither confirm nor deny the accuracy of this statement.**

4. Cynthia DeCaire has greater seniority with the Marshals Service than Mark Lewis.

**Answer: Admit.**

5. In February 2003, there were Deputy United States Marshals assigned to the Warrants unit in Boston who had less seniority with the Marshals Service than Cynthia DeCaire.

**Answer: Admit.**

6. In February 2003, there were Deputy United States Marshals assigned to the Warrants unit who lived closer to Boston than Cynthia DeCaire.

**Answer: Admit.**

7. Cynthia DeCaire has greater seniority with the Marshals Service than Scott Kimball.

**Answer: Admit.**

8. When the Court Operations Supervisor position opened up in April 2003, no notice was given that the position would be filled with an acting supervisor before an acting supervisor was selected.

**Answer: Admit that plaintiff was not notified.**

9. Immediately prior to Kevin Donahue's assignment as Warrant Coordinator, he was assigned to Court Operations.

**Answer: Admit.**

10. Cynthia DeCaire has greater seniority with the Marshals Service than Kevin Donahue.

**Answer: Admit.**

11. In 2003, Kevin Wahl was permitted to continue working in Worcester while on limited duty.

**Answer: Deny.**

12. In October 2003, Cynthia DeCaire was given no choice in assignments and was

transferred to the Worcester sub-office.

**Answer: Admit that Cynthia DeCaire was transferred to the Worcester sub-office in October 2003.**

13. In October 2003, there were deputies assigned to the Warrants unit who had less seniority with the Marshals Service than Cynthia DeCaire.

**Answer: Admit.**

14. In October 2003 and continuing to the present, Supervisory Deputy Jeffrey Bohn has not served as the supervisor of the Warrants unit.

**Answer: Admit.**

15. The seniority list provided by William Ryan in connection with the investigation of Complaint M-03-0025 states dates of government service rather than dates of service with the United States Marshals Service.

**Answer: Deny.**

16. No policy of the United States Marshals Service prohibits married employees

5

from working in the same office so long as one spouse does not supervise the other spouse.

**Answer: Deny.**

GLENN T. SUDDABY
UNITED STATES ATTORNEY
NORTHERN DISTRICT OF NEW YORK

BY: *Barbara D. Cottrell*
      /s/

BARBARA D. COTTRELL
ASSISTANT U.S. ATTORNEY
Bar Roll #: 101411 (NDNY)

445 Broadway, Room 218
Albany, New York 12207
(518)431-0247

CERTIFICATE OF SERVICE

I hereby certify that the foregoing RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS has been served upon Plaintiff, Cynthia DeCaire, by service upon the attorney of record for the Plaintiff, Indira Talwani, Esq., by electronic mail addressed to Italwani@Segalroitman.com this 7th day of April, 2005, and by regular mail to Segal, Roitman & Coleman, 11 Beacon Street, Suite 500, Boston, MA 02108.

*Barbara D. Cottrell*
/s/
Barbara D. Cottrell