UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CYNTHIA A. DeCAIRE,
              Plaintiff,

v.

JOHN D. ASHCROFT, in his official position as Attorney General of the United States,
              Defendant.

Civ. Action No. 04-10593WGY

-----------------------------------------------

## DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

1. As to each allegation of fact in the Complaint not fully admitted, please state the specific basis for the denial.

**RESPONSE:**

    1. See EEO Report of Investigation Docket Nos. M-04-0012 and M-03-0025, previously provided to Plaintiff. Marshal Dichio has neither discriminated nor retaliated against plaintiff.

    11. The specific basis for denial of paragraph 11 of the amended complaint is plaintiff's use of the term "permanent".

    15. See EEO Report of Investigation Docket Nos. M-04-0012 and M-03-0025. Defendant objects to the characterization of the initial interview between Plaintiff and Marshal Dichio.

    21. See EEO Report of Investigation Docket No. M-03-0025. The specific basis for the denial is the allegation that "Marshal Dichio told Deputy Marshal Decaire that he did not want 'two <u>women</u> Decaires' (emphasis added) in the unit."

    23. The specific basis for denial of paragraph 23 of the amended complaint is plaintiff's characterization of the conversation between plaintiff and Marshal Dichio.

    27. The specific basis for denial of paragraph 27 of the amended complaint is that plaintiff's allegation is ambiguous, vague and unclear.

31. See EEO Report of Investigation Docket No. M-03-0025, Deposition of Marshal Dichio dated December 14, 2004. As pertains to plaintiff, the specific basis for denial pertains to the manner in which Marshal Dichio learned that plaintiff had initiated an EEO complaint.

32. See EEO Report of Investigation Docket No. M-03-0025. Defendant specifically objects to the characterization of statements purportedly made by Marshal Dichio.

33. See deposition of Marshal Dichio, dated December 14, 2004. Defendant denies the characterization of any purported conversation between Marshal Dichio and Assistant Chief Durette.

34. See EEO Report of Investigation Docket No. M-03-0025.

37. See EEO Report of Investigation Docket No. M-03-0025.

39. See deposition of Marshal Dichio, dated December 14, 2004. Defendant denies each allegations set forth in paragraph 39.

41. See EEO Report of Investigation Docket No. M-03-0025. Defendant specifically denies that the alleged statement referenced therein was made.

42. See Deposition of Paul Durette, dated January 28, 2005. Defendant specifically denies the existence of a standard procedure for advertising internal supervisory positions.

44. See EEO Report of Investigation Docket No. M-03-0025. Defendant specifically denies that Deputy Sugrue did not desire a supervisory position.

47. See EEO Report of Investigation Docket No. M-03-0025; deposition of Marshal Dichio, dated December 14, 2004. Defendant specifically objects to the characterization that Deputy Decaire was eligible for consideration for the Warrant Coordinator position.

49. See EEO Report of Investigation Docket No. M-04-0012. Defendant specifically objects to the characterization that assignment to the control room is in any way punitive, and, except for informing plaintiff that her duty station would be changed according to where she could perform light duty, denies the remaining alleged statements purportedly made to plaintiff.

50. See EEO Report of Investigation Docket No. M-04-0012 and pages 130-38, 332-56 of Defendant's response to plaintiff's request for production of documents. Defendant specifically denies that the control room was overly heated or that plaintiff was subjected to any adverse working conditions alleged.

52. See EEO Report of Investigation Docket Nos. M-03-0025 and M-04-0012. Defendant specifically denies each allegation contained in this paragraph.

54. See EEO Report of Investigation Docket Nos. M-03-0025 and M-04-0012. Defendant specifically denies each allegation contained in this paragraph.

2. Please state the material facts on which each affirmative defense is based.

**RESPONSE:**

1. Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted as Defendant has neither discriminated nor retaliated against plaintiff.

2, 3. Defendant has neither discriminated nor retaliated against plaintiff. Defendant's transfer and assignment determinations are consistent with the practice and policies of the USMS and in each instance cited by plaintiff were non-discriminatory and non-retaliatory.

3. Please identify each person with substantial discoverable information regarding each disputed allegation of the Amended Complaint and/or each material fact on which an affirmative defense is based, and as to each such person, provide a brief summary of that information.

**RESPONSE:**

This information is contained within the EEO Reports of Investigation, Docket Nos. M-03-0025 and M-04-0012, previously provided to plaintiff, and in the deposition of Marshal Dichio, dated December 14, 2004.

4. Please identify each document containing information relevant to any disputed allegation of the Amended Complaint and/or each material fact on which an affirmative defense is based.

**RESPONSE:**

This information is contained within the EEO Reports of Investigation, Docket Nos. M-03-0025 and M-04-0012, previously provided to plaintiff, and in the Defendant's response to plaintiff's request for document production, pp. 1-491.

5. As to each individual holding the position of Deputy United States Marshal in the District of Massachusetts at any time between August 1, 2002, and the present, please state the date the individual commenced employment with the Marshals Service, the location or locations to which the individual was assigned between August 1, 2002, and the present, and the dates of those assignments.

**RESPONSE:**

See response number 28 to plaintiff's request for production of documents.

6. As to each award or other recognition of superior service given to an employee of the Marshals Service for the District of Massachusetts since August 1, 2002, please identify the award or recognition given, the employee who received the award or recognition, the date of the award or recognition, the basis for the award or recognition, the group of employees considered for the award or recognition, and the individual or individuals who made the determination that the award or recognition should be given.

**RESPONSE:**

See response number 28 to plaintiff's request for production of documents.

### Certification

I do hereby certify that I am authorized to answer the foregoing interrogatories on behalf of Defendant, and that, while I do not have personal knowledge of all the facts recited in the foregoing responses, the information contained therein has been collected and made available to me by others, and said responses are true to the best of my knowledge and belief, based upon the information made available to me.

Dated: February 4, 2005

/s/ Barbara D. Cottrell
Barbara D. Cottrell
Assistant U.S. Attorney
Northern District of New York