Case 1:04-cv-10593-EFH   Document 34   Filed 04/21/2005   Page 1 of 6

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

CYNTHIA A. DECAIRE,

         Plaintiff

        vs.

JOHN D. ASHCROFT, in his official position as Attorney General of the United States.

         Defendant
_____

C.A. No. 04-10593WGY

## STATEMENT OF MATERIAL FACTS AS TO WHICH PLAINTIFF CONTENDS THAT THERE IS NO GENUINE ISSUE FOR TRIAL IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Local Rule 56.1, Plaintiff Cynthia A. DeCaire contends that there exists no genuine issue for trial as to the to the material facts set forth below:

1. At all times relevant to this action, Plaintiff was employed by United States Marshals Service as a Deputy United States Marshal for the District of Massachusetts. Statement Of Material Facts As To Which Defendant Contends There Is No Genuine Issue For Trial (**"**Defendant's Statement of Facts"), ¶ 1.

2. At all times relevant to this action, Deputy Marshal DeCaire's assignment within the United States Marshals Service was in its Operations Division. Defendant's Exhibits in Support of Motion for Summary Judgment ("Defendant's Exhibits"), Exhibit A, Requests for Personnel Action.

3.      Deputy United States Marshals assigned to the Operations Division are excluded from coverage under collective bargaining agreements between the Department of Justice and any labor organizations.  Executive Order 12632, 53 FR 9852, 1988 WL 1099334 (Pres.), amending Executive Order 12171, 44 FR 66565, 1979 211464 (Pres.), attached as Exhibits 1 and 2 to Plaintiff's Request for Judicial Notice; see also Plaintiff's Exhibits in Opposition to Defendant's Motion for Summary Judgment and in Support of Plaintiff's Cross-Motion for Partial Summary Judgment ("Plaintiff's Exhibits"), Exhibit 6, Affidavit of Cynthia A. DeCaire, April 16, 2005, ¶ 2, and Exhibit 30, 1996 Master Agreement Between the United States Marshals Service and the American Federation of Government Employees, AFL-CIO, International Council of U.S. Marshals Service Locals, C-210, Article 1, § 3.

**Plaintiff's Original and Amended EEO Complaint**

4.      On January 23, 2003, Plaintiff submitted a request for EEO counseling. Defendant's Statement of Facts, ¶ 3.

5.      On or about January 24, 2003, the EEO office notified Plaintiff of her rights under the Federal Sector EEO Complaint Procedures.  The notice specifically provided that "[i]f you are covered by a collective bargaining agreement that permits you to raise allegations of discrimination under a negotiated grievance procedure, you have the RIGHT to elect the way you want your allegation handled, [including] fil[ing] a grievance under the negotiated grievance procedure."  Plaintiff's Exhibit 6, Affidavit of Cynthia A. DeCaire, April 16, 2005, ¶ 4; Plaintiff's Exhibit 5, Notice from EEO Division, January 24, 2003 at 5.  The notice provided further that "[i]f you file an EEO complaint after you file a grievance on the same matter, your EEO complaint will be dismissed, and you will be told to raise the matter of discrimination in your grievance.  You will then have the right to appeal the final decision on the grievance to the

EEOC." Plaintiff's Exhibit 5, Notice from EEO Division, January 24, 2003 at 5. Plaintiff's EEO complaint was <u>not</u> dismissed and she was never told to raise the matter of her discrimination through a grievance. Plaintiff's Exhibit 6, Affidavit of Cynthia A. DeCaire, April 16, 2005, ¶ 5.

6. Deputy Marshal DeCaire received notice on February 3, 2003, that she was assigned to replace a junior "082" Deputy Marshal in the Court Operations unit in Boston. Plaintiff's Exhibit 6, Affidavit of Cynthia A. Decaire, April 16, 2005, ¶ 6; <u>see also</u> Plaintiff's Exhibit 25, E-Mail from Assistant Chief Paul Durette to all hands, February 3, 2003. Deputy DeCaire brought this new assignment to the attention of the Marshals Service's EEO counselor as well. Plaintiff's Exhibit 6, Affidavit of Cynthia A. DeCaire, April 16, 2005, ¶ 6.

7. On February 14, 2003, a Notice of Right to File a Discrimination Complaint was issued. On February 27, 2003 Plaintiff filed a formal EEO complaint. Defendant's Statement of Facts, ¶ 3.

8. Plaintiff's Exhibit 1, Complaint of Discrimination, February 27, 2003, is a true and correct copy of Plaintiff's EEO Complaint filed on February 27, 2003. Plaintiff's Exhibit 1, Complaint of Discrimination, February 27, 2003. In her complaint, Deputy Decaire protested, <u>inter alia</u>, the initial rotational assignment as well as the assignment replacing an 082 deputy in the Court Operations unit.

9. In a letter of April 11, 2003, in addition to identifying certain issues for investigation, the Marshals Service's EEO officer concluded that issues concerning the initial meeting Deputy Marshal DeCaire had with Marshal Dichio concerning her "personal life and the matter concerning her not being selected for the investigations position in Worcester . . . could be used as background information." Defendant's Motion for Summary Judgment, Exhibit C, Letter from EEO Officer Lisa M. Dickinson, April 11, 2003, at 2.

10. On May 13, 2003, Plaintiff raised new claims of discrimination and reprisal. Defendant's Statement of Facts, ¶ 5.

11. Plaintiff's Exhibit 2, Letter to Lisa M. Dickinson, May 16, 2003, is a true and correct copy of Plaintiff's counsel's letter seeking to amend Plaintiff's original complaint. Plaintiff's Exhibit 2, Letter to Lisa M. Dickinson, May 16, 2003. This letter included the allegations that: (1) on March 12, 2003, the Marshals Serviced had received three new 082's non-criminal investigators while Deputy DeCaire remained in the 082 assignment; (2) that after the new 082's were assigned to Boston, Deputy Marshal Scott Kimball, who had less seniority with the Marshals Service, was permitted to move from Court Operations to the Warrants Investigation unit while Deputy Marshal DeCaire remained in the 082 assignment; (3) that Deputy Marshal DeCaire was not considered for an Acting Supervisor position (which on April 28, 2003 was given to Deputy Marshal Alison Hodgkins); and (4) that Deputy DeCaire was not considered for the Warrant Coordinator position (which on April 28, 2003 was given to Deputy Marshal Paul Sugrue). Id. The letter also alleged that a task force agent from outside of the Marshals Service had informed Deputy DeCaire that he had had a conversation with Marshal Dichio during the week of February 24, 2003, during which Marshal Dichio discussed Deputy DeCaire's complaint and stated, among other things, that as long as Marshal Dichio was there, Deputy DeCaire was "going nowhere." Id.

12. On May 30, 2003, Plaintiff's counsel's letter was treated as an amendment to the original complaint. Defendant's Statement of Facts, ¶ 6 (but mistakenly claiming that the letter was dated May 20, 2003); see also Defendant's Motion for Summary Judgment, Exhibit D, Letter from EEO Officer Lisa M. Dickinson, May 30, 2003, at 1.

13. In her May 2003, letter, the EEO officer also concluded that the issue regarding a deputy with less seniority than Deputy Marshal DeCaire being permitted to reassign to Warrants

4

Investigations on March 17, 2003, could be used as background information, and that claims regarding the United States Marshal discussing Deputy Marshal DeCaire's EEO complaint with others and the Acting Chief Deputy Marshal advising individuals not to "take on" the Marshals Service and that he was looking for a few individuals to "change their attitude" would be considered as evidence in support of the retaliation claim. Defendant's Motion for Summary Judgment, Exhibit D, Letter from EEO Officer Lisa M. Dickinson, May 30, 2003 at 2.

14. After more than 180 days had passed since she had filed her amended complaint with the agency's EEO office, Plaintiff filed her Complaint and Demand for Jury Trial in this court. Defendant's Statement of Facts, ¶¶ 5-6 (May 13, 2003 letter treated as amendment to complaint); Complaint and Demand for Jury Trial (filed on March 26, 2004).

### Plaintiff's Second EEO Complaint

15. On November 3, 2003, Plaintiff again sought EEO counseling, alleging gender discrimination and reprisal. Defendant's Statement of Facts, ¶ 7. On December 15, 2003, a Notice of Right to File a Discrimination Complaint was issued. On January 5, 2004, Plaintiff filed a second formal EEO complaint. Id.

16. Plaintiff's Exhibit 3, Complaint of Discrimination, January 5, 2004, is a true and correct copy of her second EEO complaint. Plaintiff's Exhibit 3, Complaint of Discrimination, January 5, 2004.

17. After more than 180 days had passed since she had filed her second complaint with the agency's EEO office, Plaintiff filed her First Amended Complaint and Demand for Jury Trial in this court. Defendant's Statement of Facts, ¶ 7 (second EEO complaint filed on January 5, 2004); First Amended Complaint (filed on July 7, 2004).

**Defendant's Judicial Admission**

18.     Defendant has previously admitted that Plaintiff has exhausted her administrative remedies as to those matters set forth in the original and amended EEO Complaints.  First Amended Complaint, ¶ 5; First Amended Answer, ¶ 5.

        Respectfully submitted,

        **CYNTHIA A. DeCAIRE**,

        By her attorney,

        ___/s/_ Indira Talwani_____
        Indira Talwani
        **SEGAL, ROITMAN & COLEMAN**
        11 Beacon Street
        Suite #500
        Boston, MA  02108
        (617) 742-0208

Dated:  April 16, 2005