UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
_____

CYNTHIA A. DeCAIRE,
                          Plaintiff,

v.                                       Civ. Action No. 04-10593WGY

JOHN D. ASHCROFT, in his official
position as Attorney General of the
United States,
                          Defendant.

--------------------------------------------------------

### DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff herein moves for partial summary judgment as to the issue of exhaustion of administrative remedies. Plaintiff claims that 1) Defendant has waived this affirmative defense (Plaintiff's Memorandum in Support, p. 2); 2) Plaintiff was not required to make an election of remedies; and 3) Plaintiff exhausted her administrative remedies with regard to her claim regarding the transfer of DUSM Scott Kimball, rather than Plaintiff, from Court Operations to the Warrants Investigation unit in March 2003.

As to Defendant's claim that Plaintiff was required to make an "election of remedies" pursuant to the Civil Service Reform Act of 1978, as set forth at pp. 2-4 of Defendant's memorandum of law in support of his motion for summary judgment, Defendant respectfully withdraws this argument as ill-advised. The remaining arguments raised by Plaintiff, however, should not be favorably considered by the Court.

Plaintiff alleges that the March 17, 2003, transfer of DUSM Kimball a male DUSM, to a position sought by Plaintiff "was within the scope of investigation that would reasonably have

been expected for Plaintiff's original claim, is a retaliation claim growing out of the original complaint, and was in fact investigated by the Agency's EEO office during the administrative process." Plaintiff's Memorandum of Law in Support of the Cross-Motion, pp. 3, 14.

      Plaintiff alleged by letter dated May 13, 2003, that on March 17, 2003, DUSM Scott Kimball, who had less seniority than she, was reassigned from Court Operations to Warrants. This issue, set forth in paragraph 40 of Plaintiff's First Amended Complaint and alleged as a basis for Plaintiff's gender discrimination and retaliation claims in paragraphs 52 and 54 of Plaintiff's First Amended Complaint, occurred more than 45 days prior to Plaintiff's contact with an EEO Counselor. Accordingly, the allegation was deemed untimely. SMF ¶ 5. Plaintiff was so notified on May 30, 2003, in the letter acknowledging Plaintiff's amendment of her original EEO Complaint. "The issue regarding a deputy with less seniority than your client being permitted to reassign to Warrants on March 17, 2003, while your client was not given that option, occurred more than 45 days prior to your client's contact with an EEO Counselor; therefore, this incident may be used as background information." Exhibit D to Defendant's Motion for Summary Judgment; *See* Exhibit F to Defendant's Motion for Summary Judgment (acknowledging acceptance of specific additional issues for review, not including the March 17, 2003 reassignment). Plaintiff failed to timely raise this issue for EEO review, the issue was rejected for that reason, and Plaintiff now attempts to revive the claim by bootstrapping the claim to others properly accepted for investigation. The simple fact is that having been time barred, the March 17, 2003 reassignment was not considered as anything other than background information during the EEO investigation, and cannot now stand as an independent basis (as alleged by Plaintiff in her Amended Complaint) for the granting of the relief sought by Plaintiff based upon

**both** gender and retaliatory discrimination despite Plaintiff's characterization that it is an extension of the retaliation claim and "[grew] out of the original complaint." Plaintiff's Memorandum in Support of Cross-Motion, pp. 13, 3. *See* Plaintiff's First Amended Complaint, ¶¶ 52 and 54. Thus, consistent with Defendant's Answer (p. 5) and Amended Answer (p. 6), this incident, specifically alleged by Plaintiff as an independent basis for both causes of action, alleges a claim for which relief may not be granted. Accordingly, Plaintiff's Cross-Motion for Partial Summary Judgment should be denied as to this issue.

## CONCLUSION

For the foregoing reasons, Plaintiff's Cross-Motion for Partial Summary Judgment should be denied.

Respectfully submitted

GLENN T. SUDDABY
UNITED STATES ATTORNEY
NORTHERN DISTRICT OF NEW YORK

BY:  /s/

BARBARA D. COTTRELL
Assistant U.S. Attorney
Bar Roll No. 101411

218 James T. Foley U.S Courthouse
445 Broadway
Albany, New York 12207
(518)431-0247

## CERTIFICATION

I hereby certify that the above document was served upon Plaintiff's attorney of record, Indira Talwani, Esq., Segal, Roitman & Coleman, 11 Beacon Street, Suite 500, Boston, Massachusetts 02108, by ECF filing, on May 2, 2005.

/s/

BARBARA D. COTTRELL

Assistant U.S. Attorney
Bar Roll # 101411 (NDNY)

Case 1:04-cv-10593-EFH    Document 37    Filed 05/02/2005    Page 4 of 4