UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

CYNTHIA A. DECAIRE,

      Plaintiff

      vs.

ALBERTO R. GONZALES, in his official position as
Attorney General of the United States.

      Defendant
_____

C.A. No. 04-10593WGY

## AFFIDAVIT OF INDIRA TALWANI IN SUPPORT OF EMERGENCY MOTION TO REOPEN DISCOVERY AND RELATED MATTERS BY PLAINTIFF CYNTHIA A. DECAIRE

I, Indira Talwani, state:

1. I am a member of the bar of the Commonwealth of Massachusetts and of this Court, and am counsel for Plaintiff in this matter.

2. Last week, I learned of rumors that the Office of the Inspector General, Department Justice, had completed its report regarding Anthony Dichio, United States Marshal for the District of Massachusetts.

3. On May 19, 2005, I spoke with Attorney Barbara Cottrell about the status of the report. Attorney Cottrell did not know if the report was yet completed, and argued that, in any event, it was not relevant to this case. I explained that, in my view, the request was reasonably calculated to lead to admissible evidence, and I asked her agreement to the threshold issues of reopening discovery and shortening time on Defendant's response so that this dispute could be

presented on its merits to the Court. She suggested that she determine first if the report had been completed.

4. Later that day, I received a voice message from Attorney Cottrell that the report was not yet complete.

5. The following morning, on May 20, 2005, I spoke again with Attorney Cottrell. She explained that she had been advised by Chief Deputy United States Marshal William Fallon that the report was not complete. I asked her to inquire further, and advised her that I would send a letter formally requesting the same thing. I drafted, e-mailed and mailed this letter to Ms. Cottrell. A copy of this letter is attached hereto as Exhibit A.

6. I subsequently spoke with Paul Martin, Associate Inspector General, from the Office of the Inspector General, Department of Justice, which I understand to be the office responsible for the investigation of, and report, on Marshal Dichio. Mr. Martin advised me that the report had indeed been completed, and I confirmed that the individual to whom I had directed a Freedom of Information Act request was the proper recipient for that request.

7. On May 24, 2005, I received by e-mail a copy of a letter from William E. Bordley, Associate General Counsel, United States Marshals Service responding to my letter. A copy of this letter is attached as Exhibit B. This letter concedes that "the Office of Inspector General has completed its investigation into the conduct of Marshal Dichio," but asserts that "the investigative report has not been published by the Attorney General."

8. That same morning, I called Attorney Cottrell and advised her that I had been informed by Associate Inspector General Martin that not only the investigation, but the report was completed. Attorney Cottrell agreed to look into the matter further.

9. On May 26, 2005, Attorney Cottrell informed me that she still had not been able to determine the status of the report, but was still working on it.

3

Signed under the penalties of perjury this 27th day of May, 2005, in Boston, Massachusetts.

                                                          _____/s/ Indira Talwani_____
                                                               Indira Talwani

Case 1:04-cv-10593-EFH    Document 43    Filed 05/27/2005    Page 3 of 3