UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNTHIA A. DECAIRE,<br><br>          Plaintiff<br><br>          vs.<br><br>ALBERTO R. GONZALES, in his official position as Attorney General of the United States.<br><br>          Defendant | C.A. No. 04-10593WGY |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION FOR SANCTIONS FOR FAILURE TO COMPLY WITH DISCOVERY ORDER**

**I.     INTRODUCTION**

This action brought by Plaintiff Cynthia A. DeCaire, a Deputy United States Marshal, alleges that Anthony Dichio, the United States Marshal for the District of Massachusetts, engaged in discrimination and retaliation, in violation of § 717 of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e-16.  This motion has been brought following Defendant's failure to comply with this Court's discovery order.

**II.    STATEMENT OF FACTS REGARDING DISCOVERY**

**A.     THE DISCOVERY REQUESTS AT ISSUE**

On October 14, 2004, Plaintiff served by mail her First Request for Production of

Documents.[1]  The First Request for Production of Documents included three requests at issue here.

> In two of the requests at issue, Plaintiff sought:
>
> 2. Plaintiff's complete personnel record, including but not limited to all documents concerning: (a) Plaintiff's qualifications for . . . promotion . . . ; and/or (b) Plaintiff's work history at the United States Marshals Service, including job titles, work assignments, job locations, performance evaluations, promotions, disciplinary action, or commendation.
>
> 3. All documents, written or created since August 1, 2002, which refer to Plaintiff . . . .

By their terms, these requests sought all documents concerning Plaintiff's qualifications for promotions, Plaintiff's Merit Promotion packages, and the evaluations of Plaintiff's Merit Promotion packages, regardless of whether such documents were maintained in the District or at the Marshals Service's headquarters in Washington, D.C.

> In the third request at issue, Plaintiff sought:
>
> 17. All . . . documents concerning the . . . qualifications of any candidates for the [Court Operations Supervisor] position [referenced in Paragraph 42 of the Amended Complaint].

Paragraph 42 of the Amended Complaint refers to the Supervisor position vacated by Supervisory Deputy Walter Doherty in which Plaintiff expressed interest on April 21, 2003, and which was awarded to Alison Hodgkins.  See Amended Answer to Complaint, filed April 5, 2005 (Docket No. 25), ¶ 42, (admitting that Plaintiff expressed interest in this position at this time); see also Joint Statement of Facts, filed May 12, 2005, as Exhibit 1 to the Joint Pre-trial Memorandum (Docket No. 38), ¶¶ 54, 80 (Alison Hodgkins was assigned to fill the position on an acting basis effective April 28, 2003, and on a permanent basis effective January 12, 2004).

---

[1] A copy of this request was filed with the Court on December 15, 2004, as Exhibit 2 to Plaintiff's Memorandum in Support of Amended Motion to Compel Production of Documents and Answers to Interrogatories and for Fees (Docket No. 15).

Accordingly, by its terms request 17 sought all documents concerning the qualifications of Alison Hodgkins.

### B. PLAINTIFF'S MOTION TO COMPEL AND DEFENDANT'S RESPONSE

Defendant did not serve any objections to this discovery request, but also did not initially produce any documents at all. Accordingly, on December 15, 2004, Plaintiff filed a motion to compel. See Plaintiff's Amended Motion to Compel Production of Documents and Answers to Interrogatories and for Fees, filed December 15, 2004, Docket No. 14.[2] In his response to Defendant's motion to compel, Defendant raised no objections to the discovery request, and instead Defendant's counsel detailed ongoing production:

> the appropriate parties in Boston and Washington have received a copy of plaintiff's document request and [counsel] has no reason to believe that complete discovery is not being provided by Defendant . . . .

Affidavit in Response to Plaintiff's Amended Motion to Compel Production of Documents and Answers to Interrogatories and for Fees, filed December 29, 2004 (Docket No. 18), ¶ 7.

### C. THE DISCOVERY ORDER

On January 5, 2005, the Court issued an order granting Plaintiff's Amended Motion to Compel (Docket No. 14), and directing "discovery to be furnished within 30 days of the date of this order."

### D. THE INITIAL RESPONSE TO THE COURT'S ORDER

Thirty days after the Court issued the discovery order, Defendant began production of documents, and that production has continued over several months. Defendant has not produced, however, documents regarding Plaintiff's Merit Promotion packages or documents in response to the request concerning Alison Hodgkins' qualifications for the Acting Supervisor position, with

---

[2] Defendant verbally objected to Request 4, and accordingly, as to this request, Plaintiff pursued a separate motion to compel. See Plaintiff's Motion to Compel Production of EEO Complaints and Grievances of Other Employees and Investigative Files, filed November 30, 2004 (Docket No. 10).

the sole exception of a redacted summary of scores from certain of the positions for which Plaintiff applied.

### E.  DEFENDANT'S CERTIFICATION THAT ALL REQUESTED DOCUMENTS HAVE BEEN PRODUCED

At the discovery conference held by the Court on March 24, 2005, Defendant's counsel agreed that Defendant would provide a judicial declaration that all responsive documents had been produced once ongoing production was completed. On May 27, 2005, Defendant filed with the Court (docket number 41) a verification dated May 23, 2005, by William E. Bordley, Associate General Counsel, United States Marshals Service, stating that Defendant has produced all responsive documents in response to Plaintiff's First Set of Requests for Documents.

### F.  THE OUTSTANDING DISCOVERY

Defendant still has not produced documents the underlying documents relating to Plaintiff's Merit Promotion package. Defendant also has not produced documents related to Alison Hodgkin's qualifications, including her personnel file, despite demanding and obtaining Plaintiff's agreement to a Stipulation and Request for a Protective Order (filed with the Court as docket number 44).

Defendant, through counsel, has repeatedly promised these documents would be produced, most recently, for delivery on Saturday, May 28. Despite Associate General Counsel Bordley's verification, however, these documents apparently have not been forwarded by Washington.

## III.  ARGUMENT

### A.  Legal Standard

Under Fed. R. Civ. P. 37(b)(2), "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the

failure as are just . . . ." With regard to such sanctions, "the district court has 'a broad discretion to make whatever disposition is just in the light of the facts of the particular case.'" Navarro de Cosme v. Hospital Pavia, 922 F.2d 926, 932 (1st Cir. 1991) (citation omitted). "The district court may, within reason, use as many and as varied sanctions as are necessary to hold the scales of justice even." Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2284, at 612-613.

    The sanctions enumerated in Rule 37 include, *inter alia*:

    (A)    An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order[.]

    (B)    An order refusing to allow the disobedient part to support or oppose designated claims . . . or prohibiting that party from introducing designated matters into evidence.

Fed. R. Civ. P. 37(b)(2).

    The more severe of these two sanctions - an order designating facts as established -- is appropriate where the defendant's failure to obey a discovery order has deprived a plaintiff of the ability to establish facts necessary to her claim. *See* Chilcutt v. U.S., 4 F.3d 1313 (5th Cir. 1993) (defendant's failure to comply with discovery warranted order that plaintiff's prima facie case of liability for personal injuries be taken as established); Kahn v. Secretary of Health, Education, and Welfare, 53 F.R.D. 241, 245-46 (D.Mass. 1971) (ordering facts established where defendant's failure to obey discovery order deprived plaintiff of documents crucial to his case and, if left unsanctioned, would have "rendered illusory the plaintiff's right to petition for redress of grievances"). In Knightsbridge Marketing Services, Inc. v. Promociones y Proyectos, S.A., the First Circuit observed:

> When the contents of a document are relevant to an issue in a case, the trier of fact generally may receive the fact of the document's nonproduction or destruction as evidence that the party which has prevented production did so out of the well-founded fear that the contents would harm him. Wigmore has asserted that nonproduction is not merely "some" evidence, but is sufficient by itself to support an adverse inference even if no other evidence for the inference exists[.]

728 F.2d 572, 574 (1st Cir. 1984) (citing 2 Wigmore on Evidence § 291, at 228 (Chadbourn rev. 1979)).

**B.     As a Sanction for the Failure to Obey the Court's Order With Regard to Requests 2 and 3, the Court Should Deem that Plaintiff's Promotional Opportunities Have Been Adversely Affected By Defendant's Actions**

One of the ways in which Plaintiff intends to prove damages at trial is by establishing that Defendant's actions deprived her of work experience that would have improved her promotional opportunities so that she would have made the certification list for the various permanent promotional positions for which she applied. Specifically, Plaintiff contends that Defendant adversely affected her promotional package by denying her the opportunity to serve as Acting Supervisor of Court Operations, by denying her the Warrant Coordinator position, and by refusing to allow her to serve in the Warrants Investigation unit.

The best direct evidence of how Plaintiff's assignments have been evaluated for purposes of permanent promotional opportunities would be the evaluative documents themselves, including Plaintiff's supervisor's evaluation submitted with her promotional package and the scoring and evaluations by the Marshals Service's headquarters of Plaintiff's promotional package for the specific positions for which she has applied over the past few years. Defendant does not dispute that these documents exist and he cannot dispute that these documents fell within document request 2 and 3. Accordingly, the Court may receive the fact of the nonproduction of these documents as evidence that Defendant has prevented production out of the well-founded fear that the contents would harm his position, and find that the nonproduction

is sufficient to support an order establishing that Plaintiff's promotional opportunities have been adversely impacted by: (1) the denial of her assignment to the Acting Supervisor position in Court Operations in April and August 2003; (2) the denial of her assignment to the Warrant Coordinator position in April and October 2003; and (3) her assignment since March 2004 to positions other than in the Warrants Investigation unit.

    **C.**    **As a Sanction for the Failure to Obey the Court's Order With Regard to Request 17, the Court Should Deem Established that Defendant's Reason for Not Selecting Plaintiff for the Acting Court Operations Supervisor Position is Pretextual**

Plaintiff alleges that Defendant's failure to assign her to the Acting Supervisor position in April 2003 constituted unlawful retaliation. Defendant contends that he assigned Alison Hodgkins rather than Plaintiff to the position to provide an equal opportunity for all. Plaintiff intends to show that this explanation is pretextual by showing: (1) that Alison Hodgkins was not qualified for the position based on her disciplinary record and supervisor evaluations; and (2) that Alison Hodgkins had already received more opportunities than Plaintiff.

To date, Defendant has failed to produce documents concerning Ms. Hodgkins' qualifications for the position. Documents concerning Ms. Hodgkins' work experience, evaluations and disciplinary record must exist at least as part of her personnel file at the Marshals Service and accordingly, the Court should conclude that the failure to produce that file must lead to an inference that Defendant's claim that he was assigning Ms. Hodgkins in order to provide an equal opportunity is pretextual. Alternatively, the Court at minimum should sanction Defendant for failing to produce documents concerning Ms. Hodgkins' qualifications by barring Defendant from opposing Plaintiff's claims regarding Ms. Hodgkins' qualifications and experience.

### D. <u>Defendant Has Waived Any Objections to the Requested Production</u>

Defendant's counsel argued recently that Defendant need not produce documents concerning Plaintiff's promotional packages at headquarters because Defendant views these documents as outside of the scope of the complaint. This objection, however, was waived long ago.

"Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be deemed waved." Local Rule 34.1. Under the Federal Rules of Civil Procedure, objections to document requests must be served within 30 days after service of the request. Fed. R. Civ. P. 34(b). Defendant did not raise this objection within 30 days after service of the request in October 2004, and accordingly, the objection is deemed waived under this Court's rules.

Not only did Defendant fail to object within the time specified by the Federal Rules, but he failed to raise the objection *at any time during discovery*, even when confronted with Plaintiff's Motion to Compel. Nor did Defendant file a motion for reconsideration of the Court's Order Granting Plaintiff's Motion to Compel in order to obtain relief from the Court's order. Apart from any considerations of timeliness, Defendant simply may not defy an order of this Court.

In affirming a district court's dismissal of an action for plaintiff's failure to comply with discovery orders, the First Circuit commented:

> Even more culpable is appellant's unilateral decision, supplanting that of the court, that the documents requested were not relevant to the case. . . . We can find no abuse of discretion on the part of the district court in dismissing a case where the appellant has intentionally disregarded court orders on repeated occasions and substituted its own judgment for that of the court.

Farm Construction Services, Inc. v. Fudge, 831 F.2d 18, 21 (1st Cir. 1987) (per curiam).  Here, while Plaintiff does not seek such the extreme sanctions imposed in Farm Construction Services, Defendant's unilaterally decision not to follow the Court's order is equally culpable.

## IV.   CONCLUSION

For all of the foregoing reasons, the Court should grant Plaintiff's motion for sanctions.

Respectfully submitted,

**CYNTHIA A. DeCAIRE**,

By her attorney,

\_\_/s/ Indira Talwani_____
Indira Talwani
**SEGAL, ROITMAN & COLEMAN**
11 Beacon Street
Suite #500
Boston, MA  02108
(617) 742-0208

Dated:  May 29, 2005