UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

CYNTHIA A. DECAIRE,

    Plaintiff

vs.

ALBERTO R. GONZALES, in his official position as Attorney General of the United States.

    Defendant

C.A. No. 04-10593WGY

---

## PLAINTIFF'S TRIAL MEMORANDUM REGARDING TESTIMONY OF FORMER DEPUTY U.S. MARSHAL SUSAN WILLIAMS AND SUPERVISORY DEPUTY U.S. MARSHAL JEFFREY BOHN

**I.   INTRODUCTION**

This action brought by Plaintiff Cynthia A. DeCaire, a Deputy United States Marshal, alleges that Anthony Dichio, the United States Marshal for the District of Massachusetts, engaged in gender discrimination and retaliation, in violation of § 717 of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e-16.  Marshal Dichio's supervision of the Marshals Service has been challenged not only by Deputy U.S. Marshal DeCaire but by two other employees as well.  Both Former Deputy U.S. Marshal Susan Williams and Supervisory Deputy U.S. Marshal Jeffrey Bohn have filed EEO complaints against Marshal Dichio.  Defendant has requested in the parties' Pretrial Statement that the Court exclude as irrelevant testimony by Former Deputy U.S. Marshal Williams and Supervisory Deputy U.S. Marshal Bohn regarding the facts that underlie their EEO complaints.  Plaintiff submits this trial memorandum to address Defendant's objection.

**II.    THE TESTIMONY OF FORMER DEPUTY U.S. MARSHAL WILLIAMS AND SUPERVISORY DEPUTY U.S. MARSHAL BOHN IS RELEVANT**

Relevant evidence is defined in the Federal Rules as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probably than it would be without the evidence." Fed. R. Ev. 401.

The First Circuit has repeatedly held that an allegation that an employer has discriminated against another employee is relevant to a discrimination claim. In Cummings v. Standard Register Co., 265 F.3d 56 (1st Cir. 2001), the First Circuit upheld the district court's admission of allegations of discrimination by the employer against other employees over an objection that the allegations were irrelevant. The Court explained:

> The sole issue at trial was whether age was a motivating factor in [the employer's] decision to terminate [the plaintiff]. We have recognized that since discrimination is often subtle and pervasive, plaintiffs must be able to rely on circumstantial evidence to prove discriminatory intent. [Conway v. Electroswitch Corp., 825 F.2d 593, 597 (1st Cir. 1987)]   To this end, evidence of a discriminatory "atmosphere" may sometimes be relevant to showing the corporate state-of-mind at the time of the termination. *See id.*  While such evidence does not in itself prove a claim of discrimination, *see Ruiz v. Posadas de San Juan Assocs., 124 F.3d 243, 249-50 (1st Cir. 1997),* "[it] does tend to add 'color' to the employer's decisionmaking processes and to the influences behind the actions taken with respect to the individual plaintiff." [ ] Conway, 825 F.2d at 597 (citing Sweeney v. Bd. of Trs. of Keene State Coll., 604 F.2d 106, 113 (1st Cir. 1979)); *see* Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 56 (1st Cir. 2000).

Id. at 63 (footnote omitted). The Conway court, in turn, explained that "[e]vidence of institutional state-of-mind may be presented for the consideration of the trier-of-fact because an employer's willingness to consider impermissible factors such as race, age, sex, national origin, or religion while engaging in one set of presumably neutral employment decisions . . . might tend to support an inference that such impermissible considerations may have entered into another area of ostensibly neutral employment decision." 825 F.2d at 597-98 (upholding against

2

relevancy challenge trial court's admission of statements by employees who allegedly played no role in plaintiff's termination, and where, in one case, the statement refers to a different subject matter with respect to a different employee who worked in a separate department). *See also*, Bandera v. City of Quincy, 344 F.3d 47 (1st Cir. 2003) (upholding trial court's admission of co-worker's testimony regarding harassment she experienced, where defendant had challenged the testimony as irrelevant or, if relevant, unduly prejudicial due to its graphic nature).

The testimony of Deputy U.S. Marshal Williams and Supervisory Deputy U.S. Marshal Bohn regarding the facts underlying their EEO complaints will fall well within the guidelines established by the First Circuit in Conway, Cummings, and Bandera. Their EEO complaints challenge discriminatory or retaliatory actions by the same actor, Marshal Dichio, during the same time period at issue in Deputy U.S. Marshal DeCaire's complaint.

In addition, their complaints relate *directly* to Deputy U.S. Marshal DeCaire's complaint. Deputy U.S. Marshal Williams filed her initial internal complaint jointly with Deputy U.S. Marshal DeCaire; the EEO investigator reviewing Deputy U.S. Marshal DeCaire's second EEO complaint noted that Deputy U.S. Marshal William "filed her own EEO complaint, under the same basis, and a few of the same issues." Report of Investigation, Cynthia A. DeCaire v. United States Marshals Service, Docket No. M-04-0012 ("Second Report of Investigation"), Exhibit 29 (Memo to file from Investigator Eugene Clark) (A copy of the Second Report of Investigation will be filed with the Court at its request). Supervisory Deputy U.S. Marshal Bohn, to whom Plaintiff is married, has alleged in his complaint that the Marshal removed him from the HIDTA Task Force in retaliation for Plaintiff's EEO complaint. Another member of the HIDTA Task Force, Brockton Detective Joseph Cummings, has stated in an affidavit that after Deputy U.S. Marshal DeCaire filed her EEO complaint, Marshal Dichio asked him how Supervisory Deputy U.S. Marshal Bohn was doing on the Task Force, and that Cyndy "would get what is

3

coming to her, that he would get her, and that as long as he was here she was going nowhere." (A copy of this Affidavit was filed with the Court on April 16, 2006, as Plaintiff's Exhibits in Opposition to Defendant's Motion for Summary Judgment and In Support of Plaintiff's Cross-Motion for Partial Summary Judgment, Exhibit 13 (Docket No. 30, attachment 13). The testimony is relevant both as direct evidence supporting Deputy U.S. Marshal DeCaire's allegations, and as circumstantial evidence of Marshal Dichio's state of mind.

### III.   CONCLUSION

For the foregoing reasons, Defendant's objection to the testimony of Deputy U.S. Marshal Williams and Supervisory Deputy U.S. Marshal Bohn regarding the discriminatory should be denied.

Respectfully submitted,

**CYNTHIA A. DeCAIRE**,

By her attorney,

_____/s/_ Indira Talwani_____
Indira Talwani
**SEGAL, ROITMAN & COLEMAN**
11 Beacon Street
Suite #500
Boston, MA  02108
(617) 742-0208

Dated:  June 2, 2005

4