UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNTHIA A. DECAIRE,<br><br>　　　　　　　Plaintiff<br><br>　　　　vs.<br><br>ALBERTO R. GONZALES, in his official position as Attorney General of the United States.<br><br>　　　　　　　Defendant | C.A. No. 04-10593WGY |

**PLAINTIFF'S TRIAL MEMORANDUM REGARDING
ADMISSIBILITY OF DEPOSITION TESTIMONY**

**I.　INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 32(a)(2), Plaintiff introduced at trial Plaintiff's Excerpts of the Transcript of the Deposition of Anthony Dichio. Defendant subsequently requested introduction under Federal Rule of Civil Procedure 32(a)(4) of the entire transcript of Marshal Dichio's deposition. Defendant's request cannot be squared with First Circuit case law. In addition, his construction of Rule 32(a)(4) ignores the purposes of that Rule, undermines the carefully crafted limitations on the use of depositions in court proceedings, and renders portions of that Rule meaningless.

**II.　PROCEDURAL HISTORY**

On May 30, 2005, Plaintiff's counsel e-mailed to Defendant a list of the portions of Marshal Dichio's deposition transcript that Plaintiff intended to introduce at trial. On June 3, 2005, Plaintiff submitted Plaintiff's Excerpts of the Transcript of the Deposition of Anthony Dichio to the Court. On June 14, 2005, Defendant contended that he now has a right to introduce the entire transcript of Marshal Dichio's deposition under Rule 32(a)(4).

**III.   FEDERAL RULE OF CIVIL PROCEDURE 32(A) DOES NOT PROVIDE FOR DEFENDANT'S UNLIMITED USE OF THE DEPOSITION OF A MANAGING AGENT**

Federal Rule of Civil Procedure 32(a) provides for limited use of depositions in court proceedings. "Any part, or all of a deposition," so far as otherwise admissible, may be used: by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness pursuant to subsection (a)(1); by a party for any purpose if the deponent was a managing agent of an adverse party pursuant to subsection (a)(2); and if the deponent is dead or otherwise unavailable as defined under the Rule pursuant to subsection (a0(3). Although the Plaintiff was permitted under Rule 32(a)(2) to introduce portions of Marshal Dichio's deposition as the managing agent of an adverse party, Defendant cannot introduce the deposition transcript of Marshal Dichio under any of these three subsections. Marshal Dichio has not testified, and therefore cannot be impeached with the deposition; Marshal Dichio is not a managing agent of a party adverse to the Defendant; and there has been no showing that Marshal Dichio is unavailable within the meaning of the rule. See also Frito-lay of Puerto Rico, Inc., 92 F.R.D. 384, 392 (D. P.R. 1981) ("whereas the deposition of an adverse party may be used for any purpose, it is clear that a party's own deposition is not admissible, except under [certain] circumstances.").

While subsections (a)(1), (2) and (3) describe the specific circumstances where a party may introduce part or all of a deposition, subsection (a)(4) ensures that such introduction of deposition testimony is fair and not misleading. Rule 32(a)(4) thus provides that "[i]f only part of a deposition is offered in evidence by a party, *an adverse party may require the offeror to introduce any part which ought in fairness to be considered with the part introduced*, and any party may introduce any other parts." (Emphasis added). In Westinghouse Electric Corp. v. Wray Equipment Corp., 286 F.2d 491, 494 (1st Cir. 1961), the court explained:

> The rule provides a method for averting, so far as possible, any misimpressions from selective use of deposition testimony. The opposing party is entitled under the rule to have the context of any statement, or any qualifications made as a part of the deponent's testimony also put into evidence.

Notably, under this rule, portions of the transcript "which out of fairness ought to be considered with the part introduced" are <u>not</u> introduced by the adverse party but by the original "offeror." Fed.R.Civ.Proc. 32(a)(4). Consistent with this language, the First Circuit in <u>Westinghouse Electric Corp.</u> found that district court's failure to have relevant portions of the deposition designated by defendant be offered immediately after plaintiff's offering of the deposition testimony during plaintiff's case in chief to be in error: "We believe the spirit of the rule dictates that the opposing party should be able to require the introduction of the relevant parts of the deposition testimony at least at the conclusion of the reading of the deposition." <u>Id.</u>

The First Circuit has also noted that Federal Rule of Evidence 106 "is to the same effect" as Federal Rule of Civil Procedure 32(a)(4). <u>Paul Arpin Van Lines, Inc. v. Universal Transportation Services</u>, 988 F.2d 288, 294 (1st Cir. 1993). Federal Rule of Evidence 106 provides that "[w]hen a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement *which ought in fairness to be considered contemporaneously with it.*" (Emphasis added). Wright and Graham have noted that a party who does not make a timely request for completeness under this section may introduce the evidence himself but only "<u>assuming that the material is admissible at his behest.</u>" Wright and Graham, <u>Federal Practice and Procedure</u>, Evidence, Section 5076, p. 362 (West 1977) (emphasis added).

Defendant relies on Federal Rule of Civil Procedure 32(a)(4) to justify its proposed introduction of the entire transcript of Marshal Dichio's deposition. Defendant contends that the final phrase "and any party may introduce any other parts" allows him to introduce any part of

3

the deposition once the door has been opened by Plaintiff's introduction of deposition testimony. Defendant's reliance on this section is sorely misplaced.

As a threshold matter, Defendant's contention cannot be squared with the First Circuit's decision in Paul Arpin Van Lines, Inc. There, after one party offered portions of the deposition of another party without objection, the deponent's counsel asked that the entire deposition be entered into evidence. The district court stated that it would not read the whole deposition, and instead directed deponent's counsel to read the marked portions of the deposition during the luncheon recess. 988 F.2d at 293. The First Circuit concluded that "[i]mplicit in this admonition was that the court would consider admitting any parts that [deponent's attorney] thought contradicted the parts marked by his opponent['s attorney]" Id. at 293-94. The attorneys and the district court did nothing further in regard to the deposition, and the First Circuit found no error. Id. at 294.

Defendant's interpretation also ignores altogether the purpose of Rule 32(a)(4), namely, ensuring that the introduced testimony is not misleadings. See Westinghouse Electric Corp., 286 F.2d at 494. It also overwhelms the carefully crafted limitations on the introduction of deposition testimony set forth in subsections (a)(1), (2) and (3), and for no apparent reason. In addition, it would render the first portion of the rule – that is, the very portion that is mirrored in Federal Rule of Evidence 106 -- wholly unnecessary.

A far better interpretation of the final phrase is that it is simply a shortened statement focusing on the rights of parties other than adverse parties, and making clear that those parties also may introduce any other parts "which ought in fairness to be considered with the part introduced." That construction would leave the purposes of the section intact, all words in the section with meaning, and would not create an unwarranted exception to the narrow limitations on the use of deposition transcripts.

4

IV.     CONCLUSION

For the foregoing reasons, Defendant's request to introduce the entire transcript of the deposition of Marshal Dichio should be denied.

Respectfully submitted,

**CYNTHIA A. DeCAIRE**,

By her attorney,

_____/s/ Indira Talwani_____
Indira Talwani
**SEGAL, ROITMAN & COLEMAN**
11 Beacon Street
Suite #500
Boston, MA  02108
(617) 742-0208

Dated:  June 14, 2005