**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

———————————————————————

CYNTHIA A. DECAIRE,

               Plaintiff

               vs.                        C.A. No. 04-10593WGY

ALBERTO R. GONZALES, in his official position as
Attorney General of the United States.

               Defendant

———————————————————————

**MEMORANDUM IN SUPPORT OF MOTION**
**TO COMPEL PRODUCTION OF DOCUMENTS AND FOR SANCTIONS,**
**BY PLAINTIFF CYNTHIA A. DECAIRE**

**I.     INTRODUCTION**

    This action brought by Plaintiff Cynthia A. DeCaire, a Deputy United States Marshal, alleges that Anthony Dichio, the United States Marshal for the District of Massachusetts, engaged in discrimination and retaliation, in violation of § 717 of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e-16.  This motion has been brought following trial testimony and production of documents at trial revealing Marshal Dichio's failure with discovery requests and Court's discovery order.

**II.     STATEMENT OF FACTS**

    **A.     The Discovery Request and Motion to Compel**

    On October 14, 2004, Plaintiff served her First Request for Production of Documents seeking, <u>inter alia</u>, "[a]ll documents, written or created since August 1, 2002, which refer to

Plaintiff . . . ."  First Request for Production of Documents, Request Number 3.[1]

Defendant did not serve any objections to this discovery request, but also initially did not produce any documents at all, and then only produced a limited set of documents.

Accordingly, on December 14, 2004, Plaintiff suspended the deposition of Anthony Dichio until Plaintiff received the remaining documents.

On December 15, 2004, Plaintiff filed a motion to compel.  See Plaintiff's Amended Motion to Compel Production of Documents and Answers to Interrogatories and for Fees, filed December 15, 2004, Docket No. 14.

**B.**     **The Court's January 2005 Order Compelling Production**

On January 5, 2005, the Court issued an electronic order granting Plaintiff's Amended Motion to Compel, and directing "discovery to be furnished within 30 days of the date of this order."

**C.**     **Defendant's Counsel's Attempt to Comply**

Defendant's counsel has detailed her various efforts to have Defendant comply with the discovery request and the Court's order.   See Affidavit in Response to Plaintiff's Amended Motion to Compel Production of Documents and Answers to Interrogatories and for Fees, filed December 29, 2004 (Docket No. 18), ¶ 7; Affidavit, filed February 8, 2005 (Docket No. 20).

At the discovery conference held by the Court on March 24, 2005, Defendant's counsel agreed that Defendant would provide a judicial declaration that all responsive documents had been produced once ongoing production was completed.

On May 27, 2005, Defendant filed a verification dated May 23, 2005, by William E. Bordley, Associate General Counsel, United States Marshals Service, stating that Defendant has

---

[1] A copy of this request was filed with the Court on December 15, 2004, as Exhibit 2 to Plaintiff's Memorandum in Support of Amended Motion to Compel Production of Documents and Answers to Interrogatories and for Fees (Docket No. 15).

produced all responsive documents in response to Plaintiff's First Set of Requests for

Documents.   Declaration of William E. Bordely, Docket No. 41.

On the last day of trial, Marshal Dichio testified regarding an e-mail that he had received

from the EEO office.  See Transcript of Trial Testimony, volume 7, at 73-74 (excerpts are

attached hereto as Attachment 1).   That document was then produced by the Defendant during

trial, and admitted as Trial Exhibit 77.

Attorney Barbara Cottrell has taken responsibility for the inadvertent failure to produce

Trial Exhibit 77, as a copy of this e-mail was on Marshal Dichio's hard drive which Attorney

Cottrell reviewed.  See June 17, 2005 E-mail String between Attorney Talwani and Attorney

Cottrell (7:41 e-mail from Attorney Cottrell), attached hereto as Attachment 2.  Attorney Cottrell

has also represented that she has submitted to the Court the Marshal's draft and final response to

the February 2003 EEO complaint by Deputy Decaire and the final response to the February

2003 EEO complaint by Deputy Sue Williams.

### D.    Marshal Dichio's Failure To Comply

The post-trial production of documents has revealed that Marshal Dichio has secretly

maintained hard copes of documents that relate to the instant litigation and are responsive to

Plaintiff's document requests and the Court's order.   See June 17, 2005 E-mail String (4:58 e-

mail from Attorney Cottrell), attachment 2 (Marshal Dichio's "response is not on the system – he

had that in hard copy, which Chief Fallon photocopied."); See Fax cover sheet from Marshal

Dichio to Attorney Cottrell, attached as Attachment 5 (providing hard copies to Attorney Cottrell

on June 20, 2005, of the "final" EEO responses sent to Bob Wesley on February 11, 2003).

In addition to the documents produced post-trial, Marshal Dichio referred during his trial

testimony to other EEO complaints filed by Deputy DeCaire of which he has copies.  According

to Marshal Dichio:

3

The EEO complaints that I have is, there was two or three of them. I can't recall
what different questions are in all of them until I see them. There were
complaints about going to Worcester, there were complaints about transfers to
Boston. I just can't recall which questions they were and which complaints they
were.

Transcript of Trial Testimony, volume 7, at 76-77 (excerpts are attached hereto as Attachment

1). These EEO complaints, and any response by the Marshal, have still not been produced by

Defendant.

>     E.     **The General Counsel's Office's Refusal to Review Whether Production has
>            Been Complete or if Marshal Dichio has Withheld Further Documents**

Plaintiff's counsel has pointed to the Marshal's testimony and has asked Defendant's

counsel to determine if other responsive hard copy documents exist that have not been provided

to Plaintiff. See; June 17, 2005 E-mail String between Attorney Talwani and Attorney Cottrell,

attachment 2, (5:05 p.m. e-mail from Attorney Talwani); June 17 - 20, 2005 E-mail string

between Attorney Talwani and Attorney Cottrell, attachment 3 (10:25 a.m. e-mail from Attorney

Talwani).

Defendant's counsel initially indicated that she would "probably take a trip back to

Boston," presumably to review the Marshal's file. June 17, 2005 E-mail String between

Attorney Talwani and Attorney Cottrell, attachment 2 (7:41 p.m. e-mail from Attorney Cottrell).

An hour later, she wrote that she would just "ask the USM one more time whether he's got

anything else," and that the "General Counsel's office says it's all in there . . ." June 17- 20,

2005 E-Mail String between Attorney Talwani and Attorney Cottrell, attached hereto as

Attachment 3 (8:33 p.m. e-mail from Attorney Cottrell). Her final response forwarded the

February 2003 EEO responses, and noted further only that she would forward my request to the

General Counsel's office. June 20, 2005 E-mail from Attorney Cottrell, attached hereto as

Attachment 4. The General Counsel's office has made no further response.

### III.    ARGUMENT

#### A.    Legal Standard

Under Fed. R. Civ. P. 37(b)(2), "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just . . . ."  With regard to such sanctions, "the district court has 'a broad discretion to make whatever disposition is just in the light of the facts of the particular case.'"  Navarro de Cosme v. Hospital Pavia, 922 F.2d 926, 932 (1st Cir. 1991) (citation omitted).   "The district court may, within reason, use as many and as varied sanctions as are necessary to hold the scales of justice even."  Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2284, at 612-613.

#### B.    The Requested Relief

Here, Plaintiff seeks as a threshold matter that the Court order Defendant to produce for the Court's review Marshal Dichio's entire file from which the responses to the February 2003 EEO complaints were extracted.   This order is both appropriate and necessary in light of Marshal Dichio's failure to produce the EEO complaint and responses during discovery, the evidence that other EEO complaints concerning Deputy DeCaire still remain in Marshal Dichio's possession and not produced to Plaintiff during this litigation, the General Counsel's apparent directive to Defendant's counsel not to review the file, and the General Counsel's further inaction in this case, despite having filed under oath a verification that all responsive documents have been produced.

Plaintiff also seeks her attorneys' fees and such additional sanctions and orders as may be appropriate.

**IV.    CONCLUSION**

For all of the foregoing reasons, the Court should grant Plaintiff's motion to compel and for sanctions.

Respectfully submitted,

**CYNTHIA A. DeCAIRE**,

By her attorney,

      /s/ Indira Talwani
Indira Talwani
**SEGAL, ROITMAN & COLEMAN**
11 Beacon Street
Suite #500
Boston, MA  02108
(617) 742-0208

Dated:  June 21, 2005