```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| CYNTHIA A. DECAIRE, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) CIVIL ACTION |
|  | ) NO. 04-10593-WGY |
| ALBERTO R. GONZALES | ) |
| in his official position as | ) |
| Attorney General of the | ) |
| United States, | ) |
|  | ) |
| Defendant. | ) |

## SUMMARY FINDINGS OF FACT

YOUNG, D.J.                                          February 10, 2006

In view of the status report filed February 7, 2006, the interests of justice require a prompt resolution of the pending action.

Accordingly, the Court renders this prompt summary of its findings of fact and necessary conclusions of law, reserving the right to supplement (but not change) the findings of fact and detail the legal reasoning in a full opinion filed pursuant to Federal Rule of Civil Procedure 52(a).

Cynthia A. DeCaire ("DeCaire") is an exemplary Deputy United States Marshal with a spotless record. Her testimony is credible and persuasive.

Anthony Dichio ("Dichio"), the former United States Marshal for the District of Massachusetts, discriminated against DeCaire on the basis of her gender in originally assigning her to a Worcester duty station.  Moreover, his mismanagement of the professional staff of the Massachusetts office of the United States Marshals Service, as well as his cronyism and inattention to duty, divided it into pro-Dichio and anti-Dichio factions. His credibility is extremely suspect and the Court largely rejects his version of events and their causes.

Although Dichio discriminated against DeCaire in originally assigning her to Worcester, the event which gave rise to her complaint of discrimination was not gender-based -- although it was tainted by cronyism -- and the complaint came too late to allow for recovery on the basis of Dichio's original discriminatory acts.

Thereafter, until recently, DeCaire has endured numerous professional indignities and snubs by others in the Marshals Service.  While the question is extremely close (and worthy of appellate review), this Court is not persuaded that this conduct is sufficiently related to her complaint of discrimination (the protected conduct in this case) so to constitute unlawful retaliation.  Rather, the Court finds that DeCaire became identified with the anti-Dichio bloc in the office, and the bloc carrying favor with Dichio retaliated against her in various ways

2

for that reason. Even without the protected action, indeed even were she a male deputy, such identification would have (and did in similar cases) cause such intra-office retaliation.

The entire case is a sad commentary on a political appointment gone very wrong. It reflects considerable discredit on the professionalism of the United States Marshals Service as a whole, which will be detailed in the subsidiary findings in the full opinion.

Even so, this Court has no choice under the restrictive legal framework but to order judgment for the defendant Attorney General upon the issuance of the full opinion.

/s/ William G. Young
———————————————
WILLIAM G. YOUNG
DISTRICT JUDGE