UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNTHIA A. DECAIRE,<br><br>    Plaintiff<br><br>    vs.<br><br>ALBERTO R. GONZALES, in his official position as Attorney General of the United States.<br><br>    Defendant | C.A. No. 04-10593WGY |

**MOTION TO AMEND THE COURT'S FINDINGS OF FACT**

Plaintiff Cynthia DeCaire, through counsel, moves pursuant to Rule 52(b) and Rule 60(a) to amend the Court's Findings of Facts in its Memorandum and Order filed February 23, 2007, as follows (requested additions marked with underlining and deletions marked with the text stricken):

**A.   Correction of the Date that Supervisory Deputy Jeff Bohn Was Removed from His Position as Head of the HIDTA Task Force.**

On page 6, in the last full paragraph, last sentence:

> On ~~May~~ March 11, 2003, Supervisory Deputy Jeff Bohn was removed from his position as head of the HIDTA Task Force. Id. ¶ 49.

**B.   Amplification of Findings Regarding SF50 Transfers**

On page 8, in the first full paragraph, add new third and fourth sentences, so that the second (and new) third and fourth sentences state:

> Following her marriage to Bohn on October 10, 2003, DeCaire was transferred to Worcester on October 14, 2003. Id. ¶¶ 68-69, 72. A Form SF50 issued for this transfer, and DeCaire's permanent duty station was thus changed from Boston to Worcester. No further Form SF50 issued

> for the subsequent assignments discussed below, and at the time of trial, DeCaire's permanent duty station was Worcester. Id. ¶ 4-5; Corrected Trial Exhibit 3.

### C. Clarification that Jeff Bohn Was Not Appointed as Supervisory Deputy Until Approximately One Month After Dichio Took Office

On page 12, in the second paragraph for August 2002, amend the final sentence:

> DeCaire was then a single mother living in Westborough with Jeff Bohn, the <u>Acting</u> Supervisory Deputy of HIDTA.

On page 13, in the paragraph entitled "Following the incident," add a new final sentence:

> <u>Approximately one month after Dichio arrived, Bohn, who had been serving in an acting supervisory position, is appointed as Supervisory Deputy.</u>

### D. Correction of Quotation and Attribution

On page 14, in the paragraph for January 24, 2003, amend the final sentence:

> Durette told Dichio of such filings and complaints that same day advising him to approve Williams' request to attend the conference~~, stating that "that will take care of one of them."~~. <u>Dichio responded that the training would be approved, and stated that should "make that one go away."</u>

In sum, this motion is made in order to correct manifest errors in fact and to amplify findings to avoid incorrect inferences. It does not seek to rehash any arguments rejected by the Court. It is supported by the attached Memorandum, the trial record cited therein and the Joint Statements of Fact previously submitted by the parties.

Respectfully submitted,

**CYNTHIA A. DeCAIRE**,

By her attorney,

 /s/ Indira Talwani
Indira Talwani
BBO # 645577
**SEGAL, ROITMAN & COLEMAN**
11 Beacon Street
Suite #500
Boston, MA  02108
(617) 742-0208

Dated:  March 5, 2007

Certificate of Counsel regarding Local Rule 7.1(a)(2)

I, Indira Talwani, certify that: (1) I have conferred by e-mail with Defendant's counsel on February 28 and March 1, 2007, regarding the change concerning the SF50s, and Defendant will not consent to said amendment; and (2) I have attempted to confer today regarding the remaining changes but have not yet received a response from Defendant's counsel.

   /s/ Indira Talwani

Certificate of Service

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

 /s/ Indira Talwani