UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CYNTHIA A. DECAIRE,

       Plaintiff

       vs.

ALBERTO R. GONZALES, in his official position as Attorney General of the United States.

       Defendant

C.A. No. 04-10593WGY

**MEMORANDUM IN SUPPORT OF
MOTION TO AMEND THE COURT'S FINDINGS OF FACT**

Plaintiff Cynthia DeCaire, through counsel, submits this memorandum in support of her motion pursuant to Rule 52(b) and Rule 60(a) to amend the Court's Findings of Facts in its Memorandum and Order filed February 23, 2007.

**I.    Legal Standard**

Rule 52(b) provides in relevant part that:

> Upon motion of a party made not later than 10 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly.

Although Rule 52(b) may not be used to "rehash old arguments already considered and rejected by the judge," it does "permit the correction of any manifest errors of law or fact that are discovered, upon reconsideration, by the trial court. Under the rule, the trial court is the first recourse for the correction of errors." National Metal Finishing Co. v. Barclaysamerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990).

Correction is also permitted under Rule 60(a), which provides in relevant part

that:

>   [c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

**II.     The Court Should Grant the Motion to Amend**

The motion, filed within ten days, is timely under both Rule 52(b) and 60(a).

The motion is appropriate because it does not rehash old arguments already considered and rejected by the Court, but seeks instead only the correction of manifest errors and a brief amplification of findings to avoid incorrect inferences.

**A.     Correction of the Date that Supervisory Deputy Jeff Bohn Was Removed from His Position as Head of the HIDTA Task Force**

On page 6, in the last full paragraph, last sentence, the Court states, citing paragraph 49 of the parties Joint Statement of Fact that Supervisory Deputy Jeff Bohn was removed from his position as head of the HIDTA Task Force on May 11, 2003. The date agreed upon by the parties for the removal was March 11, 2003. Joint Statement of Fact, ¶ 49. Accordingly, Plaintiff requests that the month in this sentence be changed from May to March.

**B.     Amplification of Findings Regarding SF50 Transfers**

The parties Joint Statement of Fact explicitly noted that certain transfers at issue here were accompanied by a Form SF50 (used for permanent changes of assignment) and others were not. The Court has tracked these joint statements in its Findings of Fact. The parties Joint Statement of Fact also included a chart providing further details on the transfers. See Joint Statement of Fact, ¶¶ 4-5, and Corrected Trial Exhibit 3. The information in the chart is not tracked in the Court's Findings of Fact, and thus an

incorrect inference (that Deputy DeCaire was <u>not</u> permanently transferred to Worcester in October 2003) could be drawn from the Court's Findings of Fact. Accordingly, Plaintiff requests that the information from the agreed-upon Corrected Trial Exhibit 3 be used to amplify the findings as follows:

> Following her marriage to Bohn on October 10, 2003, DeCaire was transferred to Worcester on October 14, 2003. <u>Id.</u> ¶¶ 68-69, 72. <u>A Form SF50 issued for this transfer, and DeCaire's permanent duty station was thus changed from Boston to Worcester. No further Form SF50 issued for the subsequent assignments discussed below, and at the time of trial, DeCaire's permanent duty station was Worcester. Id. ¶ 4-5; Corrected Trial Exhibit 3.</u>

While the Defendant's counsel now asserts that the Defendant is satisfied that "the record is what it is," this position ignores the fact that despite the record having been agreed to by the Defendant, an incorrect inference could be now drawn from the Findings of Fact.

    **C.**    **<u>Clarification that Jeff Bohn Was Not Appointed as Supervisory Deputy Until Approximately One Month After Dichio Took Office</u>**

While the parties and the record refer to Jeff Bohn as a supervising deputy throughout the time periods at issue here, it is undisputed that he held that position initially as an Acting Supervisor, and was not appointed to the permanent position until approximately one month after Dichio took office. TR., vol. 22, at 22-23 (Bohn Testimony) (attached hereto as Attachment A); <u>see also</u> Trial Exh. 8 (e-mail from Paul Durette to Tim Bane, dated January 16, 2002, referencing SDUSM Visalli and <u>A</u>DUSM Bohn). Accordingly, Plaintiff requests that the work "Acting" be added to Bohn's title on page 12, in the second paragraph for August 2002, and that an additional sentence be added providing the approximate date of the permanent appointment on page 13.

### D. Correction of Quotation and Attribution

The Findings of Fact suggest that certain quoted language was from a statement made by Durette to Dichio rather than Durette's testimony as to what Dichio said to Durette. Durette's testimony is as follows:

> **Q** And what did, what did you say to the Marshal?
> **A** I first asked him why we were not letting her attend the conference. And he said, well, we're short staffed. And I said, well, we're not short staffed in Worcester, and that as managers we're required to support these types of training opportunities for career advancement, to support [EEO] principles. And eventually he – and I told him also that they had filed an EEO complaint and his refusal to let her go would add fuel to the fire. He eventually said okay, you can go, tell her she can go to the conference.
> **Q** Anything else that he said that you recall?
> **A** Ah, yeah. At the end we had moved on to another subject, but he said that should make that one go away.

TR, Vol. 4, at 20 (Durette testimony) (attached hereto as Exhibit B). Accordingly, Plaintiff requests that the Findings of Fact be amended on page 14 to make clear that the statement at issue is attributable to Dichio, not Durette.

### III. CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court amend the Findings of Fact as set forth in Plaintiff's motion.

Respectfully submitted,

**CYNTHIA A. DeCAIRE**,

By her attorney,

_____
Indira Talwani
BBO # 645577
**SEGAL, ROITMAN & COLEMAN**
11 Beacon Street
Suite #500
Boston, MA  02108
Dated:  March 5, 2007              (617) 742-0208

- 5 -

<u>Certificate of Service</u>

  I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                    _/s/ Indira Talwani__