## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

CYNTHIA BOHN,

                Plaintiff

                vs.                          C.A. No. 04-10593 EFH

MICHAEL MUKASEY, in his official position as
Attorney General of the United States.

                Defendant

_____

### PLAINTIFF'S CONFERENCE STATEMENT

Plaintiff Cynthia Bohn (formerly Cynthia DeCaire), a Deputy United States Marshal, submits this statement in connection with the conference scheduled for April 10, 2008.   By this statement, Ms. Bohn seeks to advise the Court of the status of this case and related matters, including her complaint of ongoing retaliation which is currently pending before the agency's internal EEO office.  Ms. Bohn also respectfully suggests a means to resolve these matters most expeditiously and with a conservation of judicial resources.

The instant case, recently remanded from the United States Court of Appeals for the First Circuit, involves Plaintiff's claims that the former United States Marshal for the District of Massachusetts, directly and through District Managers and Supervisors, took actions against Ms. Bohn because of gender discrimination and in retaliation for pursuing

an EEO Complaint.  Ms. Bohn seeks the earliest possible date for a trial by jury on this matter.[1]

The evidence that will be offered in the instant case has a direct bearing on the matter currently pending before the Agency's internal EEO office.  In the instant case, Bohn alleged that her employer retaliated against her by repeatedly transferring her back and forth between the Worcester sub-station and the Boston Courthouse.  Viewing the evidence in the first trial in the light most favorable to the verdict in favor of the Defendant, the Court of Appeals for the First Circuit summarized that "Since August 2002, DeCaire is the only DUSM in the District of Massachusetts whose assigned station has changed so many times."  Opinion of the United States Court of Appeal for the First Circuit, at 24.  Moreover, with regard to the transfer in October 2003 from Boston to Worcester:

> [Former Marshal Anthony] Dichio testified that the transfer was necessary to avoid a conflict between DeCaire and Bohn now that Bohn was supervising Court Operations, and that it was Chief William Fallon who ultimately made this decision.  Fallon testified that DeCaire's transfer was "something [he] was actually working on for quit a while," and it was a coincidence that the transfer occurred immediately after DeCaire and Bohn's wedding.

Id. at 20.

---

[1] The original and amended Complaints each included a Demand for Jury Trial, and the Joint Pre-Trial Statement acknowledged that the matter would be tried by jury.  See Complaint, filed March 26, 2004, Docket #1, at 1; Amended Complaint, filed July 7, 2004, Docket #6, at 1; Pre-Trial Memorandum, filed May 12, 2005, Docket #38, at 15.  On May 17, 2005, after Judge Young advised the parties that he could not schedule a prompt jury trial, the parties agreed to proceed before Judge Young in a bifurcated proceeding, with a bench trial on liability (and equitable relief), and reserving the amount of any damages for a jury trial.  See Transcript of Proceedings, Vol. 2, at 76 ("you've reserved a right to a trial by jury on damages here, if ever we get to that stage").  Three years later, Plaintiff no longer is amenable to bifurcating liability and damages, and accordingly, she seeks a trial on both liability and damages before a jury.

The Complaint before the Agency's EEO office involves yet another change of Ms. Bohn's duty station, this time from Worcester to the Boston office, effective this week.  Ms. Bohn alleges that this transfer is also in retaliation for her pending EEO lawsuit, and moreover, that assigning her back to the Boston office (where her husband remains a supervisor), undermines the earlier explanation for the transfer from Boston to Worcester.[2]

The current Marshal and District managers have explained the most recent transfer to Ms. Bohn on contradictory grounds: (1) that Ms. Bohn was never transferred from the Boston office to the Worcester sub-station in 2003; and (2) that Ms. Bohn was allegedly advised by Chief Fallon in 2006 that if she accepted a three-year FBI task force position that she would be transferred from Worcester back to the Boston office upon her completion of the three-year position.  The Marshal and Chief Deputy Marshal have also attempted to justified the action on the non-sensical ground that "the Human Resources Division did not sign DUSM Bohn's SF-52 (Request for personnel Action) changing her duty station from Worcester back to Boston until late in 2007, and because the SF-52 was authorized too late, the Worcester position was already filled and there is currently no position available."   See Exhibit A, Letter from the United States Marshals Service Office of Equal Employment Opportunity to Ms. Bohn, March 21, 2008, final page of

---

[2] Plaintiff contacted the internal EEO office to initate an EEO complaint on October 11, 2007, while the instant matter was on appeal.  A copy of the Agency's letter accepting that allegation for investigation and the EEO Counselor's report are attached hereto as Exhibit A.

EEO counseling report.[3]   Ms. Bohn contends that these explanations are pretextual, that

Chief Fallon had no such conversation with her (and wouldn't have taken that position,

given his testimony in the first case that Ms. Bohn could not work in the Boston office

because of her relationship to Supervisory Deputy Bohn), and that this latest transfer is a

continuation of the retaliation to which she has been subjected to by the District since

filing her initial complaint.

        While consolidating these claims would clearly serve the interest of judicial

economy, Ms. Bohn is concerned that Defendant may use an order permitting Plaintiff  to

supplement the first Complaint as a means of further delaying the resolution of the

original matters.[4]   Accordingly, in order to avoid delaying resolution of the original

matters, Plaintiff would propose a thirty day discovery schedule for the new matter, or no

discovery at all.  Alternatively, if Defendant contends additional discovery is necessary,

Ms. Bohn suggests that the jury trial on the first matter proceed, but that the trial also

---

[3] Even more puzzling, the Request for Personnel Action formally changing Ms. Bohn's
duty station from the Worcester sub-office to Boston, is signed by Marshal Bonner on
September 11, 2007, but purportedly is effective more than one year earlier, on April 30,
2006. See Request for Personnel Action, attached hereto as Exhibit B.
[4] Defendant may even seek greater delay by claiming that Plaintiff cannot proceed to
federal court on her additional claims of retaliation without first exhausting her internal
agency remedies.  That argument is without merit.   See Clockedile v. New Hampshire
Department of Corrections, 245 F.3d 1, 6 (1st Cir. 2001) ("retaliation claims are preserved
so long as the retaliation is reasonably related to and grows out of the discrimination
complained of to the agency ...."); see also Terry v. Ashcroft, 336 F.3d 128, 150-51 (2d
Cir. 2003) (recognizing an exception to the requirement that a federal employee bring a
complaint to his EEO office for resolution where "the complaint is "one alleging
retaliation by an employer against an employee for filing an EEOC charge").  In any
event, Deputy DeCaire initiated EEO counseling more than 180 days ago, and it is the
Agency that has failed to comply with the time limits for investigating the complaint.
See 29 C.F.R. § 1614.105 (requiring the Agency to give notice within 30 days of
initiation of counseling of right to file a written complaint).

serve as the evidentiary hearing on a motion for a preliminary injunction directed to the Court seeking to restrain the ongoing retaliation.

Finally, the related case, Bohn v. Mukasey, C.A. No. 07-10822, involves an allegation that the Marshal Service at the Headquarters level in Washington, D.C. retaliated against Ms. Bohn in filling a promotional position.  That claim rested primarily on written representations by counsel for the Defendant to the Court in the first case. Both the Defendant's Answer and an initial deposition suggest that Defendant's representations to the Court in the instant matter were factually incorrect.  The status of that case is currently unresolved, and if Plaintiff proceeds with that action, the case will require extensive additional discovery from the Headquarter's level.  Accordingly Ms. Bohn does not seek to consolidate it with the instant action.

Respectfully submitted,

**CYNTHIA BOHN**,

By her attorney,


_____/s/ Indira Talwani_____
Indira Talwani
**SEGAL ROITMAN, LLC**
111 Devonshire Street
5th Floor
Boston, MA  02109
(617) 742-0208


Dated:  April 9, 2008