**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
_____

**CYNTHIA A. BOHN,**
                    **Plaintiff,**

    v.                                          Civ. Action No. 04-10593EFH

**MICHAEL B. MUKASEY, in his official**
**position as Attorney General of the**
**United States,**
                    **Defendant.**

-------------------------------------------------------

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S REQUEST FOR JURY TRIAL**

"Once the opportunity to demand a jury trial effectively is waived, the right to jury trial is not revived by a reversal on appeal or by the grant of a new trial. It is within the discretion of the trial court under Rule 39(b) whether to grant a jury trial in this situation to a party who previously has waived that right. The trial court may consider such factors as the circumstances surrounding the waiver, the suitability of the case for jury determination, and the mode of trial most likely to expedite the suit." Wright and Miller, 9 Fed. Prac.& Proc. Civ.2d § 2321; *Hanlon v. Providence College*, 615 F.2d 535, 538 (1st Cir. 1980)(Ordinarily, once a party withdraws his demand for a jury trial, with requisite consent of other parties, he may not change his mind, and this should especially be rule when trial has been completed jury-waived, for otherwise a party who came to regret his decision to stipulate to bench trial could saddle an adversary who joined his stipulation with unfair burden of second trial.)

Where a demand for a jury trial is made on remand after a waiver in the initial stage of the proceeding, it is not the sufficiency of the waiver which is at issue but, rather, the sufficiency

of grounds for withdrawing the waiver and reinstating the right to a jury. 66 A.L.R.Fed 859, § 2.

Where the subsequent proceeding was a reinstatement of the case as it existed prior to judgment, some courts have refused to permit the right to a jury to be revived. 9 Fed. Prac. & Proc. Civ.2d § 6(b).

The First Circuit remanded this action for a new trial "[i]n light of errors in the application of law and the lack of record support for the district court's factual conclusions." Despite the remand, however, it must be acknowledged that the factual record in this matter has been fully developed; the positions and arguments of the parties have been fully articulated and placed squarely before the Court. Indeed, this Court is well positioned to make its factual findings and conclusions of law based upon the existing record without need for additional witness testimony. Findings of fact and an application of law to the existing record that will withstand appellate scrutiny is all that is needed to bring this matter to resolution. A jury trial, on the other hand, would require a complete retrial of all issues and evidence and would constitute a tremendous waste of judicial resources.

Defendant also asks that the Court consider the additional burden to the government should the case now proceed by jury trial. Government witnesses have been transferred to other districts. Arrangements must be made both to secure their presence at a retrial and to ensure coverage of their duties and responsibilities. A bench trial affords the greatest potential for flexibility in scheduling these witnesses and is the best course for achieving expeditious disposition of the matter..

Accordingly, the defendant respectfully urges this Court to enforce plaintiff's jury waiver.

Respectfully submitted,

GLENN T. SUDDABY
UNITED STATES ATTORNEY
NORTHERN DISTRICT OF NEW YORK

BY: _____/s/_____

BARBARA D. COTTRELL
ASSISTANT U.S. ATTORNEY

Dated: April 21, 2008