## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

—————————————————————————

CYNTHIA BOHN,

                  Plaintiff

                  vs.                                C.A. No. 04-10593 EFH

MICHAEL MUKASEY, in his official position as
Attorney General of the United States.

                  Defendant

—————————————————————————

## SUPPLEMENTAL COMPLAINT AND DEMAND FOR JURY TRIAL

## INTRODUCTION

Plaintiff Cynthia Bohn (formerly, Cynthia A. DeCaire) incorporates by reference each of the allegations of the First Amended Complaint and Demand for Jury Trial, and supplements the numbered paragraphs of the First Amended Complaint as follows:

## PARTIES

2.1      Plaintiff remains a Deputy United States Marshal and a resident of Westborough, Massachusetts.  She is now known as Cynthia Bohn.

3.1      Defendant Michael Mukasey is now the Attorney General of the United States, and the head of the United States Department of Justice.

## PLAINTIFF'S EXHAUSTION OF HER ADMINISTRATIVE REMEDIES

6.1      Plaintiff is alleging herein that the transfer of her permanent duty station at issue in this Supplemental Complaint was a further retaliatory action for Plaintiff's pursing her original EEO complaints for gender discrimination and reprisal in the District

Court and before the United States Court of Appeals. Because the alleged retaliation is thus reasonably related to and growing out of the discrimination and reprisal Plaintiff originally complained of to the Marshals Services' EEO office, no further exhaustion of administrative remedies is required.

6.2     Nonetheless, on October 11 or 12, 2007, within 45 days after Plaintiff learned that she would be transferred again in April 2008, Plaintiff attempted to exhaust her administrative remedies by initiating contact with the EEO office regarding her claim that this latest transfer was retaliatory. Although the agency was required to notify her within 30 days of her right to file a formal complaint, and although Plaintiff repeatedly requested such notice, 90 days passed without such notice being given to Plaintiff.

6.3     On November 30, 2007, Plaintiff requested Alternative Dispute Resolution regarding the EEO complaint she had initiated about this latest transfer. On December 14, 2007, Plaintiff was advised by the EEO officer that the request for ADR was denied.

## FACTS

50.1     The October 2003 transfer of Plaintiff, following her marriage to Supervisory Deputy Jeffrey Bohn, is at issue in the First Amended Complaint. During pre-trial proceedings and at the first trial of the Amended Complaint, Counsel for the Defendant represented that this transfer was accomplished with an SF-50. An SF-50 is generated when a request for a transfer is made to and approved by headquarters.

50.2     In August 2005, after the first trial on the matters set forth in the First Amended Complaint but prior to the Court issuing its Memorandum and Order, Anthony

Dichio's employment with the Marshals Service terminated.  Chief William Fallon was subsequently appointed Acting Marshal.

50.3      In the Fall of 2005, Acting Marshal Fallon selected Plaintiff for an assignment to the FBI Joint Terrorism Task Force.   Neither Acting Marshal Fallon nor Dave Taylor (nor any other manager) suggested to Plaintiff that if she accepted the assignment her permanent duty station would change from the Worcester substation to the Boston office.

50.4      In April 2006, Plaintiff began the Task Force assignment.   No SF-52 (Request for Personnel Action) was initiated by the Defendant to change Plaintiff's permanent duty station at that time and no SF-50 showing headquarters' approval for a change of permanent duty station was generated at that time.  Plaintiff's permanent duty station thus remained Worcester Worcester MA.

50.4      In August 2006, William Fallon left the District of Massachusetts. Thereafter, Yvonne Bonner became Acting Marshal and Dave Taylor was promoted to Chief Deputy Marshal.

50.5      On February 1, 2007, Plaintiff was advised by Supervisory Deputy Dunne that she would be returning to her "original assignment" in Boston in April 2008. According to Supervisory Deputy Dunne, Plaintiff's personnel record showed her permanent duty station as Boston.  On February 2, 2007, Plaintiff advised Acting Marshal Bonner that her permanent duty station had been changed by headquarters from Boston to Worcester in October 2003, that the motive for that permanent transfer was the subject of the pending litigation, that the Defendant had previously contended (and Chief Fallon had testified at trial in 2005) that Plaintiff could not work in Boston because of her

relationship with Supervisory Deputy Bohn, and that Plaintiff had never been notified of any subsequent change in her permanent duty station. Acting Marshal Bonner advised Plaintiff that it was her understanding that no such transfer to Worcester was approved by headquarters in 2003, that no SF-50 showing headquarters' approval of the transfer could be located for the transfer, and that Plaintiff's permanent assignment (and therefore the assignment to which she would return when her FBI Task Force assignment ended) was Boston and not Worcester. Acting Marshal Bonner advised Plaintiff, however, that she would wait for Judge Young's decision before resolving the matter.

50.6     On February 23, 2007, the Court issued its Memorandum and Order, and on March 16, 2007, the Court granted Plaintiff's motion to amend the Court's Findings of Fact. On March 22, 2007, Plaintiff's counsel wrote to the Marshals Services' Associate General Counsel regarding Plaintiff's permanent duty station, advising him that the Court's Memorandum and Order stated (based on the agreed-upon facts presented by both parties to the Court) that:

> Following her marriage to Bohn on October 10, 2003, DeCaire was transferred to Worcester on October 14, 2003. Id. ¶¶ 68-69, 72. A Form SF50 issued for this transfer, and DeCaire's permanent duty station was thus changed from Boston to Worcester. No further Form SF50 issued for the subsequent assignments discussed below, and at the time of trial, DeCaire's permanent duty station was Worcester. Id. ¶ 4-5; Corrected Trial Exhibit 3.

Plaintiff's counsel requested that an SF50 be placed in Plaintiff's file to correct her permanent duty station from "Boston Suffolk MA" to "Worcester Worcester MA."

50.7    On September 6, 2007, the Marshals Services' Associate General Counsel concurred, stating that the Marshals Service:

> noted an administrative error in processing of the original SF 50. On July 31, 2007, a memorandum was submitted to the Human Resources Division (HRD) requesting that Ms. Bohn's personnel records be corrected to

reflect Worcester Worcester MA as her permanent duty station.  We have
been advised by personnel within HRD that the correction has been made
in HRD's data base.  A corrected SF 50 will be placed in Ms. Bohn's
official personnel file and she should receive a copy for her records.

A true and correct copy of this letter is attached as Exhibit A.

50.10    On September 7, 2007, after the Marshals Service solicited applicants for

Plaintiff's position at the FBI Task Force beginning in April 2008, and having received

no further response regarding Plaintiff's April 2008 duty station from Acting Marshal

Bonner, Plaintiff asked Chief Taylor where she would be assigned after April 1, 2008.

Chief Taylor advised her that her assignment would be in Operations in Boston.

50.11    On October 12, 2007, Plaintiff initiated EEO counseling concerning this

transfer, and on December 14, 2007, she requested Alternative Dispute Resolution.

Plaintiff was advised that her request for Alternative Dispute Resolution of her claim that

this latest transfer was further retaliation was denied.   The reason given by the EEO

Officer for the denial of the request for ADR was that transfer "was a proposed action."

50.12    In March 2008, Plaintiff reviewed her District personnel folder.  In the

folder was a copy of an e-mail between Supervisory Deputy Tom Bezanon and Chief

Taylor dated January 2007.   The e-mail from Supervisory Deputy Bezanson falsely

claimed that Plaintiff had been advised by Chief Fallon and Supervisory Deputy

Bezanson in 2006 that if she accepted the FBI task force position her permanent duty

station would be changed from Worcester to Boston.

50.13    In March 2008, the Marshals Services' Associate General Counsel

provided Plaintiff's counsel with a document, entitled SF-52 Request for Personnel

Action, in which the District sought to change Plaintiff's duty station from the Worcester

sub-office to Boston.  According to the document, the action was requested by Acting

Marshal Bonner on September 11, 2007.   The document sought a retroactive change of duty station, effective April 30, 2006.  A copy of that document is attached hereto as Exhibit B.

50.14    Plaintiff's assignment with the FBI task force ended effective March 31, 2008.  Since April 7, 2008, Plaintiff has been unable to work due to the emotional distress caused by the unremediated retaliatory actions she has suffered since 2003 and continuing to the present.

## COUNT II – RETALIATION IN VIOLATION OF TITLE VII OF THE 1964 CIVIL RIGHTS ACT, AS AMENDED, 42 U.S.C. § 2000e-16 and 42 U.S.C. § 2000e-3

53.1    The allegations of the First Amended Complaint and Paragraphs 2.1, 3.1, 6.1- 6.3  and 50.1 – 50.14 above are incorporated herein by reference.

54.1     Defendant, through its managers in the District of Massachusetts, have continued to retaliate against Plaintiff, in violation of 42 U.S.C. §§ 2000e-3(a) and 2000e-16 when, after Plaintiff continued to oppose certain unlawful employment practices of the Defendant by pursuing her EEO complaint in the District Court and on appeal to the United States Court of Appeals for the First Circuit, Defendant changed Plaintiff's permanent duty station from Worcester to Court Operations in Boston, causing her 6th transfer between the Boston office and the Worcester substation since 2002.

54.2     Defendant, through its managers in the District of Massachusetts, have attempted to justify the transfer of Plaintiff's permanent duty station from Worcester to Boston and to oppose Plaintiff's claim that the transfer was retaliatory by falsely claiming: (1) that Plaintiff's permanent duty station was not changed from Boston to

Worcester in 2003; (2) that Former Acting Marshal Fallon advised Plaintiff in 2006 that if she accepted the FBI task force position, her permanent duty station would be changed from Worcester to Boston, and it was therefore changed in April 2006; (3) that headquarters had approved the change of Plaintiff's permanent duty station from Worcester to Boston in 2006; (4) and that, as of December 2007, no change of permanent duty station from Worcester back to Boston had yet occurred.  The purported justifications are both false and a pretext to hide Defendant's retaliatory actions.

## REQUESTS FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the court grant the following additional relief:

(1) Interim and permanent injunctive relief directing Defendants to cease and desist from retaliatory actions against Plaintiff and returning Plaintiff's permanent duty station to Worcester;

(2) compensatory damages, including emotional distress damages;

(3) attorneys fees and costs; and

(4)  such other relief as is just and proper.

## JURY TRIAL DEMAND

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully submitted,

**CYNTHIA BOHN**,

By her attorney,


_____/s/ Indira Talwani_____
Indira Talwani
**SEGAL ROITMAN, LLC**
111 Devonshire Street
5th Floor
Boston, MA  02109
(617) 742-0208


Dated:  April 22, 2008