# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNTHIA BOHN,<br><br>    Plaintiff<br><br>    vs.<br><br>MICHAEL MUKASEY, in his official position as Attorney General of the United States.<br><br>    Defendant | C.A. No. 04-10593 EFH |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT**

Plaintiff Cynthia Bohn (formerly Cynthia DeCaire), a Deputy United States Marshal, submits this memorandum in support of her motion for leave to file a supplemental complaint.

**I.    Federal Rule of Civil Procedure 15(d) Permits the Filing of Supplemental Pleadings to Address Events Occurring Subsequent to the Date of the Original Pleading**

The Federal Rules of Civil Procedure permit the filing of a supplemental complaint as follows:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. . . .

Fed. R. Civ. Proc. 15(d).  The difference between a supplemental complaint and an amended complaint "is modest." Connectu LLC v. Zuckerberg, __ F.3d __, 2008 WL 902185, *5 (1st Cir. April 3, 2008).  An amended complaint under Rule 15(a) "typically relates to matters that have taken place prior to the date of the

pleading that is being amended." Id., citing 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1473 (Supp. 2007).  In contrast, "A supplemental complaint typically allows the pleader to "set[] forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Id., quoting Fed. R. Civ. P. 15(d).

The purpose of allowing the complaint to be supplemented with events which have occurred since the date of the pleading sought to be supplemented is to "make pleadings a means to achieve an orderly and fair administration of justice" (Griffin v. County School Board, 377 U.S. 218, 227, 84 S.Ct. 1226, 12 L.Ed.2d 256 (1964)) and "to promote as complete an adjudication of the dispute between the parties as is possible." 6A Wright, supra, § 1504, citing LaSalvia v. United Dairymen of Arizona, 804 F.2d 1113, 1119 (9th Cir. 1986). As a corollary to this principle, plaintiffs are not required to exhaust administrative remedies on a retaliation claim that grows out of an earlier complaint that is being litigated. See Clockedile v. New Hampshire Department of Corrections, 245 F.3d 1, 6 (1st Cir. 2001) ("retaliation claims are preserved so long as the retaliation is reasonably related to and grows out of the discrimination complained of to the agency ...."); see also Terry v. Ashcroft, 336 F.3d 128, 150-51 (2d Cir. 2003) (recognizing an exception to the requirement that a federal employee bring a complaint to his EEO office for resolution where the complaint is "one alleging retaliation by an employer against an employee for filing an EEOC charge").

Courts have generally held that, as with motions under Rule 15(a), amendment should be freely granted in the absence of undue delay, bad faith,

dilatory motive, futility of amendment, or prejudice.  See e.g. Nkihtaqmikon v. Bureau of Indian Affairs, 453 F.Supp.2d 193, 201 (D.Me. 2006).

Moreover, a pleading may be amended or supplemented even if the matter has originally proceeded to trial and returned to the district court following an appeal and remand.  See Johanns v. Livestock Marketing Ass'n, 544 U.S. 550, 568, n.1 (2005) (Thomas, J., concurring) (noting that after remand from an appeal following a bench trial, the parties may still be able to amend their complaint); City of Texarkana v. Arkansas, Louisiana Gas Co., 306 U.S. 188, 203 (1939) (when a good cause of action is stated in an original bill, a supplemental bill setting up subsequently occurring facts that justify other or further relief is proper, even after remand for further proceedings).

**II.   Plaintiff's Proposed Supplemental Complaint Sets Out Related Events That Occurred After the Amended Complaint Was Filed That Should Be Included in the Trial of the Original Matter in the Interest of Justice**

The original Complaint alleges that the former United States Marshal for the District of Massachusetts, Anthony Dichio, directly and through District Managers and Supervisors (including then Assistant Chief David Taylor and Supervisory Deputy Tom Bezanson), took actions against Deputy Bohn because of gender discrimination and in retaliation for pursuing an EEO Complaint.  Plaintiff alleged, inter alia, that her employer retaliated against her by, among other actions, repeatedly transferring her (and not other deputies) back and forth between the Worcester sub-station and the Boston Courthouse. Viewing the evidence in the first trial in the light most favorable to the verdict in favor of the Defendant, the Court of Appeals for the First Circuit summarized that "[s]ince August 2002, DeCaire is the only DUSM in the District of Massachusetts whose assigned station has changed so many times."  Opinion of the United States Court of Appeals for the First

Circuit ("First Circuit Opinion"), at 24.[1]  The proposed Supplemental Complaint alleges that the same retaliatory practice has continued, with current District managers (including some of those involved in the original complaint) changing Plaintiff's duty station (and not that of other deputies), this time from the Worcester sub-station to Boston.

The evidence relating to the pending matter and the proposed supplemental complaint is also closely related.  The Government defended Marshal Dichio's October 2003 transfer of Plaintiff from Boston to the Worcester sub-station on the ground that Chief Deputy William Fallon had recommended the transfer to avoid any appearance of impropriety because Plaintiff was in a relationship (and ultimately married) Supervisory Deputy Jeffrey Bohn, who was assigned to the Boston Courthouse.  Chief Deputy Fallon so testified at the first trial.   See First Circuit Opinion, at 20.  Current District managers first asserted that Plaintiff's latest transfer from the Worcester substation back to Boston was not a transfer at all on the ground that her permanent duty station had not actually changed in October 2003 (contrary to representations made in the pending case).  District managers then claimed that William Fallon (who is no longer with the District), had changed Plaintiff's permanent duty station back to Boston in April 2006 (apparently, without regard to his earlier concerns about an appearance of impropriety given that Supervisory Deputy Bohn remains assigned to the Boston office).  See Proposed Supplemental Complaint, ¶¶ 50.5, 50.12- 50.13.  Chief Taylor, Supervisory Deputy Bezanson and former Acting Marshal William Fallon thus will all be critical witnesses as to facts in both the pending Complaint and the proposed Supplemental Complaint.[2]

---

[1] A copy of the Court of Appeal's decision is attached hereto as Exhibit A.
[2] Both Dave Taylor and William Fallon testified at the first trial.  Tom Bezanson was deposed but did not testify at trial.

- 4 -

Moreover, because the matters are so closely related, denying leave to supplement the Complaint would result in much of the same evidence being presented in two different cases. The evidence regarding the most recent transfer from Worcester to Boston (which purportedly was initiated by William Fallon) will be relevant to the question in the original case of whether Defendant's reason for transferring Plaintiff in 2003 from Boston to Worcester to avoid the appearance of impropriety (because Plaintiff's husband, Supervisory Deputy Bohn, works in Boston) was pretextual. The evidence regarding the prior transfers back and forth between Worcester and Boston will also be relevant as background evidence to the new claim. See First Circuit Opinion, at 38, citing Nat. R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002) (employee can use prior acts "as background evidence in support of a timely claim").

For these reasons, the interests of justice thus support granting Plaintiff leave to file the proposed Supplemental Complaint.

### III.   **Plaintiff Is Not Seeking Delay and Submits that Little or No Discovery is Needed for the Additional Cause of Action**

Plaintiff, who has been living under the cloud of the EEO proceedings and subsequent litigation for more than five years, has no interest in delaying resolution of this case. The record demonstrates that she has moved promptly in the original complaint and with regard to the Proposed Supplemental Complaint. Although the case has now been pending for more than four years, the original complaint went through discovery, cross motions for summary judgment, trial and post-trial briefing in less than seventeen months.

With regard to the Proposed Supplemental Complaint, Plaintiff questioned Defendant's assertion regarding the latest duty station immediately. See Proposed

Supplemental Complaint, ¶ 50.5.  She also initiated EEO counseling promptly in October 2007.  Id., ¶ 50.11.  Defendant delayed processing of Plaintiff's EEO complaint, and as late as December 2007, refused ADR on the ground that the transfer was only a proposed action.  Id.

Plaintiff anticipates that Defendant will assert that the supplemental matter will now cause great delay because of additional discovery that will be required.  This contention is disingenuous.  Defendant is well aware of both the basic allegations and the facts relating to the dispute, having had an opportunity through the informal EEO counseling process to interview Plaintiff and the managers involved.  See e.g. EEO counseling report following Plaintiff's October 12, 2007 initiation of EEO counseling, attached hereto as Exhibit B.

Moreover, if Defendant is willing to proceed without discovery, Plaintiff would agree to do the same.  Alternatively, if Defendant contends that discovery is needed, Plaintiff would agree to severely curtailed discovery.  In no case would more than six weeks be needed for the discovery.

**III.   Conclusion**

While Defendant will portray Plaintiff as the unreasonable party in this long-standing dispute, the record to date suggests the contrary.  Judge Young found that Plaintiff was "credible in virtually all respect" (First Circuit Opinion, at 6), and the First Circuit noted that the record supported the court's finding "that Dichio was quite hostile to DeCaire."  Id. at 44.

Indeed, given the record (as described in both the District Court's and the First Circuit's opinions), counsel's suggestion at the recent pre-trial conference that settlement

could not be discussed because Plaintiff "should not be rewarded" for her past EEO filings only underscores the ongoing hostility of the Marshals Service towards Plaintiff. Plaintiff respectfully suggests that the Government's true reason for opposing this motion is to deny Plaintiff any prompt resolution of her concerns and to needlessly increase costs of litigation.

   In the interest of justice, Plaintiff urges the Court to permit her to supplement her First Amended Complaint.

                Respectfully submitted,

                 **CYNTHIA BOHN**,

                 By her attorney,

                 _____/s/ Indira Talwani_____
                 Indira Talwani
                 **SEGAL ROITMAN, LLC**
                 111 Devonshire Street
                 5th Floor
                 Boston, MA  02109
                 (617) 742-0208

Dated:  April 22, 2008