UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CYNTHIA BOHN,

        Plaintiff

        vs.                           C.A. No. 04-10593 EFH

MICHAEL MUKASEY, in his official position as
Attorney General of the United States.

        Defendant

**PLAINTIFF'S MEMORANDUM OF LAW REGARDING
RIGHT TO TRIAL BY JURY**

Plaintiff Cynthia Bohn respectfully submits that she is entitled to a trial by jury on her gender discrimination and retaliation claims on both liability and damages. In the alternative, she submits that the Court should exercise its discretion and order a trial by jury on both liability and damages. Finally, she contends that Defendant's suggestion that the proceedings do not require a trial at all is entirely frivolous.

**I.    Plaintiff is Entitled to a Jury Trial as of Right**

    **A.    Plaintiff Filed a Demand for a Trial by Jury With her Original and Amended Complaints For Gender Discrimination and Retaliation**

Deputy Bohn filed a demand for a trial by jury on all matters so triable with her original and amended complaints for gender discrimination and retaliation.[1] See Docket #1, Complaint, filed March 26, 2004, at 1; Docket #6, Amended Complaint, filed July 7, 2004, at 1. A trial by jury was thereby properly demanded as provided in Rule 38(b),

---

[1] Under the Civil Rights Act or 1991, codified at 42 U.S.C. § 1981a(c)(1), Congress amended Title VII "to provide the right to jury trials for private as well as government employees." See Rossiter v. Potter, 2005 WL 1288063, *7 (D.Mass. 2005).

and the parties' pre-trial memorandum recognized that the matter was to be tried by jury. See Docket #38, [Joint] Pre-Trial Memorandum, filed May 12, 2005, at 15.

### B.  Plaintiff is Entitled to a Jury Trial on the Issue of Damages

In the first proceeding, the Court held a bench trial on liability (and equitable relief), with Plaintiff reserving the amount of any damages for a jury trial.  See Transcript of Proceedings, Vol. 2, at 76, attached hereto as Exhibit A (THE COURT:  ". . . you've reserved a right to a trial by jury on damages here, if ever we get to that stage").   On remand, Plaintiff noted this right to a jury trial on damages (see e.g. Docket # 103, Plaintiff's Status Report, April 11, 2008, at 2, n.1), and Defendant's silence should therefore be viewed as a tacit acceptance of this point.

### C.  Plaintiff is Also Entitled to a Jury Trial on the Issue of Liability

The crux of the dispute between the parties is thus whether Plaintiff is also entitled to a jury trial on the issue of liability.  Where a trial by jury has been properly demanded, and there is no finding that a right of trial by jury of some or all issues does not exist under the Constitution or statutes of the United States, "[t]he trial of all issues so demanded shall be by jury, unless . . . the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury." Fed. R. Civ. P. 39(a). Although the parties proceeded without a jury on the issue of liability in the first proceeding, there was no written stipulation or oral stipulation made in open court and entered in the record regarding the scope of the waiver of the right to a jury trial (other than the Court's statement regarding the reserving of the right to a trial by jury on damages).   Plaintiff does not dispute that she agreed to waive trial by jury on liability in

the first proceeding, but contends that she made no agreement as to any subsequent proceeding.

Defendant assumes that Plaintiff has somehow waived her right to a trial by jury for all time by proceeding with a trial on liability in the original matter before Judge Young. Rule 39(a) compels no such result and there is nothing in the record to suggest that any party anticipated that the matter would eventually be heard on remand, and no stipulation to proceed on remand without a jury. Moreover, the reason the bench trial on liability was offered to and accepted by the Plaintiff runs counter to any such presumption: Judge Young advised the parties that he could not schedule a prompt jury trial because of his schedule on criminal cases, but could schedule a bench trial around the criminal cases. This bench trial was offered and accepted as a way to promptly resolve Plaintiff's claims for injunctive relief. Now, three years later, having one trial for liability and a separate trial for damages would only cause further delay and expense for all parties, as well as an unnecessary burden on the Court.

As the Sixth Circuit explained in <u>United States v. Lee</u>, 539 F.2d 606, 609 (6th Cir. 1976), the "general rule to be applied where a judgment of a trial court is reversed after a bench trial" was stated in <u>Burnham v. N. Chicago St. Ry. Co.</u>, 88 F. 627, 629-30 (7th Cir. 1898):

> The stipulation to waive a jury, and to try the case before the court, only had relation to the first trial. There could be no presumption then that there would ever be a second trial; and therefore it should not be presumed that the parties, in making the stipulation, had in mind any possible subsequent trial after the first, as to which the stipulation could refer. . . .
>
> Conceding that [the defendant, under the facts of this case, so far waived his right to trial by jury as to justify the judge of the court in proceeding to try the cause], all we decide is that the agreement to waive the right of trial

by jury must ordinarily be construed to apply only to the particular trial at which it is made . . . .[2]

Here, too, the agreement to waive the right of trial by jury on the issue of liability must be construed to apply only to the first proceeding.

Defendant cites Hanlon v. Providence College, 615 F.2d 535, 538 (1st Cir. 1980) for the proposition that ordinarily, once a party withdraws his demand for a jury trial, with the requisite consent of other parties, he may not change his mind. The issue in Hanlon, however, was not the proper course of action following remand after a successful appeal on some other issue, but rather, whether a plaintiff could create an issue for appeal by changing his mind on a valid Rule 39(a)(1) waiver in the first proceeding. As explained in Burnham, the agreement to waive the right of trial by jury ordinarily applies to the particular trial at which it is made. Hanlon offers no opinion on whether a party should be bound in a subsequent proceeding where a new trial has been ordered for some independent reason. See 615 F.2d at 539, n.7 ("We do not go so far as to say that post-judgment relief from a valid withdrawal of a jury trial demand can never be afforded").

## II. In the Alternative, the Court Should Grant Plaintiff's Motion for an Order for Trial By Jury

In the alternative, the Court should exercise its discretion and grant Plaintiff's motion for an order for a trial by jury on both liability and damages.

Rule 39(b) provides in relevant part that "the court in its discretion upon motion may order a trial by a jury of any or all issues [that might have been tried by jury as of right]." The First Circuit has concluded that "the discretion under Rule 39(b) is very

---

[2] The Burnham case ties its analysis to the right to a jury trial under the Constitution. By its own terms, however, Rule 38(a) makes clear that the right to a jury trial is "inviolate" regardless of whether it is declared by the Seventh Amendment to the Constitution, as in Burnham, or given by federal statute, as is the case here. Fed. R. Civ. P. 38(a).

- 4 -

broad and . . . the case would be very rare indeed where a district court abused its discretion in denying *or* granting a Rule 39(b) motion." Rowlett v. Anheuser-Busch, Inc., 832 F.2d 194, 200 (1st Cir. 1987), *abrogated on other grounds by* Iacobucci v. Boulter, 193 F.3d 14, 27 (1st Cir.1999). Indeed, the Hanlon case on which Defendant relies notes Professor Moore's suggestion that "when a new trial has been ordered for some independent reason, the district court should have discretion to relieve a party of his stipulation to a jury-waived trial and to allow retrial before a jury." 615 F.2d at 539, n. 7, citing 5 Moore's Federal Practic P 38.44, at 343-44 n. 27.

Factors considered in exercising such discretion include (1) prejudice to the other party; (2) potential delay or extension of trial; and (3) unfair surprise. Rowlett 832 F.2d at 200. Here, these factors mitigate in favor of a trial by jury on the issue of liability. First, unlike Rowlett and similar cases, there was no absence of a demand for a jury trial, and all discovery and pre-trial motions were prepared with full knowledge of that demand. See e.g. See Docket #38, [Joint] Pre-Trial Memorandum, filed May 12, 2005, at 15. Second, there is no reason why a trial of the liability issue would create any delay or extension of trial, since the parties prepared through their Pre-Trial Memorandum for a jury trial. Nor is Defendant's argument about the scheduling of out of town witnesses a compelling reason to deny a jury trial, as that scheduling can be accommodated even before a jury by simply taking witnesses out of order. Finally, there is clearly no unfair surprise since the entire pre-trial phase was conducted with recognition of Plaintiff's demand and right to a jury trial on both liability and damages.

In addition, because Plaintiff has a right to a trial by jury on the damages issue, denying a jury on liability serves no purpose. Plaintiff urges the Court to proceed with both liability and damages in one trial to avoid the need for yet a third trial in which the

- 5 -

parties would need to present to the jury all of the underlying facts in order to assess the damages claim. If a single trial is held on both liability and damages, having the jury charged with the liability issue as well as the damages issue, rather than just the damages issue alone, would impose no additional burdens on the Defendant or the Court.

### III. Defendant's Suggestion that the Court May Decide this Case Without a Trial Is Frivolous

Defendant argues finally that the Court may make its factual findings and conclusions of law based upon the existing record without the need for a new trial. Defendant is gravely mistaken.

First, the First Circuit remanded the case "for further proceedings consistent with this opinion, in accordance with Local Rule 40.1(K)(1) of the District of Massachusetts." Opinion at 46-47. Local Rule 40.1(K)(1), in turn, address the reassignment of judges "[w]hen an appellate court remands a case to this court for a new trial . . . ." The First Circuit has thus remanded the case "for a new trial," and Defendant's suggestion that the First Circuit did not order a new trial is frivolous.

Even in the absence of the specific directive by the First Circuit, Defendant's contention that the Court could somehow resolve this case without a trial and still withstand appellate scrutiny is meritless. If this case could have been decided without observing the witnesses and making credibility determinations, the First Circuit presumably would have done so on the record before it, and Plaintiff so argued in the First Circuit. Defendant, however, responded that if the Court of Appeals determined that the District Court's findings of fact or conclusions of law were in error, remand was critical so that the issue of liability could be determined by a factfinder "who observed witnesses" and "made credibility determinations." Defendant's Brief on Appeal at 30. The Court of Appeals apparently agreed, noting that "a reasonable factfinder correctly

- 6 -

applying the law could rule in favor of DeCaire," but that result was not compelled. Opinion, at 46.

Defendant's wish that this matter could be resolved without a jury and with this Court somehow resolving motive and intent questions from the written record rather than by observing the witnesses' credibility is not surprising. After the first trial, Judge Young concluded that Plaintiff "'was credible in virtually every respect'" while "the credibility of Dichio was 'extremely suspect.'" Opinion, at 6, quoting DeCaire v. Gonzales, 474 F.Supp.2d 241, 248 (D.Mass. 2007). But regardless of the reasons why Defendant seeks to avoid a jury, factual issues regarding the employer's motives or intent are "quintessentially jury questions," Vesprini v. Shaw Industries, Inc., 221 F.Supp.2d 44, 53 (D. Mass. 2002), and at this late date, a single trial by jury would be the most expeditious way of bringing this matter to a conclusion.

## IV.   CONCLUSION

For all of the foregoing reasons, the Court should order that the matter proceed by trial by jury on liability and damages.

                    Respectfully submitted,

                    **CYNTHIA BOHN**,

                    By her attorney,

                    _____/s/ Indira Talwani_____
                    Indira Talwani
                    **SEGAL ROITMAN, LLC**
                    111 Devonshire Street
                    5th Floor
                    Boston, MA  02109
                    (617) 742-0208

Dated:   May 1, 2008