UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
_____

**CYNTHIA BOHN,**
                      **Plaintiff,**

    v.                                        Civ. Action No. 04-10593EFH

**MICHAEL MUKASEY, in his official
position as Attorney General of the
United States,**
                          **Defendant.**

-------------------------------------------------------

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE A SUPPLEMENTAL COMPLAINT**

On July 6, 2004, plaintiff filed an amended complaint in the above-captioned action which detailed specific acts of purported discrimination allegedly committed by or at the direction of then United States Marshal Anthony Dichio. Plaintiff further alleged that specified retaliatory actions were taken against her in response to the filing of her EEO complaint (hereinafter "the Albany case"). The matter was tried before the Honorable William G. Young, appealed, and remanded to the district court. In the interim, a new United States Marshal was appointed to the District of Massachusetts, Chief Deputy Marshal William Fallon accepted a position outside the district, and plaintiff filed a second EEO complaint, which resulted in the filing of a second district court action, currently pending, the defense of which is being handled before this Court by the District of Rhode Island (07-10822)[1] (hereinafter "the Providence

---

[1] After review of the substantive, procedural and logistical issues created by assignment of the instant matter to a U.S. Attorney's Office located 150 miles from Boston and, more importantly, outside the First Circuit, the second district court filing, 07-10822, was assigned by the Department of Justice to the District of Rhode Island in order to have the matter handled by an office proximate to Boston and within the First Circuit.

case"). Upon information and belief, plaintiff has now filed a third EEO complaint and seeks to supplement her amended complaint in the Albany case to add these new allegations and, possibly, allegations currently pending in the Providence case. In essence, plaintiff now seeks to entirely reinvent the original litigation.

Defendant opposes the instant application. Aside from participation in the appeal of the Albany case, the Northern District of New York has not had substantive involvement in this matter since September 2005, and, with the exception of the forwarding of requested materials from the Albany case to the District of Rhode Island for informational purposes in preparation of the Providence case, has had no involvement in the discovery of matters pertinent to that case. Further, this District has had no involvement in or discovery of any claim contained in plaintiff's third EEO complaint. The Albany case has been fully litigated and may be retried before the Court with minimal delay. The only issues remaining for determination by the Court in that instant matter are issues of credibility. Indeed, as Defendant has noted in previous filings, to the extent that issues of credibility may be determined through analysis and consideration of circumstantial evidence, the record in this matter is such that retrial may be unnecessary.

Rule 15(d) of the Federal Rules of Civil Procedure provides for a motion to supplement pleadings to include subsequent occurrences which are related to the original complaint and do not prejudice the opposing party. Fed R. Civ. P. 15(d). "The initial consideration for the court is whether the proposed supplemental facts connect the supplemental information to the original pleadings." Harris v. Travis, 2007 WL 1362634 at *5 (N.D.N.Y 2007) (citing Weeks v, New York State, 273 F.3d 76, 88 (2d Cir. 2001). Rule 15(d) "relief may include the addition of new defendants and new claims if adequately related to the originally stated claims." McLean v.

Scully, 1991 WL 274327 *1 (S.D.N.Y. 1991).  The purpose of this rule is to promote as complete as possible an adjudication of the existing dispute between parties, which may have evolved since the action was initiated.  William Inglis & Sons Baking Co. v. ITT, Continental Baking Co., Inc., 668 F.2d 1014, 1057 (9th Cir. 1981).  Thus, under the Rule, a party may supplement the original pleading to include subsequent occurrences only if the new events are related to the claims presented in the original complaint.  See Argus Inc. v. Eastman Kodak Co., 552 F.Supp. 589, 602 (S.D.N.Y. 1982).

 Since completion of discovery in the Albany case, several significant events have occurred which, if leave to supplement the amended complaint is granted, require a re-opening of discovery.  The District of Massachusetts has operated under the direction of a new United States Marshal for almost two years.  Then Chief Deputy Marshal Fallon is now assigned to another duty station outside of the District of Massachusetts.  Neither the supervisory structure nor the policies and procedures embraced and enforced by the new Marshal are known to the Northern  District of New York.  Upon information and belief, the personnel policies and procedures currently utilized within the District of Massachusetts and their application, comprise a part of plaintiff's new claims.  Any policies, procedures and/or actions taken by USM Bonner or by others acting by her direction regarding personnel assignments were obviously not included in the discovery process in the Albany case.  The Northern District of New York is currently unaware of any policy or procedure implemented by the USMS or within the USMS in the District of Massachusetts since September 2005, nor is it aware of the manner in which those policies and procedures may or may not have impacted plaintiff.  This District is similarly unaware of plaintiff's duty assignments, responsibilities or performance since September 2005.

For example, plaintiff cites to "evidence regarding the most recent transfer from Worcester to Boston (which purportedly was initiated by William Fallon)" (plaintiff's memorandum, p. 5). Although this matter may be relevant to and addressed through the discovery process in the Providence case, it clearly postdates the issues raised and addressed in the Albany case, and the details of the purported transfer are entirely unknown to the Northern District of New York.. Accordingly, should plaintiff's motion to supplement her amended complaint be granted, discovery must be reopened. Within plaintiff's moving papers, once peripheral witnesses take on new and significant stature, simply because they remain assigned to the Boston office. *See* plaintiff's memorandum of law, p. 4. Supervisory Deputy Thomas Bezanson, who was not called by plaintiff to testify during the first trial of this matter, is now a "critical witness." *Id*. Respectfully, should plaintiff's motion to supplement the amended complaint be granted, defendant is entitled to discovery regarding this Supervisory Deputy's interaction with plaintiff since September 2005. Defendant is also entitled to discovery with regard to the basis of plaintiff's claims that she has been discriminated against by the USMS in successive administrations.

To the extent that plaintiff's new allegations postdate the Albany case and are relevant to the Providence case, they should be addressed within the Providence case - not bootstrapped to the Albany case on retrial. To the extent that plaintiff raises new issues not raised in either the Albany or Providence cases, plaintiff should be required to file a new complaint.

Simply stated, the First Circuit remanded the Albany case for retrial and Defendant is prepared to proceed with retrial of that matter at the Court's convenience. To the extent, however, that plaintiff is successful in her efforts to merge three separate EEO investigations and

4

two judicial actions into one action encompassing two separate USMS administrations, two thirds of which postdate the instant action, additional discovery cannot be avoided, particularly where the second action has been joined and is under the scrutiny of the U.S. Attorney's Office in a separate judicial District.

Neither the Northern District of New York nor the District of Rhode Island has any interest in prolonging this litigation.  To the extent, however, that plaintiff seeks to add new claims to an already litigated cause of action, Defendant is entitled to discovery regarding those claims.

The amended complaint in this action was specifically addressed to alleged discriminatory actions taken against plaintiff during the tenure of former USM Dichio.  That was the case tried by Judge Young and the case presented to the First Circuit for review.  Defendant respectfully submits that the most efficient manner in which to conclude this matter is to address the case remanded by the First Circuit and the issues raised by that Court.  Plaintiff has already preserved her ability to pursue her new claims regarding the post-Dichio administration through the filing of subsequent EEO claims and the initiation of a subsequent district court action, and thereby suffers no prejudice.

    Respectfully submitted,

    GLENN T. SUDDABY
    United States Attorney
    Northern District of New York


    By: _____/s/_____

    BARBARA D. COTTRELL
    Assistant U.S. Attorney
    Bar Roll No. 101411 (NDNY)

James T. Foley U.S. Courthouse, Room 218
445 Broadway
Albany, New York 12207
(518)431-0247