IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

CYNTHIA A. BOHN,             )
                                )
            Plaintiff,      )
                                )
      v.                   )
                                )     Civil Action No. 04-10593-EFH
MICHAEL MUKASEY, in his official capacity )
 as ATTORNEY GENERAL OF THE UNITED )
STATES,             )
            Defendant.    )
_____ )

**DEFENDANT'S PRELIMINARY REQUEST
FOR JURY INSTRUCTIONS**

       Defendant Michael Mukasey, Attorney General of the United States, submits the following proposed jury instructions. A proposed special verdict form will be submitted in advance of the charge conference. Defendant requests leave to submit supplemental requests for instructions and special verdict questions, as needed, during trial or following the close of evidence in this case.

                             Respectfully submitted,

                             GLENN T. SUDDABY,
                             UNITED STATES ATTORNEY
                             Northern District of New York

                             By:             /s/              

                             BARBARA D. COTTRELL
                             Assistant United States Attorney
                             Northern District of New York
                             Bar Roll No. 101411 (NDNY)
                             218 James T. Foley U.S. Courthouse
                             445 Broadway
                             Albany, New York 12207
                             (518)431-0247

Dated: 11 June 2008

DEFENDANT'S PROPOSED INSTRUCTION NO. 1

Overview of Claims

This is an employment action brought by plaintiff Cynthia A. Bohn, a Deputy United States Marshal with the United States Marshals Service, District of Massachusetts, alleging employment discrimination under Title VII of the Civil Rights Act of 1964 based on her gender (female), and retaliation. Plaintiff specifically alleges that she was discriminated against when Marshals Service management assigned her to weekly rotations in Worcester and Boston in or around January 2003 (Count I), and was further discriminated and retaliated against after she pursued EEO action (Count II). The Marshals Service denies Deputy Bohn's allegations. The Marshals Service asserts that Deputy Bohn was neither discriminated nor retaliated against, and that all transfers of Deputy Bohn from one duty location to another were either at her request or in the best interests of the Marshals Service and were based upon legitimate, non-discriminatory factors. The Marshals Service further denies that it retaliated in any way against Deputy Bohn after she filed her administrative complaint

It is your responsibility to decide whether Ms. Bohn has proven her claims by a preponderance of the evidence.

1

<u>DEFENDANT'S PROPOSED INSTRUCTION NO. 2</u>

<u>THE PARTIES</u>

The plaintiff in this case is Cynthia A. Bohn.  The defendant is Michael Mukasey.  Mr. Mukasey is the Attorney General of the United States.  The Marshals Service is a component of the United States Department of Justice, over which Mr. Mukasey exercises oversight.  Mr. Mukasey has been named as the defendant in this case only in his official capacity.

<u>DEFENDANT'S PROPOSED INSTRUCTION NO. 3</u>

<u>Burden of Proof</u>

In a civil case such as this, the plaintiff, Cynthia A. Bohn, has the burden of proving each and every element of her claim by a preponderance of the evidence.  I will explain in a moment the essential elements that Deputy Bohn must prove in this lawsuit.  If you find that any one of the elements has not been proven by a preponderance of the evidence, you must return a verdict for the defendant on that claim.

What does "preponderance of the evidence" mean?  To establish something by a "preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, Deputy Bohn has the burden of introducing evidence with sufficient convincing force to persuade you that each of the essential elements of her claim is more likely true than not true.

If Deputy Bohn has failed to establish by a preponderance of the evidence any one of the necessary elements or facts which she must prove in order to sustain her claim, then it will be your sworn duty to return a verdict for the defendant.  If the plaintiff fails to prove even one of the necessary elements of her claim, then she will have failed to prove her case, and you must return a verdict for the defendant on that claim.

<u>Authority</u>

Devitt, Blackmar & Wolff, <u>Federal Jury Practice and Instructions</u>, § 72.01 (4th. ed.).

3

DEFENDANT'S PROPOSED INSTRUCTION NO. 4

EVIDENCE

Unless you are otherwise instructed, the evidence from which you are to decide the facts consists of:  (1) the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; (2) the exhibits that have been received into evidence; and (3) any facts to which both sides have agreed or stipulated.   This is the only evidence that you should consider in reaching your verdict.

Authority

Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions, §71.08 (4th. ed.).

4

DEFENDANT'S PROPOSED INSTRUCTION NO. 5

WHAT IS NOT EVIDENCE

Certain things are not evidence and you may not consider them in deciding what the facts are.  I will list them for you:

1.      Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of the facts controls.

2.      Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.  Nor should you give any weight to the questions asked by the lawyers.  Questions are not evidence; the evidence is to be found in the answers given by the witnesses.

3.      Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, if testimony or exhibits have been received only for a limited purpose, you must follow the limiting instructions I have given.

4.      Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

5.      Under our system of law, anyone can file papers in court to allege and claim anything they want against others.  A complaint, however, is not evidence.

When the plaintiff filed her complaint in the present case, she undertook the burden to prove what she alleged.  The mere fact that Deputy Bohn alleged or stated a claim is not proof that what she claims is true.

Authority

Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions, § 70.03 (4th. ed.).

5

<u>DEFENDANT'S PROPOSED INSTRUCTION NO. 6</u>

<u>INFERENCES DEFINED--PRESUMPTION OF REGULARITY--ORDINARY
COURSE OF BUSINESS--OBEDIENCE TO LAW</u>

I have instructed you that you are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to what you see and hear as the witnesses testify. You are permitted to draw, from facts that you find have been proved, such reasonable inferences as seem justified in light of your experience.

Inferences are deductions or conclusions that reason and common sense lead you to draw from facts that have been established by the evidence in the case.

The law presumes that a certain state of affairs is true. Because of the law's presumption, unless and until outweighed by evidence in the case to the contrary, you may find that official duty has been regularly performed; that the ordinary course of employment has been followed; and that the law has been obeyed.

<u>Authority</u>

Devitt, Blackmar & Wolff, <u>Federal Jury Practice and Instructions</u> § 72.04 (4th ed.)

6

DEFENDANT'S PROPOSED INSTRUCTION NO. 7

CREDIBILITY OF WITNESSES

In deciding what the facts are, you must consider all the evidence.  In doing this, you must decide which testimony to believe and which testimony not to believe.  You may disbelieve all or any part of any witness' testimony.  In making that decision, you may take into account a number of factors including the following:

1.  Was the witness able to see, or hear, or know the things about which that witness testified?

2.  How well was the witness able to recall and describe those things?

3.  What was the witness' manner or demeanor while testifying?

4.  Did the witness have an interest in the outcome of this case or any bias or prejudice concerning any party or any matter involved in the case?

5.  How reasonable was the witness' testimony considered in light of all the evidence in the case?

6.  Was the witness' testimony contradicted by what that witness has said or done at another time, or by the testimony of other witnesses, or by other evidence?

In deciding whether or not to believe a witness, keep in mind that people sometimes forget things.  You need to consider therefore whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.  Similarly, inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony.  Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

7

These are some of the factors you may consider in deciding whether to believe testimony.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other.  You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side has greater weight than that of a large number of witnesses on the other side.

All of these are matters for you to consider in finding the facts.

<u>Authorities</u>

<u>United States v. Ovimette</u>, 798 F.2d 47, 49 (2d Cir. 1986); Devitt, Blackmar & Wolff, <u>Federal Jury Practice and Instructions</u>, § 73.01 (4th. ed.).

8

DEFENDANT'S PROPOSED INSTRUCTION NO. 8

IMPEACHMENT--INCONSISTENT STATEMENTS OR CONDUCT

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness' testimony in other particulars and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Authority

Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions, § 73.04 (4th. ed.).

9

DEFENDANT'S PROPOSED  INSTRUCTION NO. 9

GENDER DISCRIMINATION

. Deputy Bohn alleges that she was discriminated against based upon her gender when USMS management assigned her to weekly rotations in Worcester and Boston in or around January 2003, transferred her to Court Operations in Boston in or around February 2003, retained her in Court Operations in Boston after additional employees were added to the unit, declined to move her to the Boston Warrants unit when an opening occurred there in or around March, 2003, failed to assign her to the Warrant Coordinator position in or around April 2003, did not appoint her Acting Court Operations Supervisor position in or around September 2003, did not assign her to the Warrant Coordinator position in or around September 2003, transferred her to Worcester in October 2003, assigned her multiple duty stations in November 2003, and assigned her to the control room in the Federal Courthouse in Boston in November 2003.

In order for Deputy Bohn to establish her claim against the defendant, Deputy Bohn has the burden of proving by a preponderance of the evidence that the defendant's actions were motivated by her gender.  Deputy Bohn must prove that the USMS intentionally discriminated against her, that is, her gender must be proven to have been a motivating factor in the Marshals Service decision to initiate the personnel actions about which Deputy Bohn complains.  The mere fact that Deputy Bohn is a female and was transferred among duty locations is not sufficient, in and of itself, to establish her claim under the law.

To prevail on her claim of discrimination, Deputy Bohn must demonstrate that: (1) she belongs to a statutorily protected group or class; (2)  she was treated differently from other employees based on her gender; and (3) she was denied benefits for which she was qualified.

If Deputy Bohn establishes each of these elements, the burden shifts to the defendant to set forth nondiscriminatory reasons for Deputy Bohn's duty assignments.  It is not necessary for you to agree with the soundness or fairness of those reasons.  All that is required is that the reasons put

10

forth by the Marshals Service be nondiscriminatory -- in other words, that the reasons not be based on Deputy Bohn's gender.

Once the defendant has given a nondiscriminatory explanation for its decision, Deputy Bohn must then show both that: (1) defendant's proffered reasons for its decision are pretextual – in other words, that the defendant's explanation is false -- <u>and</u> that (2) the real reason the Marshals Service treated her as it did was because of her gender.

At all times, the burden is on Deputy Bohn to prove that the reasons for her duty assignments were gender based.

<u>Authorities</u>

<u>E.g.,</u> <u>St. Mary's Honor Center v. Hicks</u>, 509 U.S. 502, 506-07 (1993); <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973); <u>Lattimore v. Polaroid Corp.</u>, 99 F.3d 456, 465 (1st Cir. 1996); <u>Rowlett v. Anheuser-Busch, Inc.</u>, 832 F.2d 194, 200 (1st Cir. 1987) (holding that it is appropriate to instruct the jury on the McDonnell-Douglas burden shifting framework).

<u>DEFENDANT'S PROPOSED INSTRUCTION NO. 10</u>

<u>RETALIATION: LEGAL STANDARDS</u>

The law prohibits retaliation against an employee because that employee has filed a complaint of discrimination against her employer.

In order to prevail on her retaliation claim, Deputy Bohn must first show, by a preponderance of the evidence, that:

1.      She filed an EEO complaint alleging discrimination;

2.      That after filing the complaint, she suffered one or more adverse employment actions;

3.      That the persons responsible for imposing the adverse employment action(s) knew of Deputy Bohn's EEO complaint at the time they made the decision to impose the action(s); and

4.      That there was a causal connection between Deputy Bohn's filing of her discrimination complaint and the adverse employment action(s) that occurred.

<u>Authorities</u>

<u>White v. N.H. Dept. of Corrections</u>, 221 F.3d 254, 264-265 (1st Cir. 2000);  <u>Randlett v. Shalala</u>, 118 F.3d 857, 862 (1st Cir. 1997); <u>Fennel v. First Step Designs, Ltd.</u>, 83 F.3d 526, 535 (1st Cir. 1996); <u>Hoeppner v. Crotched Mtn. Rehab. Ctr., Inc.</u>, 31 F.3d 9, 14, 17 (1st Cir. 1994); <u>Pettiti v. New England Telegraph & Telephone Co.</u>, 909 F.2d 28, 33 (1st Cir. 1990); <u>see</u> <u>also</u> <u>Hazel v. Postmaster General</u>, 7 F.3d 1, 3 (1st Cir. 1993).

DEFENDANT'S PROPOSED INSTRUCTION NO. 11

"ADVERSE EMPLOYMENT ACTION"

For an event to rise to the level of an "adverse employment action," the act must be substantial enough to result in a material disadvantage to the employee with respect to salary, grade or other objective terms and conditions of employment.  Minor workplace grievances that do not result in any "material disadvantages" to an employee's salary, grade or other objective terms and conditions of employment do not constitute "adverse employment actions" within the meaning of the law.

Authorities

Connell v. Bank of Boston, 924 F.2d 1169, 1179-80 (1st Cir. 1991); Tang v. Rhode Island, 163 F.3d 7, 12-13 (1st Cir. 1998).

13

DEFENDANT'S PROPOSED INSTRUCTION NO. 12

CAUSAL CONNECTION

To establish a causal connection between her filing of an EEO complaint and the adverse act(s) that she claims were taken against her, Deputy Bohn bears the burden of introducing concrete evidence of a link between the filing and the allegedly retaliatory treatment.  Conclusory allegations and unsupported inferences are insufficient, as is an employee's personal belief that the events were motivated by a retaliatory animus.

In assessing whether certain events were retaliatory, it is relevant to consider whether the events pre-dated the employee's filing of her EEO complaint.  Events that occurred before the filing of a complaint cannot, as a matter of law, have been taken in retaliation for a complaint that had not yet been filed.  Similarly, actions taken by people who had no knowledge of Deputy Bohn's EEO claims cannot, as a matter of law, have been taken in retaliation.

Authorities

Lewis v. Gillette Co., 22 F.3d 22, 25 (1st Cir. 1994); Ramos v. Roche Products, Inc., 936 F.2d 43, 49 (1st Cir. 1991).

Soileau v. Guilford of Maine, Inc., 105 F.3d 12, 16-17 (1st Cir. 1997) (performance issues that had been raised with employee before he ever asserted a disability claim could not, as a matter of law, have been taken in retaliation for that claim); Greenberg v. Union Camp Corp., 48 F.3d 22, 29 (1st Cir. 1995) (same).

<u>DEFENDANT'S PROPOSED INSTRUCTION NO. 13</u>

<u>NON-RETALIATORY REASONS: DEFENDANT'S BURDEN</u>

If you find that Deputy Bohn has proven by a preponderance of the evidence that her supervisors knew of her EEO complaint; that they took adverse actions against her; and that a causal connection existed between the filing of the complaint and the adverse acts, then the burden shifts to the defendant to articulate legitimate, non-retaliatory reasons for the adverse action(s).

It is not necessary for you to agree with the soundness or fairness of those reasons. All that is required is that the reasons put forth by the defendant be non-retaliatory -- in other words, that the reasons not be based on Deputy Bohn's conduct in having filed a discrimination complaint. An employer does not lose the ability to review an employee's performance or to make decisions concerning an individual's employment status merely because the employee has filed a discrimination claim. Likewise, the filing of an employment discrimination suit does not create special rights on the part of an employee to be immune from the types of employment actions that might otherwise be taken against her.

<u>Authorities</u>

<u>Randlett v. Shalala</u>, 118 F.3d 857, 862 (1st Cir. 1997); <u>Fennel v. First Step Designs, Ltd.</u>, 83 F.3d 526, 535 (1st Cir. 1996); <u>Hoeppner v. Crotched Mtn. Rehab. Ctr., Inc.</u>, 31 F.3d 9, 14, 17 (1st Cir. 1994); <u>Pettiti v. New England Telegraph & Telephone Co.</u>, 909 F.2d 28, 33 (1st Cir. 1990); <u>see also</u> <u>Hazel v. Postmaster General</u>, 7 F.3d 1, 3 (1st Cir. 1993).

15

DEFENDANT'S PROPOSED INSTRUCTION NO. 14

PRETEXT FOR RETALIATION

If the defendant articulates non-retaliatory reasons for its actions, Deputy Bohn must then show both that the defendant's proffered reasons for its actions are pretextual – in other words, not true -- and that the real motivation for the disputed actions was to retaliate against Deputy Bohn for having filed a discrimination complaint.  As with her underlying discrimination claim, it is not enough for Deputy Bohn simply to contest the fairness or reasonableness of the defendant's conduct.   She must show that the reasons articulated in support of that conduct are a sham and that the real purpose for the actions was retaliation.

That is because the issue is not whether Deputy Bohn's duty assignments at any particular point in time were fair or unfair.  Rather, the issue for your determination is whether those duty assignments were made because of an intent to retaliate against Deputy Bohn for having filed a discrimination complaint.

Authorities

Randlett v. Shalala, 118 F.3d 857, 862 (1st Cir. 1997); Fennel v. First Step Designs, Ltd., 83 F.3d 526, 535 (1st Cir. 1996); Hoeppner v. Crotched Mtn. Rehab. Ctr., Inc., 31 F.3d 9, 14, 17 (1st Cir. 1994); Pettiti v. New England Telegraph & Telephone Co., 909 F.2d 28, 33 (1st Cir. 1990); see also Hazel v. Postmaster General, 7 F.3d 1, 3 (1st Cir. 1993).

16

DEFENDANT'S PROPOSED INSTRUCTION NO. 15

PLAINTIFF'S SUBJECTIVE BELIEFS

Plaintiff's own subjective belief that she was discriminated against because of her gender is not sufficient to meet her burden of proof. It is also not enough for Plaintiff to show personality conflict with or dislike by a decision-maker.

The burden in this case is on the Plaintiff to prove by a preponderance of the evidence that Defendant intentionally discriminated and retaliated against her because of her gender. If Plaintiff fails to meet her burden, you must find for the Defendant.

Moore v. Potter, 02-CV-1595 (N.D.N.Y. Aug. 18, 2005) McCurn, J.

17

DEFENDANT'S PROPOSED INSTRUCTION NO. 16

BUSINESS JUDGMENT

Unless and until outweighed by evidence in the case to the contrary, you may find that private transactions have been fair and regular; that the ordinary course of business or employment has been followed; that things have happened according to the ordinary course of nature and the ordinary habits of life; and that the law has been obeyed.

You may not find for Plaintiff and reward her for past services to the Defendant because of some general feeling that she deserved better from the Marshals Service. The question for you is not whether the employee in your view was treated well or fairly. The question is whether illegal discrimination occurred.

In considering the Defendant's reasons for suspending Plaintiff, bear in mind that the Defendant is entitled to exercise its management discretion and make its own business judgments. Under the law that governs this case, the Marshals Service had the right to make decisions concerning the Plaintiff for good reasons, bad reasons or even for no reason at all, so long as its decisions were not based on unlawful discrimination.

You may not find for Plaintiff merely because you feel that the Defendant made poor, unwise, or unfair management decisions or that another supervisor may have made different decisions. The defendant does not have to show that it conducted its business in an optimum manner. In order to prevail, the Plaintiff must demonstrate that intentional discrimination was behind any adverse employment actions taken against her.

Adapted from Thornley v. Penton Pub. Inc., 104 F.3d 26, 29 (2d Cir. 1997); Dister v. Continental Group, Inc., 859 F.2d 1108, 1116 (2d Cir. 1988). *See* Moore v. Potter, 02-CV-1595 (N.D.N.Y. Aug. 18, 2005) McCurn, J.

DEFENDANT'S PROPOSED INSTRUCTION NO. 17

DEFENDANT'S SUBJECTIVE DECISIONS

In determining whether Plaintiff's gender was the reason for the Defendant's decision to suspend her, you should carefully consider any evidence of intent that may be available from the evidence that has been presented from both sides.  You should also bear in mind that in any workplace, it is often necessary for decision-makers to make subjective decisions concerning work assignments, staffing, employee abilities and experience, and other personnel matters.  It is often the case that making those personnel decisions involves determinations difficult to measure by objective standards.  The fact that a decision may be based on a subjective assessment of the employee's work performance does not make the decision intentionally discriminatory.

Fahie v. Thornburgh, 746 F.Supp. 310 (S.D.N.Y. 1990); Parcinski v. Outlet Co., 673 F.2d 34, 36-7 (2d Cir. 1982).

DEFENDANT'S PROPOSED INSTRUCTION NO. 18

MEDICAL RECORDS - BOHN'S STATEMENTS TO DOCTORS DO NOT CARRY

WEIGHT OF A MEDICAL JUDGMENT OR DIAGNOSIS

In some instances doctors and other medical professionals have written down in their medical records the plaintiff's statements about her perceived medical condition and symptoms. You may only consider these statements as evidence that Deputy Bohn related certain matters to her doctors. Even if you believe that Deputy Bohn made those statements, they are nothing more than her perceptions, as related to her doctors, and are not to be considered a medical diagnosis or professional opinion. Only the doctors' statements of diagnosis reflect professional medical judgments.

Authority

Petrocelli v. Gallison, 679 F.2d 286, 292 (1st Cir. 1982); McCormick on Evidence § 277 at 234 (5th ed. 1995)

20

DEFENDANT'S PROPOSED INSTRUCTION NO. 19

DAMAGES--GENERAL INSTRUCTIONS

If you find that Deputy Bohn has established each and every part of either her discrimination claim or her retaliation claim by a preponderance of the evidence, then you must compute the damages to which she is entitled from the defendant.

The fact that I instruct you on damages should not be taken by you as indicating one way or the other whether Deputy Bohn is entitled to recover anything.  Instructions as to the measure of damages are given to you for your guidance in the event that you find from the evidence in favor of the plaintiff on the question of liability.  In other words, you never reach the issue of damages if you find that the defendant did not discriminate or retaliate against Deputy Bohn.

Any damages you award must have a reasonable basis in the evidence.  They need not be mathematically exact, but there must be enough evidence for you to make a reasonable estimate of damages without speculation or guesswork.

Authorities

Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions, §§74.02, 85.14 (4th. ed.).

<u>DEFENDANT'S PROPOSED INSTRUCTION NO. 20</u>

<u>ACTUAL DAMAGES</u>

The purpose of awarding money damages to a plaintiff who has established the liability of a defendant is to compensate the plaintiff for injuries actually experienced that flowed as a direct and natural consequence of those acts. Therefore, you may not award damages to Deputy Bohn unless she has proved by a preponderance of the evidence that she sustained actual injury[1] <u>and</u> that such injury was proximately caused by unlawful discrimination or retaliation committed against her. Harm to Deputy Bohn that did not result from unlawful discrimination or retaliation against her does not entitle the plaintiff to money damages.

By the same token, conduct by the USMS which did not cause harm to Deputy Bohn does not entitle her to money damages, even if the conduct was illegal or may have caused harm to someone else. Damages may not be awarded based on your subjective perception of the abstract value or importance of the rights that Deputy Bohn claims were violated,[2] or be based on sympathy, speculation or guesswork.

The law also does not permit you to award any punitive damages in this case. Thus, you may not base any monetary award on a desire to punish the defendant, to prevent any unlawful discrimination or retaliation from being repeated in the future, or to warn other employers not to engage in unlawful discrimination or retaliation. Rather, any monetary award that you make must be calculated solely to provide fair compensation to Deputy Bohn for her actual injuries (if any) caused by unlawful discrimination or retaliation committed against her, and on no other basis.[3]

---

[1] <u>Memphis Comm. Schools v. Stachura</u>, 477 U.S. 299, 308 (1986).

[2] <u>Id.</u> at 310.

[3] <u>E.g.</u>, <u>Beth v. Espy</u>, 854 F. Supp. 735 (D. Kan. 1994) (no punitive damages against government under Title VII); <u>Erickson v. Hunter</u>, 932 F. Supp. 1380 (M.D. Fla. 1996) (same); <u>Smith v. Office of Personnel Management</u>, 778 F.2d 258 (5th Cir. 1985); (no liquidated damages against federal government under Age Discrimination in Employment Act); <u>Chambers v. Weinberger</u>, 591 F. Supp. 1554 (N.D. Ga. 1984) (same).

DEFENDANT'S PROPOSED INSTRUCTION NO. 21

PROXIMATE CAUSE

An injury or damages is proximately caused by an act whenever it appears from the evidence in the case that the act played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act.

Authorities

Carey v. Piphus, 435 U.S. 247, 264 (1978); Devitt, Blackmar & Wolff § 80.18 (4th ed.); Wood v. Strickland, 420 U.S. 308, 319 (1975); Modern Federal Jury Instruction § 87.03, 87-178 (1992).

DEFENDANT'S PROPOSED INSTRUCTION NO. 22

DAMAGES: COMPUTATION OF AMOUNT

If you find that Deputy Bohn suffered actual injuries as a proximate result of either discriminatory or retaliatory acts committed against her by the defendant, you must then fix the amount of money that will reasonably and fairly compensate her for such injuries.

In calculating any damages, you should not include any amounts for salary or job-related benefits that Deputy Bohn may have lost. The award of those items of damages is the Court's responsibility to determine, not yours. Accordingly, should you find the defendant liable, I will calculate and decide those amounts separately.[4]

The only potential injuries that you are permitted to consider and for which you may award reasonable compensation are emotional distress injuries, such as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life. In order to award damages for such injuries, however, you must find that the injuries were caused by the defendant's alleged discriminatory and retaliatory acts against Deputy Bohn.

Authorities

Perez v. Rodrigues Bou, 575 F.2d 21, 25 (1st Cir. 1978); Devitt, Blackmar & Wolff §§ 85.01, 85.02, 85.04.

---

[4] Section 102(b)(2) of the Civil Rights Act of 1991 excludes from compensatory damages to be awarded by a jury "backpay, interest on backpay, or any other type of relief authorized under section 706(g) of the Civil Rights Act of 1964." 42 U.S.C. § 1981a(b)(2); see also Allison v. Citgo Petroleum Corp., 151 F.3d 402, 423 n.19 (5th Cir. 1998) ("[T]he right to a jury trial provided by [42 U.S.C.] section 1981a(c) does not include the power to determine the availability of back pay or front pay. . . . These are equitable remedies to which no right to jury trial attaches."); McCue v. State of Kansas, 165 F.3d 784, 792 (10th Cir. 1999) ("Damages awarded under section 2000e-5(g) are equitable relief to be determined by the court, while damages awarded under section 1981a are legal damages that may be submitted to a jury.").

24

<u>DEFENDANT'S PROPOSED INSTRUCTION NO. 23</u>

<u>VERDICT -- UNANIMOUS -- DUTY TO DELIBERATE</u>

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges--judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

<u>Authority</u>

Devitt, Blackmar & Wolff, <u>Federal Jury Practice and Instructions</u>, § 74.01 (4th. ed.).

25

Now, again, I remind you that I have prepared a special verdict form for you to use in recording your decision.  It's composed of questions concerning the important issues in the case.  These questions are to be answered "yes" or "no."  Your answers must be unanimous and must reflect the conscientious judgment of each juror.  You should answer every question except where the verdict form indicates otherwise.

Respectfully Submitted,

MICHAEL MUKASEY, Attorney General

By his attorney,

GLENN T. SUDDABY
United States Attorney
Northern District of New York

By:＿＿＿＿＿＿＿/s/＿＿＿＿＿＿＿＿＿＿

BARBARA D. COTTRELL
Assistant U.S. Attorney
Bar Roll No. 101411 (NDNY)
218 James T. Foley U.S. Courthouse
Albany, New York 12207
(518) 431-0247