## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

—————————————————————————

CYNTHIA BOHN,

           Plaintiff

           vs.                               C.A. No. 04-10593 EFH

MICHAEL MUKASEY, in his official position as
Attorney General of the United States.

           Defendant

—————————————————————————

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiff Cynthia Bohn respectfully submits the following proposed jury instructions, reserving her right to supplement to respond to the evidence.

Respectfully submitted,

**CYNTHIA BOHN**,

By her attorney,


_____/s/ Indira Talwani_____
Indira Talwani
**SEGAL ROITMAN, LLC**
111 Devonshire Street
5th Floor
Boston, MA  02109
(617) 742-0208


Dated:  June 11, 2008

1.0  **Introduction**

In this case the Plaintiff Cynthia Bohn makes two separate claims under a Federal Civil Rights statute.

The statute prohibits employers from discriminating against an employee in the terms and conditions of employment because of the employee's race, color, religion, sex, or national origin. More specifically, Deputy Bohn claims that she was subject to a variety of adverse employment actions by the U.S. Marshals' Service because of her gender.

The statute also prohibits employers from retaliating against employees for protesting discrimination.  Here, Deputy Bohn claims that she engaged in protected conduct by filing and pursuing a complaint protesting what she considered to be gender discrimination. The Marshals' Service denies that Deputy Bohn was discriminated against in any way.

I will now instruct you more fully on the issues you must address in this case.

Model Jury Instructions, United States Court of Appeals for the Third Circuit, ¶ 5.0

2.0 **Gender Discrimination**

    2.1     In this case Deputy Bohn alleges that Marshal Dichio and his subordinates imposed on her a variety of adverse employment actions because of her gender.  In order for Deputy Bohn to recover on this discrimination claim against the Marshals' Service, she must prove that the Marshals' Service intentionally discriminated against her. Although Deputy Bohn must prove that the Marshals' Service acted with the intent to discriminate, she is not required to prove that they acted with the particular intent to violate her federal civil rights.

Model Jury Instructions, United States Court of Appeals for the Third Circuit, ¶ 5.1.1

2.2     Deputy Bohn may demonstrate through either direct or circumstantial evidence that her employer violated the statute . Desert Palace Inc. v. Costa, 539 U.S. 90 (2003).  "Circumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence." Rogers v. Missouri Pacific R. Co., 352 U.S. 500, 508, n. 17, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957); Desert Palace, Inc. v. Costa  539 U.S. 90, 100, 123 S.Ct. 2148, 2154 (U.S.,2003).

2.3    Deputy Bohn may establish a presumption of gender discrimination by establishing (1) that she is a member of a protected class; (2) that one or more adverse employment actions were taken against her; (3) that she was qualified for the positions and assignments she sought; and (4) that a similarly situated male was treated differently. *DeCaire v. Mukasey,* __ F.3d __, 2008 WL 642533, 11 (1st Cir. (2008).

2.4    Deputy Bohn alleges that she has established a presumption of gender discrimination by meeting all four of these requirements: she is a member of a protected class; she suffered one or more adverse employment actions; that she was qualified in all respects and that similarly situated males, such as Mark Lewis, Scott Kimball, Don Freeman, Kevin Roache or John Wickham were treated differently. She alleges the following adverse employment actions: her duties were substantially altered, her investigative duties were taken away from her, she was not granted advantageous assignments given to others, she was repeatedly transferred, was assigned to a rotation system, and was assigned to an oppressive work environment while on light duty in the Boston control room. *DeCaire v. Mukasey,* __ F.3d __, 2008 WL 642533, 11 (1st Cir. 2008). It is your duty to determine whether she has established the presumption.

2.5     Once the plaintiff establishes the elements of her claim the burden shifts to the government to articulate a legitimate, non-discriminatory reason for its employment actions. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973); *Feliciano de la Cruz v. El Conquistador Resort,* 218 F.3d 1 (1st Cir. 2000).

2.6    If you find that the government's stated reasons for its treatment of Deputy DeCaire were not the real reasons for its treatment of her and you find that gender discrimination was a reason you may find that the government acted unlawfully toward her. *DeCaire v. Mukasey,* __ F.3d __, 2008 WL 642533, 16 (1st Cir. 2008).

2.7     The employer has claimed that certain actions fall within an area of discretion.  That alone does not resolve the issue, as discretion may be exercised in ways which are discriminatory. *DeCaire v. Mukasey,* __ F.3d __, 2008 WL 642533, 17 (1st Cir. 2008).  You must determine if the exercise of discretion was motivated in whole or in part by her gender.

2.8    Evidence has been presented concerning actions that were taken in 2002. If you find that these actions were motivated in whole or part by gender discrimination, you may not award relief based on these actions but you may use these actions in support of later claims of gender discrimination. *DeCaire v. Mukasey,* __ F.3d __, 2008 WL 642533, __ (1st Cir. 2008).

2.9    In showing that her gender was a motivating factor for their action, Deputy Bohn is not required to prove that her gender was the sole motivation or even the primary motivation for the action. She need only prove that her gender played a motivating part in the decision even though other factors may also have motivated the Marshals' Service.

As used in this instruction, Deputy Bohn's gender was a "motivating factor" if her gender played a part in the Marshals' Service decisions with respect to her assignments.

An unlawful employment practice *is established* when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice." 42 U.S.C. § 2000e-2(m); *DeCaire v. Mukasey,* __ F.3d __, 2008 WL 642533, 15 (1st Cir. 2008).

2.10    If you find that gender discrimination was a factor in the government's decision to deny an opportunity to Deputy Bohn or to adversely impact her employment, you must find that the government is liable for gender discrimination. *DeCaire v. Mukasey,* __ F.3d __, 2008 WL 642533, 15 (1st Cir. 2008).

3.0 **<u>Retaliation</u>**

    3.1     It is unlawful for an employer to discriminate against an employee because "she has opposed any practice made an unlawful employment practice ..., or because she has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing." 42 U.S.C. § 2000e-3(a); *DeCaire v. Mukasey,* __ F.3d __, 2008 WL 642533, 15 (1st Cir. 2008).

3.2    Evidence of retaliation can be direct or circumstantial. *Colburn v. Parker Hannifin/Nichols Portland Div.,* 429 F.3d 325, 335 (1st Cir.2005); *DeCaire v. Mukasey,* __ F.3d __, 2008 WL 642533, 16 (1st Cir. 2008).

Here, Deputy Bohn claims that she has proffered both direct and circumstantial evidence of retaliation, and you may find retaliation if you are persuaded that there is retaliation, whether that is established through direct evidence, circumstantial evidence or both.

3.3    "Direct evidence" of discrimination or retaliation are "statements by a decisionmaker that directly reflect the alleged animus and bear squarely on the contested employment decision." <u>Wennik v. Polygram Group Distrib.</u>, 304 F.3d 123, 132 (1st Cir.2002); <u>Kirk v. Hitchcock Clinic</u>, 261 F.3d 75, 79 (1st Cir.2001); <u>Febres v. Challenger Caribbean Corp.</u>, 214 F.3d 57, 60 (1st Cir.2000).

3.4    In order to establish retaliation through circumstantial evidence, a plaintiff must first establish a prima facie claim of retaliation.  To do so, the Deputy Bohn must show: [f]irst, protected participation or opposition under Title VII known by the alleged retaliator; second, an employment action or actions disadvantaging persons engaged in protected activities; and third, a causal connection between the protected conduct and the adverse employment action.  *Petitti v. New England Tel. & Tel. Co.,* 909 F.2d 28, 33 (1st Cir.1990); *Mesnick v. General Electric Company,* 950 F.2d 816 (1st Cir. 1991); *DeCaire v. Mukasey,* __ F.3d __, 2008 WL 642533, 13 (1st Cir. 2008).

3.5    Concerning the first element, Deputy Bohn need not prove the merits of her underlying EEO complaint, but only that she was acting under a good faith belief that her right to be free from discrimination on the basis of gender was violated.    <u>Wyatt v. City of Boston</u>, 35 F.3d 13, 15 (1st Cir. 1994) (per curium)

3.6    Concerning the second element, conduct materially adverse if it would have dissuaded a reasonable employee standing in her shoes from making or supporting a charge of discrimination, you may find that the government engaged in unlawful retaliation. *Burlington Northern and Santa Fe Ry. v. White*, 548 U.S. 53 (2006).

3.7     Concerning the third element, that of causal connection, that connection may be shown in many ways.   Temporal proximity – that is, the time between the filing of the complaint of discrimination and subsequent adverse actions – may be considered.  *DeCaire v. Mukasey,* __ F.3d __, 2008 WL 642533, __ (1st Cir. 2008).

3.8     "The substantive gender discrimination provision seeks to prevent injury to individuals based on who they are, *i.e.,* their status. The anti-retaliation provision seeks to prevent harm to individuals based on what they do, *i.e.,* their conduct." *Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 126 S.Ct. 2405, 2412, 165 L.Ed.2d 345 (2006); *DeCaire v. Mukasey,* __ F.3d __, 2008 WL 642533, 15 (1st Cir. 2008).

It does not matter for retaliation purposes whether the Marshals Service would have treated a male deputy the same way he treated Deputy Bohn. The relevant question is whether the Marshals Service was retaliating against Deputy Bohn for filing a complaint, not whether it was motivated by gender bias at the time. *DeCaire v. Mukasey,* __ F.3d __, 2008 WL 642533, 15 (1st Cir. 2008).

3.9     If you find that Deputy DeCaire has made out a prima facie case of retaliation the burden shifts to the government to articulate a legitimate, non-discriminatory reason for its action.

3.10    The employer has claimed that certain actions fall within an area of discretion.  That alone does not resolve the issue, as discretion may be exercised in ways which are discriminatory.   Discretion may be exercised in ways which are discriminatory or retaliatory. *DeCaire v. Mukasey,* __ F.3d __, 2008 WL 642533, 17 (1st Cir. 2008).

3.11    If you find that the government adversely impacted Deputy Bohn's employment because she was viewed as disloyal because she filed an EEO complaint, you must find that the government engaged in unlawful retaliation. Engaging in protected conduct cannot as a matter of law be used as evidence of disloyalty. *DeCaire v. Mukasey,* __ F.3d __, 2008 WL 642533, 15 (1st Cir. 2008).

   3.12    If you find that the government's stated reasons for its treatment of Deputy DeCaire were not the real reasons for its treatment of her and you find that gender discrimination or retaliation were a reason you may find that the government acted unlawfully toward her. *DeCaire v. Mukasey,* __ F.3d __, 2008 WL 642533, 16 (1st Cir. 2008).

4.0  <u>Damages</u>

4.1    If you find that the Marshals' Service treatment of Deputy Bohn was motivated by both discriminatory and lawful reasons, you must decide whether Deputy Bohn is entitled to damages.   I am now going to instruct you on damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the Marshals' Service should be held liable. If you find by a preponderance of the evidence that Deputy Bohn's gender or protected activities were a motivating factor in the Marshals' Service actions, then you must consider the issue of compensatory damages.  You must award Deputy Bohn an amount that will fairly compensate her for any injury she actually sustained as a result of the Marshals' Service' conduct. The damages that you award must be fair compensation, no more and no less. The award of compensatory damages is meant to put Deputy Bohn in the position she would have occupied if the discrimination had not occurred. Deputy Bohn has the burden of proving damages by a preponderance of the evidence.

Deputy Bohn must show that the injury would not have occurred without the Marshals' Service conduct. She must also show that the Marshals' Service conduct played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of the Marshals' Service conduct. This test — a substantial part in bringing about the injury — is to be distinguished from the test you must employ in determining whether the Marshals' Service actions were motivated by discrimination. In other words, even assuming that the Marshals' Service actions were motivated by discrimination or retaliation, Deputy Bohn is not entitled to damages for an injury unless the Marshals' Service unlawful conduct actually played a substantial part in bringing about that injury.

Model Jury Instructions, United States Court of Appeals for the Third Circuit, ¶ 5.4.1

4.2     In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork.

   You may award damages for any pain, suffering, inconvenience,  mental anguish, or loss of enjoyment of life  that Deputy Bohn experienced as a consequence of the Marshals' Service conduct. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

As I instructed you previously, Deputy Bohn has the burden of proving damages by a preponderance of the evidence. But the law does not require that she prove the amount of her losses with mathematical precision; it requires only as much definiteness and accuracy as circumstances permit.

Model Jury Instructions, United States Court of Appeals for the Third Circuit, ¶ 5.4.1