UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CYNTHIA BOHN,<br><br>    Plaintiff<br><br>    vs.<br><br>MICHAEL MUKASEY, in his official position as Attorney General of the United States.<br><br>    Defendant | C.A. No. 04-10593 EFH |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUESTS TO BIFURCATE AND TO EXCLUDE WITNESSES**

Plaintiff Cynthia Bohn respectfully submits this response opposing Defendant's requests in its Trial Brief to bifurcate liability and damages and to exclude witnesses.

**I.** **The Court Should Deny Defendant's Request to Bifurcate Damages and Liability**

Defendant raised no suggestion at the pre-trial conference that this matter should be bifurcated. Instead, the issue has been raised in Defendant's Trial Memorandum. The request should be denied.

Federal Rule of Civil Procedure 42(b) provides in part that "[t]he court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue...." Courts have considered several factors in determining whether to grant a motion to bifurcate:

> (1) whether a separation of the issues for trial will expedite disposition of the action; (2) whether such separation will conserve trial time and other judicial resources; (3) whether such separation will be likely to avoid prejudice to any party at trial that may occur in the absence of separation; and (4) whether the issues are essentially independent of each other so that there will be no need to

duplicate the presentation of significant areas of the evidence in the separated proceedings.

Thorndike ex rel. Thorndike v. Daimlerchrysler Corp., 220 F.R.D. 6, 7-8 (D.Me.,2004) (citing McKellar v. Clark Equip. Co., 101 F.R.D. 93, 94 (D.Me.1984) and Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2388 (2d ed. 2003) ("Wright & Miller") ("The district judge must weigh whether one trial or separate trials best will serve the convenience of the parties and the court, avoid prejudice and minimize expense and delay.")). "The party seeking separate trials . . . has the burden of proving that separation of the cases is necessary" and "[t]he piecemeal trial of separate issues in a single lawsuit or the repetitive trial of the same issue in severed claims is not to be the usual course." Wright & Miller, § 2388.

Here, Defendant has made no showing that separation of damages and liability is necessary or even appropriate. Although Defendant asserts that bifurcation would "serve the interests of judicial economy," it offers no explanation of why or how a separation of issues for trial would expedite disposition of the action or save judicial resources, and makes no attempt to establish that two trials would not result in the duplication of significant areas of evidence in the separate proceedings. Instead, bifurcating damages and liability would lengthen the trial and result in duplication of evidence by requiring both Deputy Cynthia Bohn, and her husband, Supervisory Deputy Jeffrey Bohn, to testify twice, with the second round offering not only the facts relating to the emotional distress and the counseling she obtained in 2003 and 2008, but also necessarily recounting the series of events that are the subject of the complaint in order to tie the evidence of her distress to the unfolding events. A bifurcated trial would also lengthen the proceedings because of the necessity of instructing the jury twice, and two sets of deliberations.

Defendant complains that it will be "substantial[ly] prejudice[d]" if Plaintiff is permitted to put in evidence regarding her emotional distress prior to a finding of liability, because Plaintiff has raised other EEO claims that are pending but are not currently before this Court.  Defendant does not explain how Plaintiff's evidence concerning her emotional distress would prejudice the Defendant or why the fact that these other EEO claims have been filed has any bearing here at all, but presumably Defendant will seek to introduce evidence regarding the subsequent retaliatory actions in order to argue that any emotional distress Plaintiff suffered was the result of later retaliatory actions that are not before this jury.  Such a strategy is quite cynical in view of Defendant's opposition to Plaintiff's motion to consolidate, where Plaintiff sought to include in the instant lawsuit the District's continuing retaliatory actions in order to "make pleadings a means to achieve an orderly and fair administration of justice" (Griffin v. County School Board, 377 U.S. 218, 227, 84 S.Ct. 1226, 12 L.Ed.2d 256 (1964)) and "to promote as complete an adjudication of the dispute between the parties as is possible" (6A Wright, supra, § 1504, citing LaSalvia v. United Dairymen of Arizona, 804 F.2d 1113, 1119 (9th Cir. 1986)).  In any event, at this point, Defendant's belated concern that it will be prejudiced because these later events are the subject of a separate complaint can be addressed through an appropriate limiting instruction to the jury.

On a motion to bifurcate, "[t]he major consideration, of course, must be which procedure is more likely to result in a just and expeditious final disposition of the litigation."  Wright & Miller, § 2388.  Here, where Deputy Bohn has already been through one trial (with a decision reversed on appeal), and has been required to leave her EEO complaint regarding continuing retaliation for a separate suit, allowing the instant action to proceed without bifurcation is clearly the most likely to result in a just and

expeditious final disposition of at least the litigation before this Court. Defendant's request to bifurcate should be denied.

II.     **The Court Should Deny Defendant's Request to Exclude Witnesses**

Defendant also seeks to exclude testimony of Plaintiff's treating providers on several grounds. None is meritorious.

First, Defendant asserts that Plaintiff has violated the requirement of Federal Rule of Civil Procedure 26(a)(2) regarding the disclosure of expert witnesses. Plaintiff, however, has no intention of calling these providers as expert witnesses.

Second, Defendant accuses Plaintiff of trial "by ambush" because the amended pre-trial disclosures were filed on Friday, June 6, 2008. To the extent that Defendant's opposition is based on a claim of bad faith on the part of the Plaintiff or her counsel, it is sorely misplaced. The order setting trial for June 16, 2008 issued on May 9, 2008. Because of prior commitments, counsel was unable to begin her preparation for trial until June 2.[1] Moreover, any claim of "ambush" must be discounted in the face of Defendant's own actions in making no amendments to its pre-trial disclosures and instead listing three new witnesses in its Trial Brief filed on June 11, 2008, (including one who apparently is not limited to testimony about damages).

Defendant's suggestion that it had no idea that Plaintiff was in counseling is also disingenuous. Plaintiff's counseling has been through the Marshals Services' Employee Assistance Plan. The report of Leo F. Polizoti, Ph.D., (which references the 2003 counseling by Judith Sanditen, Psy.D.), was provided to the Marshals Service on or about

---

[1] On May 7, 2008, Plaintiff's counsel was served with a motion to dismiss in Lawson v. FMR Corp., et al., United States District Court for the District of Massachusetts, 1:08-cv-10466-DPW, with an opposition due on May 30, 2008. On May 15, 2008, Plaintiff's counsel received more than six thousand pages of documents that she needed to review for a hearing on the merits on May 30, 2008 in George Anagnostopoulos v. Department of Transportation, Merit System Protection Board Docket No. PH-0432-08-0374-1-1. Plaintiff's counsel also traveled to Seattle Washington for a conference on May 18 through May 21, where she gave a long-scheduled paper on the Family and Medical Leave Act.

May 12, 2008, and both Marshal Bonner and Assistant Chief Taylor were included in subsequent e-mails to Deputy Bohn concerning the Marshals Service's intention to schedule a psychiatric fitness for duty exam for her.

Defendant could have but did not seek to reopen discovery after it received Plaintiff's amended pre-trial disclosure on June 6. It chose not to do so. Defendant should not now be permitted to exclude Plaintiff's witnesses listed on the amended pre-trial disclosure.

## III.  CONCLUSION

For all of the foregoing reasons, the Court should deny Defendant's requests to bifurcate the trial and to exclude witnesses.

                                                Respectfully submitted,

                                                **CYNTHIA BOHN**,

                                                By her attorney,

                                                _____/s/ Indira Talwani_____
                                                Indira Talwani
                                                **SEGAL ROITMAN, LLC**
                                                111 Devonshire Street
                                                5th Floor
                                                Boston, MA  02109
                                                (617) 742-0208

Dated:  June 14, 2008