UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNTHIA BOHN,<br><br>        Plaintiff<br><br>        vs.<br><br>MICHAEL MUKASEY, in his official position as Attorney General of the United States.<br><br>        Defendant | C.A. No. 04-10593 EFH |

**PLAINTIFF'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS**

    Plaintiff Cynthia Bohn respectfully submits the following supplemental proposed jury instruction.

    Respectfully submitted,

    **CYNTHIA BOHN**,

    By her attorney,


    _____/s/ Indira Talwani_____
    Indira Talwani
    **SEGAL ROITMAN, LLC**
    111 Devonshire Street
    5th Floor
    Boston, MA  02109
    (617) 742-0208

Dated:  June 23, 2008

Adverse Employment Action instruction:

In a gender discrimination case, an employee must show that the employer took a materially adverse employment action against him. Typically, the employer must either (1) take something of consequence from the employee, say, by discharging or demoting her, reducing her salary, or divesting her of significant responsibilities, or (2) withhold from the employee an accouterment of the employment relationship, say, by failing to follow a customary practice of considering her for promotion after a particular period of service.

Adverse material changes include "disadvantageous transfers or assignments, refusals to promote, unwarranted negative job evaluations and toleration of harassment by other employees."

Under certain circumstances an employer's inaction can operate to deprive an employee of a privilege of employment that an employee had reason to anticipate he would receive; in those situations, the deprivation constitutes an adverse employment action.

Gu v. Boston Police Department, 312 F.3d 6, 14 (1st Cir. 2002); Hernandez-Torres v. Intercontinental Trading, Inc., 158 F.3d 43, 47 (1st Cir. 1998); Blackie v. State of Maine, 75 F.3d 716, 725 (1st Cir. 1996) (citing Henson v. King & Spaulding, 416 U.S. 69, 75-76, 104 S.Ct. 2229, 2233-34, 81 L.Ed.2d 59 (1984)); Petitti v. New England Telephone and Telegraph Co., 909 F.2d 28,32 (1st Cir. 1990).