UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNTHIA BOHN,<br><br>Plaintiff<br><br>vs.<br><br>MICHAEL MUKASEY, in his official position as Attorney General of the United States.<br><br>Defendant | C.A. No. 04-10593 EFH |

## DECLARATION OF MONICA HALAS IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

I, Monica Halas, declare:

1. I am a 30-year member in good standing of the bar of the Commonwealth of Massachusetts and this Court. This declaration is submitted in support of Plaintiff's Motion for Attorney's Fees and Costs.

### Background and Experience

2. Briefly summarized, my background is as follows: I am a 1978 graduate of Northeastern University Law School, and am employed by Greater Boston Legal Services, most recently as Lead Attorney, and prior to that, since 1985 as Senior Attorney, in GBLS' Employment Unit, and prior to that as a staff attorney. I am responsible for the program's employment work, which includes class litigation on systemic issues affecting the unemployed, legislative and administrative advocacy, and supervision of staff, students and volunteers on individual unemployment, discrimination and wage and hour cases. My work has been repeatedly recognized by others, most recently by designation as one of four Lead Attorneys for GBLS in 2008, ACORN, Friend of the People Award in 2003, The Women's Education and

- 2 -

Industrial Union, Every Women's Voice: 125 Women Leaders in 2002, the Massachusetts Bar Association, Access to Justice Legal Services Award in 2001, and the National Employment Law Project, Economic Justice Award, in 1999.

### Skill, Experience and Reputation of Plaintiff's Attorneys

4.    I am familiar with Segal, Roitman LLP's reputation among Boston lawyers. The firm is very highly regarded for its expertise in labor and employment law. Segal Roitman, LLP is one of few firms to whom GBLS can refer cases of low income workers. These cases can be very taxing and difficult, because of the many barriers to success, including language barriers, the large numbers of people, the complexity of the law, and the difficulty of representing workers who must work every day and are not available to counsel during normal business hours. Not all firms are able or willing to take these cases, in part because of their inherent difficulties, and in part because of the contingent nature of the work. I consider this firm to be one of the top firms in the state in terms of 1) its ability to do these cases, 2) willingness to do these cases, and 3) the sensitivity to and appreciation of the struggles faced by our clients. If we could clone them we would.

5.    Particularly with low wage workers, but in any case such as this where even a middle class person could not sustain the costs of litigation, firms take a true financial risk and very often are not compensated for all of their time or for the true value of their time. It is very important that firms such as this be adequately compensated for their efforts when they do take difficult cases that require years of litigation and trial. Otherwise, we run the risk that we will lose the limited number of firms we do have to whom we can refer work.

6.    I am also familiar with the work of lead attorney Indira Talwani. Ms. Talwani served as co-counsel with GBLS in <u>Po Chai Chan Wong, et. al. v. Power-One, Inc.</u>, Civil Action

No. 03-CV-10350-RCL, a case brought on behalf of a class of low-wage workers who had been terminated from their employment when their employer closed the manufacturing plant where they were employed without proper notice under the WARN Act. She litigated the case effectively and efficiently, resulting in a total settlement of over $300,000.00 in back pay for a class of approximately 120 low-wage workers. In <u>Coverall North America, Inc. v. Commissioner of Division of Unemployment Assistance</u>, 447 Mass. 452 (2006), Attorney. Talwani drafted an amicus brief in support of another low wage worker we represented, in a precedent-setting case regarding independent contractors. In both cases, her expert legal skill and her dedication were invaluable in our efforts to achieve fairness in the workplace.

7.  I have attached to this affidavit the fee schedule that the Massachusetts Law Reform Institute (MLRI), requests in its fee applications. MLRI is a well-respected legal services agency that provides advice and counsel statewide to legal services programs. There is a general recognition in legal services that this fees range is very modest in comparison with the private bar. As the fees requested by Segal Roitman are well within this range, they are clearly on the low end for the private bar.

8.  If called as a witness, I could and would competently testify from my personal knowledge to the facts stated herein.

I declare under penalty of perjury under the laws of the Commonwealth of Massachusetts that the foregoing is true and correct, and that this declaration is executed at Boston, Massachusetts on July 7th, 2008.

/s/ Monica Halas
Monica Halas, BBO# 015940
*Greater Boston Legal Services*
197 Friend Street
Boston, MA 02114
617/603-1666

<u>Certificate of Service</u>

      I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

      _/s/ Indira Talwani__