UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CYNTHIA BOHN,

        Plaintiff

        vs.

MICHAEL MUKASEY, in his official position as
Attorney General of the United States.

        Defendant

C.A. No. 04-10593 EFH

**DECLARATION OF INDIRA TALWANI IN SUPPORT OF PLAINTIFF'S
MOTIONS FOR REASONABLE ATTORNEY'S FEES**

I, Indira Talwani, declare:

1.    I am a member in good standing of the bar of the Commonwealth of Massachusetts and of the State of California.  I am also a member in good standing of the bar of this Court, and of the Northern, Central and Eastern Districts of California, and the First, Ninth and Tenth Circuit Court of Appeals.

**Background and Experience**

2.    I graduated, cum laude, from Harvard/Radcliffe College in 1982, and am a 1988 graduate of Boalt Hall School of Law at the University of California, Berkeley, where I was a member of the Order of the Coif, and Articles Editor of the Industrial Relations Law Journal.  I clerked for the Honorable Stanley A. Weigel of the United States District Court for the Northern District of California, and then joined the San Francisco law firm of Altshuler & Berzon (now Altshuler, Berzon LLP) where I specialized in representing unions and individual employees in employment, labor, and civil rights matters in arbitration, litigation and on appeal.  In 1996, I became a partner at that firm.  In 1999, I joined Segal, Roitman & Coleman (now Segal, Roitman LLP) in

Boston, first as of counsel, and in 2003, as a partner in the firm.  I am a senior editor of the American Bar Association and Bureau of National Affairs' treatise on the Family and Medical Leave Act.  I have lectured for the American Bar Association, the Massachusetts Bar Association and the Bar Association of San Francisco, and for numerous labor organizations and other organizations on labor and employment issues.

       3.      At Segal, Roitman, I have continued to specialize in labor and employment matters taking lead roles in numerous federal cases at both the trial and appellate level, including: JCI Communications, Inc. v. International Broth. of Elec. Workers, Local 103, 324 F.3d 42 (1st Cir. 2003) (defending arbitration award against jurisdictional challenge); American Steel Erectors, Inc. v. Local Union No. 7, 480 F.Supp.2d 471 (D. Mass. 2007) (defending union against antitrust claims) (currently on appeal); Po Chai Chan Wong, et. al. v. Power-One, Inc., Civil Action No. 03-CV-10350-RCL (representing employees in class action under WARN Act); Jackie Hosang Lawson v. FMR Corp., et al., Civil Action 08-cv-10466-DPW (representing individual employee in Sarbanes-Oxley whistleblower claim) (pending); System Local No. 102, Utility Workers Union Of America, AFL-CIO, et al. v. Allegheny Energy, Inc., et al., United States District Court for the District of Maryland, Case No. AMD 01-CV-1445 (representing union and individuals in FMLA claim), Joseph Sylvia, et al. v. City of Taunton, Civil Action 03-cv-10359 (collective action under the FLSA).  I have also taken a lead role in amicus briefs before the United States Supreme Court (Tracy Ragsdale, et al. v. Wolverine Worldwide, Inc., 535 U.S. 81 (2002) (concerning the FMLA)), the Massachusetts Supreme Judicial Court (Coverall North America, Inc. v. Commissioner of Division of Unemployment Assistance, 447 Mass. 452 (2006) (concerning independent contractors)), and the Massachusetts Court of Appeals (Town of

Bedford v. AFSCME Council 93, 69 Mass.App.Ct. 110 (2007) (concerning arbitrability issues)).  I have also continued to represent individuals as plaintiffs and unions as defendants in numerous employment discrimination matters, including before the Massachusetts Commission Against Discrimination, in state court, and in federal court.  I have been able to settle the vast majority of these employment discrimination matters.

## Summary of Hours

4. I have been the lead attorney in the instant litigation, at the administrative level, in the district court and on appeal, except from November 2003 through February 2004 when I was on maternity leave.

5. Attached hereto as Exhibit A is a chart detailing the attorneys and law students who worked on this case, their law school graduation dates, the total time expended by each attorney or law student, the time excluded from this petition, the time sought through the petition, and hourly rate sought and the total sought for their work.  Attached hereto as Exhibit B is a breakdown of the time by phase of the litigation, described in more detail below.  Attached hereto as Exhibit C are copies of the firm contemporaneous billing records maintained in the normal course of business from which the summaries of hours set forth on Exhibits A and B are derived.

## 2003:  Internal Agency EEO Process

6. Plaintiff first came to see me in March 2003, after she had already initiated EEO counseling with her agency, and had subsequently heard that the Marshal had made threatening statements concerning her career to a Brockton police officer.  I agreed to represent her despite the fact that she had not lost her job and thus had no easily ascertainable damages, because of my concern regarding the threat to her career.

7.  <u>Time included in the fee request.</u>  The 32.6 hours of my time spent in this first year was expended in connection with the internal EEO process, including filing an amended EEO claim regarding retaliation after learning of the direct evidence of retaliation in the form of the statement from Marshal Dichio to Brockton Police Officer threat to a detailed request for final agency decision.  During my maternity leave, my partner, Mary Sullivan, also spent 2.2 hours on the matter in connection with plaintiff's transfer to Worcester (found by the jury to be unlawful retaliation).

8.  <u>Time excluded from the fee request.</u>   I spent .3 hours of my time on a matter unrelated to the EEO complaint, and have excluded this time.  Ms. Sullivan also spent .9 hours in connection with Plaintiff's assignment to the control room.  The .9 hours concerning the control room assignment have been excluded as the jury did not find this assignment unlawful.

### January 1, 2004 through July 31, 2004: United States District Court

9.  <u>Time included.</u>  In the first half of 2004, my current partner (then associate) Michael Doheny drafted the complaint in the District Court (21.5 hours) and I reviewed and finalized the complaint (8.7 hours).   Mr. Doheny, Ms. Sullivan and I also spent time (1.8, 1.4 and 7.3 hours respectively) in connection with the agency's processes on the second EEO complaint (concerning the October 2003 transfer to Worcester and the assignment to the control room) and to amend the complaint in District Court to include these allegations.  Although Plaintiff prevailed on the claim concerning the transfer (part of the amended complaint), she did not prevail on the claim regarding the control room assignment, and accordingly, only 50% of this time has been included.

10.  <u>Time excluded.</u>  As noted in the previous paragraph, Mr. Doheny, Ms. Sullivan and I also spent time (1.8, 1.4 and 7.3 hours respectively) in connection with the

agency's processes on the second EEO complaint (concerning the October 2003 transfer to Worcester and the assignment to the control room) and to amend the complaint in District Court to include these allegations.  Although Plaintiff prevailed on the claim concerning the transfer (part of the amended complaint), she did not prevail on the claim regarding the control room assignment, and accordingly, 50% of this time has been excluded from the fees requested.

### August 1, 2004 – April 1, 2005:  United States District Court

11.	<u>Time included.</u>   During the discovery period, I spent 168.2 hours on: Plaintiff's initial disclosures and reviewing Defendant's initial disclosures; written discovery and reviewing Defendant's responses to that discovery; deposition of witnesses (all of whom testified at trial except Supervisory Deputies Walter Doherty and Paul Dunne and Administrative Officer William Ryan); defending Plaintiff's deposition and time spent securing discovery responses from the Defendants and related matters.  Regarding the motions to compel, I drafted letters to and conferred with Defendant's counsel in an attempt to resolve the dispute concerning Defendant's incomplete discovery responses, deposed Defendant pursuant to Rule 30(b)(6) regarding its failure to produce documents, and brought motions to compel production of EEO Complaints and Grievances of Other Employees and Investigative Files (docket 10), with a motion for clarification (docket number 17) (granted on December 22, allowing in camera inspection, and eventually, production to the Plaintiff) and motions to compel productions of documents and answers to interrogatories and for fees (docket number 12, amended by docket number 14) (granted on January 5, 2005).  With regard to the latter motion, the Court also granted Plaintiff's request for costs, stating, however, that costs

were to be assessed at the close of the action. Ms. Sullivan also spent 1.0 hours of time during this discovery phase.

12. <u>Time Excluded</u>. The time sought does not include 17.5 hours spent preparing for the deposition of Allison Hodgkins (which related primarily to matters after Plaintiff was assigned to the control room in November 2003) and traveling to Washington, DC, for the deposition of Paul Durette.

### April 5, 2005 – April 18, 2005:  United States District Court

13. <u>Time Included</u>. I spent 98.0 hours responding to Defendant's motion for summary judgment, and drafting and briefing a cross-motion for partial summary adjudication. Following hearing on May 17, 2005, Defendant's motion was denied, and Plaintiff's cross-motion for partial summary adjudication was allowed.

14. <u>Time excluded</u>. Compiling exhibits, cite-checking and other routine matters assisting on the summary judgment motion were done by a law student, but I have excluded these 16.5 hours as part of our overhead.

### April 25, 2005 – June 1, 2005:  United States District Court

15. <u>Time included.</u> From the end of April 2005, through June 1, 2005, I spent 116.6 hours, Paul Kelly spent 8 hours and Rachel Rosenbloom spent 18.2 hours in final discovery, pre-trial matters and pre-trial preparation, including: preparing pre-trial disclosures; preparing a motion to substitute party; preparing joint pre-trial statement; reviewing Defendant's pre-trial disclosures and preparing a notice of objections to Defendant's proposed exhibits; preparing an Agreed-Upon Statement of Facts with 89 stipulated facts; preparing motions in limine, attending a final pre-trial conference; preparing for and attending hearing on motion for summary judgment and cross-motion for partial summary adjudication; preparing an emergency motion to reopen discovery

concerning the inspector general's report on Marshal Dichio (granted in part in that a redacted copy of the inspector general's report was provided to Plaintiff); preparing a stipulation and request for protective order concerning documents still to be produced by Defendant; preparing an emergency motion for sanctions for Defendant's failure to obey the Court's prior discovery order (granted in part on June 2, 2005, with documents in question to be produced by second day of trial); preparing an opposition to Anthony Dichio's motion to intervene, and preparing for opening statement, and for direct examination of witnesses and cross-examination for trial.

16.     Time Excluded.  Two law students assisted in the pre-trial preparation, including performing administrative tasks and preparing deposition summaries, for a total of 48.2 hours.  I have excluded these 48.2 hours as part of our overhead.

### June 2, 2005 – November 14, 2005 United States District Court

17.     Trial commenced on June 2, 2005, and continued on seven non-consecutive days over the next few weeks, with closing arguments in July, and proposed findings of fact and conclusions of law submitted in September 2005.  Given the complicated facts at issue in the case, the proposed findings of fact and conclusions of law were extensive.  Again, additional time was necessitated due to Defendant's recalcitrance, in this case reviewing documents ordered by the Court and produced only after trial had commenced, and presenting documents that had not been produced in discovery towards the end of trial, and after trial had concluded.   During this time, I spent 232.2 hours on trial and pos-trial related matters, Paul Kelly pent 42.5 hours at trial, Ms. Sullivan spent 2.4 hours on strategy matters when it appeared that Marshal Dichio would not testify, Shelley Kroll spent 2.3 hours on legal research regarding possible injunctive relief, and Stephanie Pratt spent 9.9 hours assisting with legal research and fact

cite checking for the proposed findings of fact and conclusions of law. Two law students assisted during and after trial, including legal research. Their 58.4 hours have been excluded as part of overhead.

### 2006 - United States District Court

18.     During 2006, while we waited on a decision from the District Court, spent .9 hours on the matter, including filing a status report, conferring with opposing counsel regarding settlement, and conferring with my client.

### 2007 - United States District Court

19.     <u>Time Included.</u>  In 2007, I spent 12.1 hours of time on the case, including filing a successful motion (over Defendant's opposition) to amend the Court's decision (in order to preserve the factual record for appeal), reviewing the Court's decision and filing a notice of appeal. Mary Sullivan also spent 6.0 hours reviewing the Court's decision and strategizing for a possible appeal.

20.     <u>Time Excluded.</u>  I have excluded 3.0 hours of my time and .3 hours of Mary Sullivan's time concerning a matter that may be the subject of a supplemental claim but is not part of the instant action. I also excluded 4.2 hours of legal research time by a law student.

### March 2007- January 2008 – United States Court of Appeals

21.     The appeal of this matter involved review of a lengthy decision by the trial court, the identification of four legal errors (one regarding the gender claim and three regarding the retaliation claim), and an analysis of the trial record in order to argue that the trial court's decision was clearly erroneous on the retaliation claim. After the matter was fully briefed, the Defendant filed a motion for leave to withdraw its brief on appeal and to submit a new brief, in an attempt to better address the issues raised on appeal. The

motion was granted, and Defendant's filed an entirely different opposition brief, requiring Plaintiff to submit a new reply brief.

22. <u>Time Included</u>.  The fee petition seeks 151.0 hours for my time briefing the issues on appeal, attending settlement conferences, and oral argument.  The petition also seeks 5.0 hours for Paul Kelly's assistance in preparing for the appeal and 1.8 hours for Mary Sullivan's strategic advice regarding the appeal.

23. <u>Time Excluded.</u>  The fee petition excludes 37.7, or 20% of my time, as a rough estimate of the time spent on the gender claim.   I have also excluded .2 hours of time spent by Associate Nicole Decter because of the de minimus nature of her work on this case.  Three law students also spent time on the appeal, including researching legal issues, reviewing the factual record, and cite checking the brief.  I have excluded these 86.7 hours from the fees sought, in recognition of the inclusion of law student time in our hourly rates.

## March 13 – June 24, 2008, United States District Court

24. <u>Time Included.</u>  On remand, I spent a total of 160.5 hours on pretrial matters, including briefing the jury trial question, filing pre-trial documents, attending the final pre-trial conference, preparing for trial (including contacting and preparing trial witnesses) and reviewing trial testimony and depositions for cross-examination, and trying the case.  My partner, Paul Kelly, tried the case with me, spending a total of 82.0 hours on pre-trial preparation and the trial, including preparing witnesses examination and opening and closing statements.

25. <u>Time Excluded.</u>   During the same time, I attempted unsuccessfully to supplement the complaint.  The 26.5 hours relating to this motion and drafting of the proposed supplemental complaint have been excluded from the time sought.

If called as a witness, I could and would competently testify from my personal knowledge to the facts stated herein.

I declare under penalty of perjury under the laws of the Commonwealth of Massachusetts that the foregoing is true and correct, and that this declaration is executed at Boston, Massachusetts on July 8, 2008.

                                                                                                 /s/ Indira Talwani