UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
_____

CYNTHIA BOHN,
                          **Plaintiff,**

    v.                                             Civ. Action No. 04-10593EFH

**MICHAEL MUKASEY**, in his official
position as Attorney General of the
United States,
                          **Defendant.**

-------------------------------------------------------

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**

      In July 2004, Plaintiff filed an amended complaint in this action alleging two separate and distinct causes of action - gender discrimination under Title VII of the Civil Rights Act of 1964, and retaliation. Plaintiff alleged 11 specific allegations of gender discrimination and 11 specific allegations of retaliation in support of her complaint. Since July 2004, the United States has been engaged in the defense of each and every one of those allegations.

      Defendant prevailed as to both counts during the first trial, a bench trial before the Honorable William G. Young. Judge Young's decision was overturned on appeal and the case was remanded to the district court for a jury trial before the Honorable Edward F. Harrington. After trial, the jury found for the plaintiff as to 4 of the 11 allegations of retaliation, and for the defendant as to each of the 10 allegations of gender discrimination submitted for its consideration. Prior to the commencement of deliberations, the Court found for the defendant with regard to one of the specific allegations of gender discrimination.[1]

---

[1] Defendant has yet to determine whether an appeal will be taken.

Plaintiff has moved for the assessment of attorney's fees and costs against Defendant. The United States respectfully submits that 1) any award of attorney's fees is appropriately reduced as plaintiff is not a prevailing party as to any aspect of Count 1 of the complaint and 7 of the 11 allegations contained within Count 2 of the complaint; 2) the attorney's fees sought by plaintiff are excessive; 3) each party should be responsible for its own costs; and 4) the bill of costs submitted by plaintiff include items for which costs may not be recovered and must be reduced.

## ATTORNEY'S FEES

1.  Any Award of Attorney's Fees is Appropriately Reduced

Under prescribed circumstances, a prevailing party under Subchapter VI of the Civil Rights Act of 1964 may receive a reasonable attorney's fee at the discretion of the court. 42 U.S.C. § 2000e-5(k)(1991). However, the degree of plaintiff's overall success is the "most critical factor" in determining the reasonableness of a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983); *Farrar v. Hobby*, 506 U.S. 103, 114 (1992). Therefore, where a plaintiff fails to obtain substantial recovery on their underlying claims a reasonable fee may be no fee at all. *Farrar*, 506 U.S. at 115.

When using the lodestar method to calculate attorney fees in a civil rights case, a court usually should begin with the attorneys' contemporaneous billing records, the court then subtracts hours that are duplicative, unproductive, or excessive and multiplies the reasonable hours billed by the prevailing attorney rate in the community, and then the court may adjust the award further for any of several reasons, including the quantum of success achieved in the litigation. *Bogan v. City of Boston*, 489 F.3d 417 (1st Cir. 2007).

Where a plaintiff is successful only on a retaliation claim and the government prevails on the majority of issues, including all charges of discrimination, the Fifth Circuit has found that it would be "inequitable" for the defendant, and more successful of the two parties, to pay the plaintiff's fees in addition to its own expenses. *Adams v. Reed*, 567 F.2d 1283, 1288 (5th Cir. 1978). There, the court noted that the retaliation claim was "ancillary to the core of the complaint" which involved discrimination of the basis of sex. *Id*., at 1288-89. Therefore, although the plaintiff was technically a prevailing party, her success was not "sufficiently related to the central issue of the suit discrimination" to entitle her to attorney's fees. *Id.,* at 1289.

Here, plaintiff advanced two overarching claims - one of gender discrimination and one of retaliation. Plaintiff utterly failed to prove even one of the 11 specific allegations of gender discrimination, although the trial court ultimately allowed 10 of the 11 to be submitted to the jury for determination. The testimony of former DUSM Williams, and that of former USM McGilvary and CDUSM Bane, both of whom had departed the office prior to the earliest of the retaliation claims was entirely irrelevant to the retaliation claims. All fees claimed for the development of this unnecessary and irrelevant testimony should be rejected by the Court.[2]

Similarly, the jury found that plaintiff failed to prove 7 of the 11 specific allegations of retaliation alleged in the complaint. "A plaintiff should not be rewarded for a failed attempt to base liability on conduct that did not result in an actionable wrong to him, even if the conduct closely precedes, or follows close on the heels of, conduct that was wrongful." *Merriweather v.*

---

[2] It should be noted that the time spent in the interview/preparation of these witnesses has been included in plaintiff's billing records with other tasks. Accordingly, defendant is unable to provide the Court a specific accounting of the total time dedicated by plaintiff to this irrelevant testimony.

*Family Dollar Stores of Indiana, Inc.*, 103 F.3d 576, 583 (7th Cir. 1996) *quoting Lenard v. Argento*, 808 F.2d 1242, 1246 (7th Cir. 1987).

"A claim of discrimination and a claim of retaliation for opposing that discrimination are different. *Lenard v. Argento*, 808 F.2d 1242, 1246 (7th Cir. 1987); *Drews v. Social Development Commission*, 95 F.Supp. 2d 985, 994 (E.D. Wis. 1998)(reducing requested attorney fees by 40%). ("If not for his unsuccessful claims, the depositions would have been shorter, the parties would have had to produce less evidence, and the witnesses would have been fewer.")

Plaintiff fully controlled her manner of pleading and chose to present 22 separate allegations of wrongful conduct. Plaintiff prevailed at best, with regard to 50% of her case (Count II), and at worst, as to 18% (4 of 22 separate allegations). Had plaintiff not chosen to overplead the case, substantial time and expense would have been saved by the restriction of proof at trial to the relevant August 2002- August 2005 time frame. As noted by the Court during trial - at its essence, this matter was never one of gender discrimination, but was, according to the jury, one of retaliation for the filing of an EEO complaint. By the jury's verdict, the charge of gender discrimination was not related to, nor was it necessary to the success of plaintiff's 4 prevailing claims. *See Porter v. Cabral*, 2007WL602605 (D. Ma. 2007). Accordingly, any award of attorney's fees should be reduced by the Court by at least 50%. *See Bogan v. City of Boston*, 489 F.3d 417 (1st Cir. 2007)(reduction of attorney fee award by 50 percent due to limited success at trial was not abuse of discretion. Attorney fees are appropriately excluded from the lodestar when different claims for relief are not interconnected, that is, when the claims rest on different facts and legal theories.)

2.  The Hourly Rates Claimed by Plaintiff's Attorneys are Excessive

In *Dixson v. International Brotherhood of Police Officers*, 434 F.Supp.2d 73 (D. Mass. 2006), the court found an hourly rate of $100-150/hour appropriate for attorney assistance and $250/hour appropriate for the lead attorney in that Title VII case.  In *Porter v. Cabral*, 2007WL602605 (D.Ma. 2007) the court found the prevailing rate for an experienced lead attorney in a civil rights case to range from $250-$350/hour, and a prevailing rate of $200/hour for other attorney assistance.  In the instant matter, which falls for the most part, between the two cases in terms of date of accrual and preparation, plaintiff seeks to collect fees ranging from $200-375/hour for attorney assistance provided during the litigation and a rate of $350/hour for the lead attorney.  Defendant respectfully submits that plaintiff's attorneys are representative of the capable Massachusetts attorneys who litigate Title VII actions within the District of Massachusetts, and that the appropriate hourly rates approved in this action should, with regard to the initial bench trial and appeal, fall in line with those fees applied in *Dixon,* and with regard to the most recent jury trial, should not exceed the fees applied in *Porter*.

3.  Each Party Should Bear its own Costs

This Court has discretion to deny costs where both parties prevailed.  *Allen & O'Hara, Inc., v. Barrett Wrecking, Inc.,* 898 F.2d 512, 517 (7th Cir. 1990).  Although unsuccessful in preventing *any* recovery against it, the United States did successfully defend against all 11 gender discrimination charges contained in Count 1 of the Amended Complaint and 7 of the 11 charges of retaliation contained in Count 2.  The defense posture adopted by the United States was reasonable, and the costs of litigation borne by the United States in its successful defense of 18 of the 22 specific claims are substantially the same as those borne by plaintiff in advancing

5

her unsuccessful claims.    Although the Court permitted the question of gender discrimination to be presented to the jury, it was clear by the Court's response to the government's motions for entry of judgment as to Count 1, at the close of the plaintiff's case and again at the completion of the trial, that the Court did not consider gender discrimination a viable issue.  Ultimately, the jury confirmed the Court's impression.

Twenty-one separate questions were presented to the jury for its review and determination.  The defendant prevailed on each of the 10 gender discrimination questions presented to the jury and on 7 of the 11 retaliations questions presented to the jury.  Accordingly, it is well within the Court's discretion to direct that each party to the action assume its own costs and the United States respectfully requests such an order from the Court.  Alternatively, the United States moves for a reduction by 50% of permissible costs.

4.  Plaintiff's Bill of Costs Must be Modified

The Supreme Court has held that in awarding costs, courts may not exceed those costs available in 28 U.S.C. § 1920 absent explicit contrary authorization in an applicable substantive statute.  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987).  These enumerated costs are as follows:

1) Fees of the clerk and marshal;

2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

3) Fees and disbursements for printing and witnesses;

4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

5) Docket fees under section 1923 of [Title 28];

6) Compensation of court appointed experts, compensation of interpreters, and salaries,

fees and expenses and costs of special interpretation services under section 1828 of [Title 28].

Accordingly, defendant specifically objects to the assessment of the following costs:

| Item | Invoice or Reference | Amount |
| --- | --- | --- |
| Parking | 9687, 10068, 9972, 9921 | $121.00 |
| Postage/delivery costs | 67840, 68707, 67519<br>9687, 9822, 9938, 10047, 10043<br>28069, 9972, 9921, 8204 | $182.75 |
| Unnecessary transcript fees | 6/3/05 expedited transcript<br>Minuscript - 28069 | $ 33.00<br>$ 17.75 |
| Undocumented witness expense | Bill of Costs, p. 2 | $659.40 |
| Next day air cod - Durette deposition[3] | 43071 | $ 50.00 |
| Westlaw charges | Bill of Costs, Exhibit D | $5,431.97 |
| Massachusetts state tax | 67519, 46936, 46937,<br>67840, 47249, 8204, 48010 | $ 66.65 |
| | Total: | $6,562.52 |

*See James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 649 (S.D.Fla. 2007); *United States v. Davis*, 87 F.Supp. 2d 82, 90 (D. RI. 2000); *Johnson v. State of Rhode Island*, 2000WL303305, * 14, 16, 17 (D. RI. 2000).

Defendant respectfully submits that total costs, if any, awarded in this matter should not exceed 50% of $9,603.29, or $4,801.64.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that plaintiff's

---

[3] The delivery charge is not separated from the transcript cost. Defendant offers a reasonable deduction.

attorney's fees be adjusted as set forth above and reduced by 50% to reflect their lack of success with regard to Count 1 and substantial lack of success with regard to Count 2, that each party be ordered to bear its own costs, or alternatively, that plaintiff's costs be adjusted as set forth above and reduced by 50%.

        Respectfully submitted,

        GLENN T. SUDDABY
        UNITED STATES ATTORNEY
        Northern District of New York

        BY: _____/s/_____

        BARBARA D. COTTRELL
        ASSISTANT U.S. ATTORNEY
        Bar Roll No. 101411 (NDNY)
        218 James T. Foley U.S. Courthouse
        445 Broadway
        Albany, New York 12207
        (518)431-0247

Dated: July 22, 2008